## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' EMERGENCY MOTION FOR THE ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO PAY PRE-PETITION WAGES AND CERTAIN EMPLOYEE BENEFITS, (B) DIRECTING BANKS TO HONOR RELATED TRANSFERS, AND (C) GRANTING RELATED RELIEF

### (Emergency Hearing Requested)

### Statement of Exigent Circumstances

**The Debtors respectfully request that the Court conduct a hearing on this Motion on August 2, 2018, consistent with Local Rules 9013-1(F)[2] and 9075-1(A). The Debtors request an emergency hearing in this matter to authorize the Debtors' payment of prepetition wages and employee benefits including certain employee obligations that the Debtors fully funded for prior to the Petition Date, but which were not timely processed for payment through the banking system before the Petition Date.**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby file this emergency motion (the "Motion"), pursuant to sections 105, 363, 503, 507, and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2] The Debtors anticipate submitting the schedule required for compliance with Local Rule 9013-1(I) subject to entry of a sealing order to protect the sensitive information that is to be included therein.

1(F) and 9075-1(A) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules") for the entry of an order:  (a) authorizing the Debtors to pay all prepetition employee obligations, as described more fully herein, including related federal and state withholding obligations; (b) authorizing and directing banks and financial institutions to honor and process checks and transfers related to such payments; (c) authorizing the Debtors to honor all employee practices and pay all employee obligations in the ordinary course; and (d) providing any additional relief in order to effectuate the foregoing.  In support of this Motion, the Debtors respectfully state as follows:

**Status of the Case Status**

1.     On July 27, 2018 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

2.     The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these Chapter 11 Cases.

**Jurisdiction, Venue and Statutory Predicates**

4.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested herein are sections 105(a), 363, 503(b), 507(a)(4), 507(a)(5), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004(h), and Local Rules 9013-1(F) and 9075-1(A).

## Background

6.      The Debtors provide direct financing to small businesses across the U.S., specializing in unsecured, short-term commercial financing and merchant cash advances ("MCAs").  The Debtors' business operations are funded through private, short-term loans, which are invested in the MCAs and other funding products offered to the Debtors' customers.

7.      As a result of business and legal issues discussed in greater detail in the Debtors' *Chapter 11 Case Management Summary* [ECF No. 8], the Debtors were forced to file these Chapter 11 Cases on an exigent basis in order to address an imminent liquidity crisis and to preserve their assets and business operations for the benefit of the individual lenders and all other parties in interest.

8.      On July 27, 2018, in anticipation of and prior to the filing of these Chapter 11 Cases, the Debtors pre-funded their July 31, 2018 payroll and related benefits through an automated clearing house transaction ("ACH") in an amount of $445,913.10.  This amount was to cover wages, salaries and the related federal and state withholding taxes for the period through July 31, 2018, together with premiums for certain post-petition benefits and pre-petition benefit adjustments.

9.      For reasons unclear to the Debtors, the transaction was not timely processed through the ACH system, and on July 31, 2018, the Debtors became aware that Bridge Bank ("BB"), the bank that maintains the Debtors' accounts related to operational disbursements, froze the Debtors' accounts and put a stop payment hold on the pre-funded payroll and benefits payment.

10. Notwithstanding BB's decision to freeze the pre-funded payroll and benefit payment, on July 31, 2018, the Debtors' payroll processor, Paychex ("Paychex"), funded the Debtors' payroll, in the amount of $326,191.75, so that the Debtors' employees received their wages and salaries when expected.

11. With respect to the employee benefits premiums, the ACHs initiated by the Debtors pre-petition in an aggregate amount of $119,903.50 were rejected due to BB's freeze of the Debtors' accounts. The majority of the pre-funded ACHs were for post-petition benefits that should be paid in the ordinary course as administrative expenses of the Debtors' estate. The remainder of the benefit ACHs were on account of adjustments for pre-petition benefits. All of these outstanding benefit obligations should be paid notwithstanding the filing of these Chapter 11 Cases.

