**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>1 GLOBAL CAPITAL LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-19121-RBR<br><br>(Joint Administration Requested) |

**DEBTORS' EXPEDITED MOTION TO FILE UNDER SEAL THE**
**SCHEDULE TO EMPLOYEE WAGE AND BENEFIT MOTION**

**Expedited Hearing Requested**

**Basis for Request for Expedited Hearing**

The Debtors respectfully request the Court conduct an expedited hearing on this Motion. The Debtors have filed, on an emergency basis, a wage/benefit motion which, in part, provides that personal wage-related information required under Local Rule 9013-1(I) would be filed separately subject to the entry of an order authorizing leave of Court to file under seal. Therefore, this matter should be heard simultaneously with the wage/benefit motion.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seek, on an expedited basis, entry of an order, in substantially the form annexed hereto as **Exhibit A**, authorizing the Debtors to file and the Court to maintain under seal the schedule containing information required by Local Rule 9013-1(I)(1) (the "Employee Schedule") prepared in connection with the *Debtors' Emergency Motion for Entry of An Order (A) Authorizing the Debtors to Pay Pre-Petition Wages and Certain Employee Benefits, (B) Directing Banks to Honor Related Transfers, and (C) Granting Related Relief* [ECF No. 19] (the "Wage/Benefit Motion"). In support of this Motion, the Debtors rely upon the *Declaration of Joseph Luzinski in Support of the*

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

*Debtors' Emergency Motion for Entry of An Order (A) Authorizing the Debtors to Pay Pre-Petition Wages and Certain Employee Benefits, (B) Directing Banks to Honor Related Transfers, and (C) Granting Related Relief* (the "Luzinski Declaration") which will be filed with the Court on the date hereof and is incorporated herein by reference, and respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a), 1107(a) and 1108 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Local Rule 9013-1(I)(1).

### Background

4. On July 27, 2018 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these Chapter 11 Cases.

7. Additional details and background regarding the Debtors' business and operations and the events precipitating the commencement of these Chapter 11 Cases can be found in the *Chapter 11 Case Management Summary* [ECF No. 8], which is incorporated herein

by reference.

### Relief Requested

8. On the date hereof, the Debtors filed the Wage/Benefit Motion. In connection with the filing of the Wage/Benefit Motion, Local Rule 9013-1(I) requires that, with respect to proposed payment of pre-petition wages or compensation, a debtor disclose, among other things, (a) the names of the employees to whom wages or compensation are sought to be paid, (b) the amounts due such employees as of the bankruptcy filing, (c) the amounts to be withheld from such wages or compensation, including all applicable payroll taxes and related benefits, (d) the period of time for which pre-petition wages or compensation are due, (e) whether the employee is presently employed by the debtor, and (f) whether any of the employees are insiders as defined in Section 101(31) of the Bankruptcy Code.

9. Consequently, absent specific relief to the contrary, the Debtors will be required to make publicly known the salaries of the Debtors' approximately 100 employees. Making payroll information available to all of the employees and the general public may cause widespread employee anxiety and discord, particularly if employees are earning disparate compensation. For this reason, the Debtors file this Motion seeking limited relief to file the Employee Schedule containing personal, sensitive information under seal.

### Authority for the Relief Requested

10. Section 107(b) the Bankruptcy Code, as effectuated through Bankruptcy Rule 9018, provides the mechanism though which a bankruptcy court can, if justice so requires, protect an entity with respect to "commercial information." Local Rule 5005-1(A)(4) provides the mechanism for the Court to authorize the filing of papers under seal, such as the Employee Schedule.

11.     The information required by Local Rule 9013-1(I)(1) constitutes "commercial information" that should be protected to help facilitate these Chapter 11 Cases and minimize disruption in the conduct of the Debtors' business.  The Debtors believe that it is important for the business's continued operations for their employees to not be side-tracked by compensation information that may be misinterpreted, thereby causing widespread employee anxiety and discord, as well as the release of commercial information of the privately-held Debtors.

12.     Accordingly, the Debtors respectfully request authority to file under seal the Employee Schedule.  Pursuant to Local Rule 5005-1(A)(4), if the relief requested herein is granted, the Debtors will comply with the requirements therein.

13.     The Debtors respectfully request that the Employee Schedule be maintained under seal even after the administrative closing of the Chapter 11 Cases, or in any conversion to chapter 7 cases.

14.     Undersigned counsel has not yet conferred with the Office of the United States Trustee as to the relief requested herein.[2]

**WHEREFORE,** the Debtors respectfully request entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Debtors to file the Employee Schedule, under seal, directing the Clerk to maintain the Employee Schedule under seal even after the administrative closing of these Chapter 11 cases or in any converted Chapter 7 cases, and granting such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

---

[2] In advance of a hearing on this Motion, the Debtors intend to provide a copy of the Employee Schedule to the United States Trustee and can provide the same to counsel for any official committee of unsecured creditors upon it appointment.

Dated: August 1, 2018,	Respectfully submitted,

GREENBERG TAURIG, LLP

*/s/ John R. Dodd*
Mark D. Bloom
Fla. Bar. No. 303836
bloomm@gtlaw.com

Paul J. Keenan Jr.
Fla. Bar No. 0594687
keenanp@gtlaw.com

John R. Dodd
Fla. Bar No. 38091
doddj@gtlaw.com

Ari Newman
Fla. Bar No. 56575
newmanar@gtlaw.com

333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: 305-579-0500

*Proposed Counsel for the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail or UPS overnight mail, as indicated, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ John R. Dodd*
John R. Dodd

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case via NEF.

