

**ORDERED in the Southern District of Florida on August 2, 2018.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Joint Administration Requested) |

**ORDER (A) AUTHORIZING THE DEBTORS TO PAY PRE-PETITION WAGES AND CERTAIN EMPLOYEE BENEFITS, (B) DIRECTING BANKS TO HONOR RELATED TRANSFERS, AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion [ECF No. 19] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105, 363, 503,

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

507 and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004(h) and Local Rules 9013-1(F) and 9075-1(A), seeking entry of an order: (a) authorizing the Debtors to pay all prepetition employee obligations, including related federal and state withholding obligations; (b) authorizing and directing banks and financial institutions to honor and process checks and transfers related to such payments; (c) authorizing the Debtors to honor all employee practices and pay all employee obligations in the ordinary course; and (d) providing any additional relief in order to effectuate the foregoing; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to honor and pay all prepetition Wages, Employee Benefits Plans and related withholdings, in accordance with the Debtors' stated policies, as fully set forth in the Motion and in the ordinary course of the Debtors' businesses; *provided, however*, that payments to or on behalf of the Employees on account of any prepetition obligations shall not exceed the amounts afforded priority status by any applicable provisions of section 507 of the Bankruptcy Code, including sections 507(a)(4) and 507(a)(5).

3. The Debtors are authorized to reimburse Paychex for funding the prepetition Wages to the Debtors' Employees.

4. The Debtors are authorized, but not directed, to maintain and continue to utilize the payroll services of Paychex in the ordinary course of business, and to pay any prepetition obligations in connection therewith.

5. The Debtors are authorized, but not directed, to make postpetition payments in connection with the foregoing in the ordinary course of business.

6. All of the Debtors' banks are authorized and directed to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' payroll and disbursement accounts related to Wages, Employee Benefit Plans, and other benefits and withholding obligations authorized by this Order, whether presented before or after the Petition Date, including, for the avoidance of doubt, in the Debtors' ordinary course of business, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

7. To the extent that any employment or related agreements may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, the Debtors do not, at this time, seek authority to assume such contracts, and no relief is granted in respect thereof.

8. Nothing herein shall be deemed to authorize (i) the payment of any amounts in satisfaction of bonus or severance obligations, which are subject to section 503(c) of the Bankruptcy Code; or (ii) the payment of any amounts owing to any retired or former employees under any supplemental executive retirement plan or otherwise.

9. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### # # #

**Submitted by**:

Paul J. Keenan Jr., Esq.
Fla. Bar. No. 594687
keenanp@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: 305-579-0500

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

(*Attorney Keenan is directed to serve copies of this order and file a certificate of service.*)