

**ORDERED in the Southern District of Florida on August 8, 2018.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (A) AUTHORIZING (I) THE MAINTENANCE OF BANK
ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND
CHECKS, (B) THE CONTINUED USE OF THE EXISTING CASH MANAGEMENT
SYSTEM, AND (C) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES**

THIS MATTER came on for a hearing on August 7, 2018, at 10:00 a.m., upon the motion

(the "Motion")[2] [ECF No. 36] filed by the above-captioned debtors and debtors-in-possession

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(the "Debtors") seeking entry of interim and final orders: (a) authorizing, but not directing (i) the Debtors' continued use of existing business forms and records; (ii) the Debtors' maintenance of existing corporate bank accounts; and (iii) the continued use of the Debtors' existing Cash Management System; (b) waiving certain of the investment and deposit guidelines promulgated by the Office of the United States Trustee (the "Guidelines") and under section 345 of the Bankruptcy Code; and (c) providing any additional relief as is necessary to effectuate the foregoing; and upon the *Chapter 11 Case Management Summary* (the "Case Management Summary") [ECF No. 8]; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      For the reasons set forth on the record, the Motion is GRANTED, as set forth herein, on an interim basis, *nunc pro tunc* to the Petition Date.

2.      The Debtors are authorized, but not directed, to maintain and use their Cash Management System, as more fully set forth in the Motion.

3.      The Debtors are authorized, but not directed, to maintain and use the existing Bank Accounts in the name and with the account numbers existing immediately before the Petition Date.

4.      A further hearing to consider the relief requested in the Motion will be held on **September 5, 2018 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Courthouse, 299 E Broward Blvd, Courtroom 308, Fort Lauderdale, Florida 33301.  The deadline by which objections to the Motion must be filed is **August 29, 2018 at 4:30 p.m. (Prevailing Eastern Time)**.

5.      The requirement in the Guidelines that the Debtors (i) close all existing bank accounts and open new DIP bank accounts in certain financial institutions designated as authorized depositories by the U.S. Trustee, (ii) establish one DIP account for all estate monies required for the payment of taxes (including payroll taxes), (iii) maintain a separate DIP account for cash collateral, (iv) obtain checks for all DIP accounts that bear the designation, "debtor-in-possession," the bankruptcy case number, and the type of account, and (v) close their books and records as of the petition date and to open new books and records are hereby excused pending a final hearing.  The requirements provided in 11 U.S.C. § 345(b) are hereby waived as to the Bank Accounts for an interim period of thirty (30) days, without prejudice to the Debtors' rights to seek further waivers from the U.S. Trustee without further Order of this Court.  The Debtors shall continue, pending such final hearing, to work with the Office of the United States Trustee for the Southern District of Florida to address the issues set forth herein, and otherwise comply with the Guidelines.

6.      The Debtors are authorized, but not directed, to deposit funds in and withdraw funds from their Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

7.     The Debtors are authorized, but not directed, to continue to use their checks, correspondence and Business Forms including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor-in-possession status, provided that the Debtors will add the "debtor-in-possession" designation to any new checks that they obtain or create postpetition.

8.     Bridge Bank, First Premier Bank, City National Bank, and any and all other financial institutions receiving or transferring funds from the Debtors are hereby authorized and directed to continue to service and administer the Bank Accounts of the Debtors as a debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof.

9.     The Debtors shall retain the authority to close or otherwise modify certain of their Bank Accounts and open new debtor-in-possession accounts, or otherwise make changes to their Cash Management System as they deem necessary to facilitate the Chapter 11 Cases and operations, or as may be necessary to comply with the requirements of any debtor-in-possession financing facility or cash collateral usage approved by this Court.  In the event that the Debtors open any additional or close any current or additional Bank Accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports or notice of such opening or closing shall otherwise be timely provided to the Office of the United States Trustee for the Southern District of Florida.

10.     Subject to section 553 of the Bankruptcy Code, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing or otherwise impeding the Debtors'

use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

11.     In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

12.     The Debtors are authorized, but not directed, to pay or reimburse any bank fees, claims, costs, expenses or charges associated with the Bank Accounts and arising prior to and after the Petition Date, including, without limitation, (i) service charges or fees; (ii) checks deposited with the banks which have been dishonored or returned for insufficient funds; and (iii) any reimbursement or other payment obligations, such as overdrafts, arising under the terms of any prepetition agreement existing between the Debtors and each bank (collectively, the "Bank Account Claims" and the banks in which the Debtors maintain the Bank Accounts, the "Banks").  In the course of maintaining any of the Bank Accounts for the Debtors, the Banks are authorized, without further Order of this Court, to continue to deduct from the appropriate Bank Accounts, the Bank Account Claims incurred in connection with the Bank Accounts.

13.     This Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list in the Motion.  Any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on Exhibit B to the Motion) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

14.     The Debtors are authorized to request the Banks, and the Banks are authorized and directed to accept and honor all representations from the Debtors, as to which checks, drafts, wires or ACH transfers should be honored or dishonored whether the Banks believe the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the Petition Date.

15.     Notwithstanding any provision of this Order to the contrary, the Banks will not be liable to any party on account of (a) following the Debtors' instructions or representations as to any check or other item that may be honored or as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

16.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

17.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19.    This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

###

<u>Submitted by</u>:

Mark D. Bloom
bloomm@gtlaw.com
Paul J. Keenan, Jr.
keenanp@gtlaw.com
John R. Dodd
doddj@gtlaw.com
333 S.E. 2nd Avenue
Suite 4400
Miami, FL 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717

(*Mr. Dodd is directed to serve a conformed copy of this Order on interested parties and file a certificate of service.*)