## Relief Requested

12. By this Motion, the Debtors request this Court enter an order (a) authorizing the Debtors to pay all prepetition employee obligations, including related federal and state withholding obligations; (b) authorizing and directing banks and financial institutions to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' bank accounts related to such payments; and (c) authorizing the Debtors to honor all employee practices and pay all employee obligations in the ordinary course.

13. As part of the foregoing relief, the Debtors seek the Court's authority to reimburse Paychex for funding the Debtors' July 31, 2018 payroll, which (i) should have been satisfied by the prepetition ACH transfer; and (ii) resulted in the avoidance of significant hardship for those employees who depend upon the timely payment of their wages or salaries.

14.     The relief requested by this Motion will enable the Debtors to maintain employee morale during this critical time, retain their current employees and minimize the personal hardship such employees may suffer should the prepetition employee-related obligations not be paid when due or otherwise honored as expected.  In addition, the relief requested will maintain the significant and vital business relationship with Paychex, who in the face of the freeze of the payroll funding ACH stepped in to satisfy this critical employee obligation.

## I.     Employees

15.     As will be detailed more fully in a forthcoming declaration in support of the Motion, Debtor 1 Global Capital LLC ("1GC") is the Debtors' primary operating entity.   Debtor 1 West Capital LLC does not have operations outside of California or employees.   While the Debtors conduct business in numerous jurisdictions, the Debtors' operations are primarily in Florida.

16.     As of the Petition Date, 1GC's workforce is comprised of approximately 100 employees (the "Employees").[3]  The majority of the Employees work full-time (at least 30 hours per week).

## II.     Employee Obligations and Withholding Obligations

### A.     Wages and Payroll Obligations

#### i.     Paychex

17.     Paychex, Inc. ("Paychex") serves as 1GC's payroll processor and performs all services related to 1GC's Employee payroll, including servicing Payroll Taxes (defined below), garnishment, and other withholdings.   Paychex makes separate draws against 1GC's payroll account to cover the amounts necessary to satisfy 1GC's payroll obligations for that pay period.

---

[3]    The Debtors may also utilize the services of independent contractors.  To the extent applicable, the Debtors request that the relief requested in this Motion also apply to any such persons or entities.

Paychex then processes direct deposit transfers or checks, as applicable, to 1GC's Employees and other applicable payees.

18.     Continued use of Paychex's services is essential to the Debtors' entry into chapter 11 as it will ensure there is no disruption in payment of Wages and Payroll Taxes.  By this Motion, the Debtors request the authority to pay any prepetition amounts owed to Paychex and to continue paying Paychex their service fees in the ordinary course of business.

> ii.     *Wages*

19.     Employees are paid wages or salaries (collectively, the "Wages") semi-monthly. 1GC's semi-monthly payroll for Wages is currently approximately $330,000.  The Debtors' most recent payroll payment was made on July 31, 2018.  The next payroll payment is scheduled for August 15, 2018.

20.     Due to Paychex stepping in to fund the Debtors' payroll, as of the Petition Date no Wages are accrued and owed to Employees.  In any event, the Debtors fully funded the Wages prior to the Petition Date through the ACH transaction, the consummation of which should have occurred notwithstanding the filing of these Chapter 11 Cases.  The Debtors are not aware that any of the Wages would be in excess of the otherwise applicable statutory cap on priority wages of $12,850.00 per person (the "Statutory Cap") were these payments deemed to have been made by the Debtors after the Petition Date.

21.     By this Motion, the Debtors request that the Court (a) authorize the reimbursement of the Wages to Paychex, or in the alternative deem the ACH transaction to have been consummated prior to the Petition Date, and (b) authorize the Debtors to continue to pay Wages in the ordinary course of business.

    *iii.*  *Withholding Obligations*

22. 1GC is required to withhold federal, state, and local taxes from Wages (the "Employee Taxes") for remittance to appropriate taxing authorities (the "Taxing Authorities"). Additionally, 1GC is required to pay social security and Medicare/Medicaid taxes as well as additional amounts for state and federal unemployment insurance based on a percentage of gross payroll, subject to state-imposed limits (together with the Employee Taxes, the "Payroll Taxes").