- David W Baddley on behalf of Creditor U.S. Securities and Exchange Commission
  baddleyd@sec.gov

- Mark D. Bloom, Esq. on behalf of the Debtors
  bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

- John R. Dodd, Esq. on behalf of the Debtors
  doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

- Paul J. Keenan, Jr., Esq. on behalf of the Debtors
  keenanp@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

- Ari Newman, Esq. on behalf of the Debtors
  newmanar@gtlaw.com, crossmann@gtlaw.com; mialitdock@gtlaw.com; miaecfbky@gtlaw.com

- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

- Paul J Pascuzzi on behalf of Creditor Life Co Insurance Services & Retirement Planning, Inc.
  ppascuzzi@ffwplaw.com, phillip@telehilladvisors.com,lnlasley@ffwplaw.com

The following is the list of parties who have received a copy of the foregoing by electronic mail:

| **Counsel for Bridge Bank** | **DOJ/US ATTY** |
|---|---|
| Monique D. Jewett-Brewster, Esq.<br>Hopkins & Carley<br>70 South First Street<br>San Jose, California 95113<br>mjb@hopkinscarley.com | U.S. Attorney's Office<br>Attn: Jerrob Duffy, Esq.<br>99 N.E. 4th Street<br>Miami, FL  33132<br>jerrob.duffy@usdoj.gov |

**SEC**

U.S. Securities and Exchange Commission
Miami Regional Office
Attn: Christopher E. Martin
801 Brickell Avenue, Suite 1800
Miami, FL 33131
MartinC@sec.gov

U.S. Securities and Exchange Commission
Attn: Gary M. Miller, Esq.
801 Brickell Ave, Suite 1800
Miami, FL 33131
millergm@sec.gov

**Manual Notice List**

The following is the list of parties who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Christopher Blackstone
19630 Southern Hills Avenue
Baton.Rouge, LA 70809

James A. Lochtefeld
8521 E 700 S
Union City, IN 47390

Russell Rasner and Kimberly Ann
Rasner Joint Living Trust dtd I 0-3-17
13241 Wood Duck Dr.
Plainfield, IL 60585

Snow Flakes Ltd
20165 NE 39 Place
Aventura, FL 33180

Frank Rimi IRA
355 Lake George Rd.
Oakland, MI  48363

Steven Ross Shelton IRA
6425 Seaside Dr.
Loveland, CO 80538

Richard and Cynthia Davis
1008 Hwy K
O'Fallon, MO 63366

Kara H. May IRA
120 Santee Way
Loudon, TN 37774-2123

Christopher Shealy IRA
1017 Leah Dr.
Cary, IL 60013

Stephen F. Sawa IRA
552 Carrington Blvd.
Lenoir City, TN 37771

Estate of Lloyd Ralph Albers
212 Long Bow Rd.
Knoxville, TN 37934

Diversified Holdings LTD
17822 17th Street, Suite 208
Tustin, CA 92780

Khosrow Sohraby IRA
13172 Connell Drive
Overland Park, KS 66213

Donald Stec IRA
2609 Oleander Way
Knoxville, TN 37931

Charles Carpenter and Patricia Carpenter
299 Cardinal Street
Maryville, TN 37803

Lilia A. Bautista IRA
604 Crestwicke Ln
Knoxville, TN 37934

Charles Carpenter IRA
299 Cardinal Street
Maryville, TN 37803

Edward C. Smith IRA 749199
3137 Hollingworth
West Covina, CA 91792

Geoffrey Lipman
5 Arthur Grumiaux
1640 Rhode Saint Genese
Brussels, Belgium

Allen G. Meek IRA
PO Box 1291
Seymour, TN 37865

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Attorney's Office
500 E. Broward Blvd.
Ft. Lauderdale, FL 33394

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road
Suite 900
Atlanta, GA 30326-1382

**<u>Exhibit A</u>**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| In re: | Chapter 11 |
|---|---|
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Joint Administration Requested) |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION TO FILE UNDER SEAL
THE SCHEDULE TO EMPLOYEE WAGE AND BENEFIT MOTION**

THIS MATTER came before the Court upon the *Debtors' Emergency Motion to File Under Seal the Schedule to Employee Wage and Benefit Motion* [ECF No. __] (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). The

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2] Any term not defined herein shall have the meaning ascribed to it in the Motion.

Motion seeks entry of an order authorizing the Debtors to file a schedule identifying, among other things, employees and their respective compensation under seal.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

    **ORDERED** as follows:

    1.    The Motion is **GRANTED**.

    2.    The Debtors are authorized to file, under seal, the Employee Schedule.

    3.    The Employee Schedule shall be maintained under seal even after the administrative closing of these chapter 11 cases, or in any conversion to chapter 7 cases.

4.	The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

#	#	#

<u>Submitted by</u>:

John R. Dodd, Esq.
Fla. Bar. No. 38091
doddj@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

(*Attorney Dodd is directed to serve copies of this Order upon all interested parties and to file a Certificate of Service with the Court.*)