23. Paychex remits the Payroll Taxes, which are included with 1GC's funding of payroll, directly to the Taxing Authorities on behalf of 1GC.

24. The Debtors seek authority to (i) honor and process the prepetition obligations with respect to the Payroll Taxes relating to the Wage payments addressed above; and (ii) continue honoring Payroll Taxes in the ordinary course.

## II. Employee Benefits

### A. Employee Benefit Plans

25. 1GC has established certain benefit plans for eligible Employees that provide, among other benefits, medical, dental and vision insurance, life insurance, disability insurance, retirement plans and other benefits (collectively, the **"Employee Benefit Plans"**).

26. Beginning on the 1st of the month after completing 60 full days of employment, full-time Employees are eligible for medical, dental and/or vision insurance. Eligible Employees and their dependents are offered medical coverage through plans administered by FloridaBlue (the "Blue Cross Medical Plans"). With respect to the various Blue Cross Medical Plans, on July 30, 2018, the Debtors initiated four separate ACHs in the following amounts: (i) 48,831.81, (ii) $19,681.34, (iii) 10,035.77, and (iv) $2,749.14; payments (i) through (iii) were made on account of premiums due for post-petition benefits while payment (iv) was made pursuant to an adjustment to

benefits provided in July.  As set forth above, though funded by the Debtors prepetition, the ACH transaction did not clear prior to the filing of these Chapter 11 Cases.  Unlike Wages, however, these amounts were to be funded directly to the benefits providers, and were not satisfied by Paychex.  Accordingly, they remain unpaid.

27.    Full-time Employees are also eligible to receive dental, vision, life and disability insurance through plans administered by Guardian (the "Guardian Benefit Plans").[4]  With respect to the Guardian Benefit Plans, the Debtors initiated an ACH prepetition in the amount of $38,605.44 on account of premiums due for post-petition benefits, which payment was also waylaid and remains unpaid.

28.    1GC provides basic life insurance to full-time Employees.  Employees are eligible for life insurance benefits beginning on the 1st of the month after completing 30 full days of employment.  The benefit is equal to an Employee's annualized base rate.  The cost of coverage for basic life insurance is paid for in full by 1GC.  Employees may choose to supplement this insurance by purchasing a voluntary term life plan.

29.    By this Motion, the Debtors request the Court (i) authorize the Debtors' prepetition payments on account of the Employee Benefits Plans or, in the alternative, deem the applicable ACH transactions to have been consummated prior to the Petition Date, (ii) authorize and direct the Debtors' banks and financial institutions to honor and process all transactions initiated by the Debtors for payments relating to the Employee Benefits Plans, and (iii) authorize the Debtors to continue to maintain and honor the Employee Benefits Plans and pay all amounts owing in connection therewith in the ordinary course.

---

[4]    1GC also offers eligible Employees the opportunity to enroll in short-term and long-term disability benefits.  Participation in any such insurance plans is fully-funded by the participating Employees.

**B.    Paid Time Off and Sick Leave**

30.    Full-time Employees begin to accrue paid time off ("PTO") as soon as they begin working at 1GC, which they may utilize after completing 90 days of continuous employment.  Part-time and temporary Employees are not eligible for PTO.  Up to 5 days of unused accrued PTO may be paid out upon an Employee's departure.  Following 90 days of continuous employment, full-time Employees receive 3 days of paid sick leave ("Sick Leave") per calendar year.  Sick Leave may not be carried over from one year to the next, and unused Sick Leave is forfeited upon an Employee's departure.

31.    By this Motion, the Debtors request authority, in their discretion, to (i) honor an Employee's accrued prepetition PTO and Sick Leave and (ii) continue observing the Debtors' PTO, Sick Leave and related policies that were in place prepetition in the ordinary course.

**Basis for Relief Requested**

32.    This Court may grant the relief requested herein pursuant to sections 105(a), 363(b) and 363(c) of the Bankruptcy Code and the "necessity of payment" doctrine (discussed below).  11 U.S.C. §§ 105(a), 363(b) and (c).  Section 363(b)(1) of the Bankruptcy Code states in pertinent part that:  "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."  11 U.S.C. § 363(b)(1).  If the debtor's determination to use estate assets represents a reasonable business judgment, the Court should approve such use.  Furthermore, as noted in the *Expedited Motion of the Debtors for Entry of an* Ex Parte *Order Scheduling a Status Conference* [ECF No. 6], the Debtors have no secured lender and, accordingly, do not believe that they need authority to use cash collateral within the definition or scope of section 363 of the Bankruptcy Code.

33.     Courts in this district routinely approve the payment of prepetition claims of employees for wages, salaries, commissions, expenses and benefits on the basis that payment of such claims is necessary to effectuate a successful reorganization or liquidation.  *See, e.g.*, *In re Adinath Corp. and Simply Fashion Stores, Ltd.*, Case No. 15-16885-LMI (Bankr. S.D. Fla. April 17, 2015); *In re Realauction.com, LLC*, Case No. 13-28260-RBR (Bankr. S.D. Fla. August 6, 2013); *In re Gulfstream Intern. Group, Inc., et al.*, Case No. 10-44131 (JKO) (Bankr. S.D. Fla. Nov. 8, 2010).  Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

34.     Moreover, the "necessity of payment" doctrine authorizes the relief requested in this Motion because the Employees are indispensable to both the Debtors' operations and the successful resolution of these Chapter 11 Cases, and their morale directly affects their effectiveness and productivity.  As the Debtors rely heavily on their Employees, a failure to continue to satisfy Employee obligations without disruption is essential.  Consequently, it is critical that the Debtors continue, in the ordinary course, those personnel policies, programs, and procedures that were in effect prior to the Petition Date.

35.     Further, as discussed above, the Debtors fully funded certain Wages and Employee Benefit Plans prior to the Petition Date.  As such payments were fully funded by the Debtors in advance of the filing of these Chapter 11 Cases and were not consummated only due to an ACH delay, the Debtors submit that such funds should be deemed to have been transferred prepetition.

36.     A loss of employee morale and goodwill at this juncture would undermine the Debtors' stability and would undoubtedly have an adverse effect on the Debtors, their customers, the value of their assets and business, and their ability to achieve their objectives in chapter 11.  As

noted by the court in *In re Equalnet Communications Corp.*, 258 B.R. 368 (Bankr. S.D. Tex. 2000), "[t]he need to pay [pre-petition employee wage] claims in an ordinary course of business time frame is simple common sense. Employees are more likely to stay in place and to refrain from actions which could be detrimental to the case and/or the estate if their pay and benefits remain intact and uninterrupted." *Id.* at 370.

37.    In addition, the Debtors believe that the unpaid Wages and other benefits earned within 180 days of the Petition Date that the Debtors seek to pay (and, with respect to the Wages, reimburse Paychex for) are entitled to priority status under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, and individually, do not exceed Statutory Cap.

38.    As part of the foregoing relief, the Debtors also seek authority to pay all benefits-related withholding obligations. Often, the monies payable for amounts held in trust, like the benefits-related withholding obligations, generally are not property of a debtor's estate. *See Begier v. IRS*, 496 U.S. 53, 59 (1990) (because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not "property of the estate"). The failure to transfer these withheld funds could result in hardship to certain Employees or others. Furthermore, if the Debtors cannot remit these amounts, the Employees may face legal action due to the Debtors' failure to submit these payments.

39.    The relief requested in this Motion is necessary for the viability of the Debtors' business and maximization of the value of the Debtors' assets. Accordingly, the Debtors submit that the relief sought herein is consistent with sections 105(a), 503, 507, and 541 of the Bankruptcy Code.

**Bankruptcy Rule 6003 Is Satisfied and Request for Waiver of Stay**

40.     The Debtors further submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

41.     Specifically, Bankruptcy Rule 6003 provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following: . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001 . . . .

Fed. R. Bankr. P. 6003.

42.     The Debtors further seek a waiver of any stay of the effectiveness of an order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth above, the relief requested herein is essential to prevent irreparable damage to the Debtors' operations, going concern value, and their efforts to pursue a resolution to these Chapter 11 Cases.

43.     Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rules 6003 and 6004(h).

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order in the form attached hereto granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  August 1, 2018                                   GREENBERG TRAURIG, LLP

                                                          */s/ Paul J. Keenan Jr.*
                                                          Mark D. Bloom
                                                          Fla. Bar No. 303836
                                                          bloomm@gtlaw.com

                                                          Paul J. Keenan Jr.
                                                          Fla. Bar No. 0594687
                                                          keenanp@gtlaw.com

                                                          John R. Dodd
                                                          Fla. Bar No. 38091
                                                          doddj@gtlaw.com

                                                          333 S.E. 2nd Avenue, Suite 4400
                                                          Miami, Florida 33131
                                                          Tel: 305-579-0500
                                                          Fax: (305) 579-0717

                                                          *Proposed Counsel for the Debtors*
                                                          *and Debtors-in-Possession*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on August 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail or UPS overnight mail, as indicated, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        */s/ Paul J. Keenan Jr.*
                                        Paul J. Keenan Jr.

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case via NEF.

- David W Baddley on behalf of Creditor U.S. Securities and Exchange Commission
  baddleyd@sec.gov

- Mark D. Bloom, Esq. on behalf of the Debtors
  bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

- John R. Dodd, Esq. on behalf of the Debtors
  doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

- Paul J. Keenan, Jr., Esq. on behalf of the Debtors
  keenanp@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

- Ari Newman, Esq. on behalf of the Debtors
  newmanar@gtlaw.com, crossmann@gtlaw.com; mialitdock@gtlaw.com;
  miaecfbky@gtlaw.com

- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

- Paul J Pascuzzi on behalf of Creditor Life Co Insurance Services
  & Retirement Planning, Inc.
  ppascuzzi@ffwplaw.com, phillip@telehilladvisors.com,lnlasley@ffwplaw.com

The following is the list of parties who have received a copy of the foregoing by electronic mail:

| **<u>Counsel for Bridge Bank</u>** | **<u>DOJ/US ATTY</u>** |
|---|---|
| Monique D. Jewett-Brewster, Esq. | U.S. Attorney's Office |
| Hopkins & Carley | Attn: Jerrob Duffy, Esq. |
| 70 South First Street | 99 N.E. 4th Street |
| San Jose, California 95113 | Miami, FL  33132 |
| mjb@hopkinscarley.com | jerrob.duffy@usdoj.gov |

**SEC**

U.S. Securities and Exchange Commission
Miami Regional Office
Attn: Christopher E. Martin
801 Brickell Avenue, Suite 1800
Miami, FL 33131
MartinC@sec.gov

U.S. Securities and Exchange Commission
Attn: Gary M. Miller, Esq.
801 Brickell Ave, Suite 1800
Miami, FL 33131
millergm@sec.gov

**Manual Notice List**

The following is the list of parties who are not on the list to receive email notice/service
for this case (who therefore require manual noticing/service).

Christopher Blackstone
19630 Southern Hills Avenue
Baton.Rouge, LA 70809

Kara H. May IRA
120 Santee Way
Loudon, TN 37774-2123

James A. Lochtefeld
8521 E 700 S
Union City, IN 47390

Christopher Shealy IRA
1017 Leah Dr.
Cary, IL 60013

Russell Rasner and Kimberly Ann
Rasner Joint Living Trust dtd I 0-3-17
13241 Wood Duck Dr.
Plainfield, IL 60585

Stephen F. Sawa IRA
552 Carrington Blvd.
Lenoir City, TN 37771

Snow Flakes Ltd
20165 NE 39 Place
Aventura, FL 33180

Estate of Lloyd Ralph Albers
212 Long Bow Rd.
Knoxville, TN 37934

Frank Rimi IRA
355 Lake George Rd.
Oakland, MI  48363

Diversified Holdings LTD
17822 17th Street, Suite 208
Tustin, CA 92780

Steven Ross Shelton IRA
6425 Seaside Dr.
Loveland, CO 80538

Khosrow Sohraby IRA
13172 Connell Drive
Overland Park, KS 66213

Richard and Cynthia Davis
1008 Hwy K
O'Fallon, MO 63366

Donald Stec IRA
2609 Oleander Way
Knoxville, TN 37931

Charles Carpenter and Patricia Carpenter
299 Cardinal Street
Maryville, TN 37803

Lilia A. Bautista IRA
604 Crestwicke Ln
Knoxville, TN 37934

Charles Carpenter IRA
299 Cardinal Street
Maryville, TN 37803

Edward C. Smith IRA 749199
3137 Hollingworth
West Covina, CA 91792

Geoffrey Lipman
5 Arthur Grumiaux
1640 Rhode Saint Genese
Brussels, Belgium

Allen G. Meek IRA
PO Box 1291
Seymour, TN 37865

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Attorney's Office
500 E. Broward Blvd.
Ft. Lauderdale, FL 33394

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road
Suite 900
Atlanta, GA 30326-1382

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Joint Administration Requested) |

**ORDER (A) AUTHORIZING THE DEBTORS TO PAY PRE-PETITION WAGES AND**
**CERTAIN EMPLOYEE BENEFITS, (B) DIRECTING BANKS TO HONOR RELATED**
**TRANSFERS, AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion [ECF No.  ___] (the "Motion")[2] filed by the above-

captioned debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105, 363, 503,

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

507 and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004(h) and Local Rules 9013-1(F) and 9075-1(A), seeking entry of an order: (a) authorizing the Debtors to pay all prepetition employee obligations, including related federal and state withholding obligations; (b) authorizing and directing banks and financial institutions to honor and process checks and transfers related to such payments; (c) authorizing the Debtors to honor all employee practices and pay all employee obligations in the ordinary course; and (d) providing any additional relief in order to effectuate the foregoing; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, but not directed, to honor and pay all prepetition Wages, Employee Benefits Plans and related withholdings, in accordance with the Debtors' stated policies, as fully set forth in the Motion and in the ordinary course of the Debtors' businesses; *provided*, *however*, that payments to or on behalf of the Employees on account of any prepetition obligations shall not exceed the amounts afforded priority status by any applicable provisions of section 507 of the Bankruptcy Code, including sections 507(a)(4) and 507(a)(5).

2

3.      The Debtors are authorized to reimburse Paychex for funding the prepetition Wages to the Debtors' Employees.

4.      The Debtors are authorized, but not directed, to maintain and continue to utilize the payroll services of Paychex in the ordinary course of business, and to pay any prepetition obligations in connection therewith.

5.      The Debtors are authorized, but not directed, to make postpetition payments in connection with the foregoing in the ordinary course of business.

6.      All of the Debtors' banks are authorized and directed to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' payroll and disbursement accounts related to Wages, Employee Benefit Plans, and other benefits and withholding obligations authorized by this Order, whether presented before or after the Petition Date, including, for the avoidance of doubt, in the Debtors' ordinary course of business, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

7.      To the extent that any employment or related agreements may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, the Debtors do not, at this time, seek authority to assume such contracts, and no relief is granted in respect thereof.

8.      Nothing herein shall be deemed to authorize (i) the payment of any amounts in satisfaction of bonus or severance obligations, which are subject to section 503(c) of the Bankruptcy Code; or (ii) the payment of any amounts owing to any retired or former employees under any supplemental executive retirement plan or otherwise.

9.      Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

3

10.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

# # #

**Submitted by**:

Paul J. Keenan Jr., Esq.
Fla. Bar. No. 594687
keenanp@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: 305-579-0500

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*

(*Attorney Keenan is directed to serve copies of this order and file a certificate of service.*)

4