**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS**
**UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

hereby move the Court (the "**Motion**") for entry of an order, substantially in the form attached

hereto as **Exhibit A**, (i) authorizing the retention and payment of certain professionals employed

by the Debtors in the ordinary course of business without the submission of separate retention

applications and the issuance of separate retention orders for each individual professional, and

(ii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

**Background**

1.     On July 27, 2018 (the "**Petition Date**"), the Debtors commenced these cases (the

"**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Court**").

2.     The Debtors are operating their businesses and managing their affairs as debtors

in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

3.     No request has been made for the appointment of a trustee or examiner and a

creditors' committee has not yet been appointed in these Chapter 11 Cases.

---

[1]The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each
    Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach
    Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach
    Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

4.      A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the Debtors' Chapter 11 Case Management Summary (the "**Case Management Summary**") [ECF No. 8].

### Jurisdiction, Venue and Statutory Predicates

5.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested herein are sections 105(a), 327, 328, 330, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### The Ordinary Course Professionals

7.      The Debtors' officers and management regularly call upon a wide variety of professionals to assist the Debtors in carrying out their assigned duties and responsibilities in the ordinary course of business (the "**Ordinary Course Professionals**").  These Ordinary Course Professionals provide valuable and often critical assistance in addressing issues of importance to the Debtors and their business.  The Ordinary Course Professionals provide services for the Debtors in a variety of matters unrelated to these Chapter 11 Cases, including legal regulatory services, accounting services and other such services.  Attached hereto as **Exhibit B**, and incorporated herein by reference, is a nonexclusive list of the Ordinary Course Professionals identified by the Debtors as of the Petition Date (as may be modified from time to time in accordance with the procedures set forth below, the "**OCP List**").

8.      In contrast, the Debtors have filed (or will file) individual retention applications for any professionals that the Debtors seek to employ in connection with administration of these Chapter 11 Cases (the "**Chapter 11 Professionals**").   The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with related procedures to be approved by this Court.

<u>**Relief Requested**</u>

9.      By this Motion, the Debtors seek entry of an order authorizing the retention and payment of certain professionals employed by the Debtors in the ordinary course of business without the submission of separate retention applications and the issuance of separate retention orders for each individual professional.

10.      The Ordinary Course Professionals will not be involved in the administration of these Chapter 11 Cases, but rather, will provide services in connection with the Debtors' ongoing business operations.  As a result, the Debtors believe that the Ordinary Course Professionals are not "professionals" as that term is used in sections 327 or 328 of the Bankruptcy Code, whose retention must be approved by this Court, subject to the limitations contained below. Nevertheless, out of an abundance of caution, the Debtors hereby seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Chapter 11 Cases pursuant to the procedures described herein.

11.      It is essential that the employment of the Ordinary Course Professionals, many of whom are already familiar with the Debtors' business and affairs, be continued in order to avoid disruption of the Debtors' normal business operations.  The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interests of their estates and their creditors.  The relief requested herein will save the Debtors' estates the substantial expense associated with applying

3

separately for the retention of each professional as well as avoid the incurrence of additional fees related to the preparation and prosecution of interim fee applications. Likewise, the procedures outlined below will relieve the Court, the Office of the United States Trustee for the Southern District of Florida (the "**UST**") and any official committee of creditors appointed in these cases (the "**Committee**", and together with the UST, the "**Interested Parties**") of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

12.    The Debtors propose that they be permitted to pay each Ordinary Course Professional, without prior application to the Court, 100% of the fees and disbursements incurred by such professional after the Petition Date; *provided, however*, that while these Chapter 11 Cases are pending, the fees of each Ordinary Course Professional that are payable by the Debtors, excluding costs and disbursements, may not exceed $50,000.00 per month or $300,000.00 in the aggregate per Ordinary Course Professional (the "**OCP Cap**").

13.    To the extent an Ordinary Course Professional, other than an attorney, seeks compensation in excess of the OCP Cap (the "**Excess Fees**"), the Ordinary Course Professional, prior to performing any services for which the compensation would exceed the OCP Cap, shall contact the Debtors to request approval to perform such services. Subject to the approval of the Debtors, for an Ordinary Course Professional to perform services that would result in Excess Fees, such Ordinary Course Professional shall file with the Court and serve on the Interested Parties, which service may be via hand delivery, overnight courier, e-mail, or first class mail, a notice of fees in excess of the OCP Cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested Parties shall then have 14 days to object to the Notice of Excess Fees. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to

file a fee application.  Excess Fees sought by an Ordinary Course Professional that is an attorney will be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code and any applicable orders authorizing the payment of professionals retained in these Chapter 11 Cases.  If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Affidavit (defined below).  The Ordinary Course Professional may apply its retainer against any prepetition claims.  Any sums remaining shall then be applied against postpetition fees subject to the monthly cap described herein.

14.    Beginning 30 days after the end of the first full calendar quarter following the Petition Date (*i.e.*, 30 days after December 31, 2018), and 30 days after the end of each quarter thereafter (each, a "**Quarter**") in which these Chapter 11 Cases are pending, the Debtors will file with the Court and serve on the Interested Parties a statement with respect to the immediately preceding Quarter which shall include the following information with respect to each Ordinary Course Professional:  (i) the name of the Ordinary Course Professional; (ii) the amounts of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the reported Quarter; and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

15.    Within 30 days after the later of (i) the entry of an order granting this Motion or (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each lawyer, law firm, accountant, accounting firm, consultant, consulting firm, or other party that is an Ordinary Course Professional shall provide the Debtors' attorneys with an affidavit (an "**OCP Affidavit**"), substantially in the form attached hereto as **Exhibit C**, certifying that the

professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

16.     The Debtors' attorneys shall then file the OCP Affidavit with the Court and serve it upon the Interested Parties.  The Interested Parties shall have 14 days following service of an OCP Affidavit to notify the Debtors, in writing, of any objection to the retention stemming from the contents of the OCP Affidavit.  If after 14 days no objection is filed, the retention of such Ordinary Course Professional shall be deemed approved without the need for a hearing or further order, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file fee applications based upon the submission of an appropriate invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred.  No such Ordinary Course Professional shall be paid any fees or expenses until its OCP Affidavit has been filed with the Court or, if an objection is filed, the objection is resolved consensually or by order of the Court.

17.     The Debtors reserve the right to modify the OCP List as necessary to add or remove Ordinary Course Professionals from time to time, in their sole discretion.  In the event an Ordinary Course Professional is added to the OCP List, the Debtors will file a notice with the Court listing the additional Ordinary Course Professional(s) that the Debtors intend to employ (each, an "**Additional OCP Notice**") and serve each Additional OCP Notice on the Interested Parties.  Additionally, each Ordinary Course Professional listed in the Additional OCP Notice shall provide the Debtors' attorneys with an OCP Affidavit within 14 days of the filing of the Additional OCP Notice.  The Debtors' attorneys shall then file the OCP Affidavit with the Court and serve it upon the Interested Parties.  The Interested Parties shall have 14 days following service of an OCP Affidavit to notify the Debtors, in writing, of any objection to the retention stemming from the contents of the OCP Affidavit.  If after 14 days no objection is filed, the

retention of such Ordinary Course Professional shall be deemed approved without the need for a

hearing or further order, and the Ordinary Course Professional may be paid 100% of its fees and

100% of its expenses without the need to file fee applications based upon the submission of an

appropriate invoice setting forth, in reasonable detail, the nature of the services rendered and

disbursements actually incurred.  No such Ordinary Course Professional shall be paid any fees or

expenses until its OCP Affidavit has been filed with the Court or, if an objection is filed, the

objection is resolved consensually or by order of the Court.

### **Retention of Ordinary Course Professionals is Authorized**

18.     Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified
> special purpose . . . an attorney that has represented the debtor, if
> in the best interest of the estate, and if such attorney does not
> represent or hold any interest adverse to the debtor or to the estate
> with respect to the matter on which such attorney is to be
> employed.

11 U.S.C. § 327(e).  Further, section 328(a) of the Bankruptcy Code provides, in relevant part, as

follows:

> The trustee . . . with the court's approval, may employ or authorize
> the employment of a professional person under section 327 . . . on
> any reasonable terms and conditions of employment, including on
> a retainer, on an hourly basis, on a fixed or percentage fee basis, or
> on a contingent fee basis.

11 U.S.C. § 328(a).  Also, section 330 of the Bankruptcy Code provides, in relevant part, as

follows:

> After notice to the parties in interest and the United States Trustee
> and a hearing . . . the court may award to a . . . professional person
> employed under section 327 . . . reasonable compensation for
> actual, necessary services rendered . . . and . . . reimbursement for
> actual, necessary expenses.

11 U.S.C. § 330(a)(1).

19.    Finally, section 363(b)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . .

11 U.S.C. § 363(b)(1).

20.    The Debtors and their estates will be well served by authorizing the retention and compensation of the Ordinary Course Professionals because of such professionals' past relationship with and understanding of the Debtors and their operations.  It is in the best interest of all parties-in-interest and the Debtors' creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtors' business.  Moreover, the Ordinary Course Professionals are all to provide services customarily rendered to the Debtors in the ordinary course of the Debtors' business.

21.    In determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327 and, therefore, must be retained by express approval of the court, courts consider the following:

a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

c.    whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e.    the extent of the entity's involvement in the administration of the debtor's estate; and

f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at \*3 (D. Del. Dec. 15, 1997); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327).

22.    The foregoing factors must be considered in totality (*i.e.*, none of the factors alone is dispositive).   Considering all of the factors, the Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327, whose retention must be approved by the Court.   None of the proposed Ordinary Course Professionals will: control, manage, administer, invest, purchase, or sell assets that are significant to the Debtors' reorganization; be involved in negotiating the terms of a plan of reorganization; do work directly related to the type of work carried out by the debtor or to the routine maintenance of the Debtors' business operations; exercise his or her own professional judgment in some part of the administration of the Debtors' estates.

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: August 22, 2018,

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Paul J. Keenan*
Mark D. Bloom
Fla. Bar. No. 303836
bloomm@gtlaw.com

Paul J. Keenan Jr.
Fla. Bar No. 0594687
keenanp@gtlaw.com

John R. Dodd
Fla. Bar. No. 38091
doddj@gtlaw.com

Ari Newman
Fla. Bar. No. 56575
newmanar@gtlaw.com

333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: 305-579-0500

*Proposed Counsel for the Debtors and
Debtors-in-Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION**
**AND PAYMENT OF PROFESSIONALS UTILIZED**
**BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

THIS MATTER came before the Court for hearing on _____, 2018 at ___:___ __ (the "**Hearing**") upon the *Motion of the Debtors for Entry of an Order Authorizing the Retention and Payment of Professionals Utilized by the Debtors in the Ordinary Course* [ECF No. ___] (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(collectively, the "**Debtors**").  The Motion seeks entry of an order authorizing the retention and payment of professionals utilized by the Debtors in the ordinary course of business.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; (vi) that the Ordinary Course Professionals are not "professionals" within the meaning of section 327(a) of the Bankruptcy Code and (vii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements of counsel at the Hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code and Bankruptcy Rule 2014(a), to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ Ordinary Course Professionals in the ordinary course of the Debtors' business, effective as of the Petition Date.

3.      Unless otherwise ordered by the Court, the Debtors are authorized to pay each Ordinary Course Professional, without further order of the court, 100% of the fees and disbursements actually incurred by the Ordinary Course Professional after the Petition Date; *provided, however*, that while these Chapter 11 Cases are pending, the fees of each Ordinary Course Professional payable by the Debtors, excluding costs and disbursements, may not exceed

2

[$50,000.00] per month or [$300,000.00] in the aggregate per Ordinary Course Professional (the "**OCP Cap**").

4.     Within 30 days after the later of the entry of this Order or the date on which the Ordinary Course Professional commences services for the Debtors, each lawyer, law firm, accountant, accounting firm, consultant, consulting firm, or other party that is an Ordinary Course Professional shall provide the Debtors' attorneys with an affidavit (an "**OCP Affidavit**"), substantially in the form attached to the Motion as **Exhibit C**, certifying that the law firm, legal professional, or other party does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the law firm, legal professional, or other party is to be employed.

5.     If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Affidavit. The Ordinary Course Professional may apply its retainer against any prepetition claims. Any sums remaining shall then be applied against postpetition fees subject to the OCP Cap.

6.     The Debtors reserve the right to modify the OCP List as necessary to add or remove Ordinary Course Professionals from time to time, in their sole discretion. In the event an Ordinary Course Professional is added to the OCP List, the Debtors shall file an Additional OCP Notice and serve each Additional OCP Notice on the (a) the U.S. Trustee, 51 SW First Avenue, Room 1204, Miami, FL 33130 (Attn: Damaris Rosich-Schwartz, Esq.); and (b) counsel to any creditors' committee appointed in these Chapter 11 Cases (collectively, the "**Interested Parties**"). Additionally, each additional Ordinary Course Professional listed in the Additional OCP Notice shall provide the Debtors' attorneys with an OCP Affidavit within 14 days of the filing of the Additional OCP Notice.

7.     Upon receipt of any such OCP Affidavit, the Debtors' attorneys shall file it with the Court and serve it upon the Interested Parties.  The Interested Parties shall have 14 days following such service to notify the Debtors, in writing, of any objection to the requested retention.  If after 14 days no objection is filed, then the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order.

8.     No Ordinary Course Professional shall be paid any amounts for invoiced fees and/or expense reimbursement until its OCP Affidavit has been filed with and approved by the Court or, if an objection is filed, the objection is resolved consensually or by order of the Court.

9.     To the extent that an Ordinary Course Professional, other than an attorney, seeks compensation in excess of the OCP Cap (the "**Excess Fees**"), the Ordinary Course Professional, prior to performing any services for which the compensation would exceed the OCP Cap, shall contact the Debtors to request approval to perform such services.  Subject to the approval of the Debtors, for an Ordinary Course Professional to perform services that would result in Excess Fees, such Ordinary Course Professional shall file with the Court and serve on the Interested Parties, which service may be via hand delivery, overnight courier, e-mail, or first class mail, a notice of fees in excess of the OCP Cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred.  Interested Parties shall then have 14 days to object to the Notice of Excess Fees.  If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

10.     Any Excess Fees sought by an Ordinary Course Professional that is an attorney will be subject to prior approval of the Court in accordance with sections 330 and 331 of the

Bankruptcy Code and any applicable orders authorizing the payment of professionals retained in these Chapter 11 Cases.

11.    Beginning 30 days after the end of the first full calendar quarter following the Petition Date (*i.e.*, 30 days after December 31, 2018), and 30 days after the end of each quarter thereafter (each, a "**Quarter**") in which these Chapter 11 Cases are pending, the Debtors shall file with the Court, and serve on the Interested Parties, a statement with respect to the immediately preceding Quarter, which shall include the following information with respect to each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the amount of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the reported Quarter, and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

12.    The Debtors shall include amounts paid to Ordinary Course Professionals in the monthly operating reports that the Debtors are required to submit to the Court.

13.    The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

14.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

###

Submitted by:

Paul J. Keenan Jr., Esq.
Fla. Bar. No. 0594687
keenanp@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

*(Attorney Keenan is directed to serve copies of this Order upon all interested parties and to file a
Certificate of Service with the Court.)*

**Exhibit B**

**OCP List**

**NONEXCLUSIVE SCHEDULE OF ORDINARY COURSE PROFESSIONALS**

| Firm/Individual Name | Address | Type of Work |
|---|---|---|
| Abendroth and Russell, P.C. | 2536 73rd Street Urbandale, IA 50322 | Legal |
| Accountants Associates | El Dorado Plaza Aventura (Panamá) Piso 4, Ofic. 252 | Accounting |
| Adams and Reese LLP | 101 E Kennedy Blvd., Suite 4000 Tampa, FL 33602 | Legal |
| Amato Keating And Lessa, P.C. | 107 North Commerce Way, Suite 100 Bethlehem, PA 18017 | Legal |
| Attorney Service of San Francisco | PO Box 460038 San Francisco, CA 94146 | Legal |
| Avadanian & Associates, LLC | 281 Young Harris Street Suite D PMB 273 Blairsville, GA 30512 | Collection Agency |
| Bassford Remele | 100 South 5th Street, Suite 1500 Minneapolis, MN 55402-1254 | Legal |
| Beasley, Hightower & Harris, PC | 1601 Elm Street Suite 4350 Dallas, TX 75201 | Legal |
| Becker Tax Controversy Group LLC | 420 Lexington Avenue New York, NY 10170 | Accounting |
| Berger Singerman LLP Trust | 350 East Las Olas Blvd Ste 1000 Fort Lauderdale, FL 33301 | Legal |
| Berkowitz Pollack Brant | 515 East Las Olas Blvd. Fifteenth Floor Ft. Lauderdale, FL 33301 | Accounting |
| Blitt and Gaines P.C. | 661 Glenn Avenue Wheeling, IL 60090 | Collection Agency |
| Bond, Schoeneck & King, Pllc | 4001 Tamiami Trail North, Suite 250 Naples, FL 34103 | Legal |
| Bradley P. Herndon, P.A. | Bradley P. Herndon First Florida Bank P.O. Box 520 Fort Walton Beac, FL 32549 | Legal |
| Brenda D. Forman-Clerk | Circuit Court-County Court 17th Judicial Circuit, Broward County 201 SE 6th Street | Legal |
| Breslin Specialized Services | P.O. Box 325 Upper Darby, PA 19082 | Legal |
| Caliper | 500 Alexander Park, Suite 200 P.O. Box 2050 Princeton, NJ 08543-2050 | Staffing Services |
| Callahan Lawyers Service | 50 Main Street Hackensack, NJ 07601 | Legal |
| Caplan, Caplan & Caplan Process Servers | 12555 Orange Drive Suite 106 Davie, FL 33330 | Legal |
| Central Florida Court Services Inc. | 109 Ambersweet Way, 111 Davenport, FL 33897 | Legal |
| Chaplin & Papa, PC | dba Chaplin & Gonet 5211 West Broad Street #100 Richmond, VA 23230 | Legal |
| Clontz & Clontz PLLC | 225 S. McDowell St Carlotte, NC 28204 | Legal |
| Cohen Tauber Spievack & Wagner PC | 420 Lexington Avenue. Suite 2400 New York, NY 10170 | Legal |
| Cohn & Dussi, LLC | 500 West Cummings Park, Suite 2350 Woburn, MA 01801 | Legal |
| Crary Buchanan, P.A. | James L.S. Bowdish, Esq. 759 SW Federal Hwy. Ste 106 Stuart, FL 34994-0024 | Legal |

**NONEXCLUSIVE SCHEDULE OF ORDINARY COURSE PROFESSIONALS**

| Firm/Individual Name | Address | Type of Work |
|---|---|---|
| Daniel B Blum | 1942 Broadway Suite 314 Boulder, CO 80302 | Legal |
| Daszkal Bolton LLP | 490 Sawgrass Corporate Parkway Suite 200 Sunrise, FL 33325 | Accounting |
| Delaware Attorney Services LLC | 3516 Silverside Road Suite 16 Wilmington, DE 19810 | Legal |
| Derrick Hughes, Constable | PO BOX 256109 Dorchester, MA 02125 | Legal |
| Devlin, Naylor & Turbyfill, P.L.L.C | 5120 Woodway, Suite 9000 Houston, TX 77056-1725 | Legal |
| Dumor Associates | P.O. Box 263 Ashburn, VA 20146-0263 | Legal |
| Egon P. Singerman | Egon P Singerman 30625 Solon Road Suite C Cleveland, OH. 44139 | Legal |
| Evans Petree PC | 1000 Ridgeway Loop Road Suite 200 Memphis, TN 38120 | Legal |
| Expediusenvoy | 517 Beacon Parkway Birmingham, AL 35209 | Courier Service |
| Fein, Such, Kahn & Shepard P.C. | Fein, Such, Fein, Such 7 Century Drive Suite 201 Parsippany, NJ 07054 Kahn & She NJ | Legal |
| Flying Englishman, LLC | Attn. Michael B English 1505 Rose Street Crockett, CA 94525 | Courier Service |
| Frassineti & Glover | Frassineti and Glover Attorney and Counsellors at Law 221 Commerce Place, Suite A Greensboro, NC 27401 | Legal |
| FullCircle Legal Group LLC | FullCircle Legal 11278 LOS ALAMITOS BLVD.#220 LOS ALAMITOS, CA 90720 | Legal |
| Garner & Conner, P.L.L.C | 250 High Street Maryville, TN 37804 | Legal |
| Gibson & Associates, Inc. | Attn. Daniel Gibson 14 Rodeo Drive Marlboro, NJ 07746 | Claims Management |
| Grady & Associates | 20220 Center Ridge Road Suite 300 Rocky River, OH 44116 | Legal |
| Guardia & Cubero S.A. | 2020-1000 San Jose Costa Rica | Legal |
| Gunster | 777 South Flagler Drive Suite 500 East Tower West Palm Beach, FL 33401 | Legal |
| Gusdorf Law Firm LLC | 9666 Olive Blvd. Suite 211 St. Louis, MO 63132 | Legal |
| Harris Investigations LLC | PO Box 304 Lansdale, PA 19446 | Legal |
| Harry Rosenfeld | 7167 NW 62 Terr., Parkland, FL 33067 | Consulting Services |
| Hatch, James & Dodge | 10 West Broadway Suite 400 Salt Lake City, UT. 84101 | Legal |
| Heitner Legal, P.L.L.C. | Darren Heitner 215 Hendricks Isle Fort Lauderdale, FL. 33301 | Legal |
| Henderson Legal Services, Inc. | P.O. Box 37593 Baltimore, MD 21297-3593 | Legal |
| Henschel & Beinhaker, P.A. | 3475 Sheridan Street, Suite 305 Hollywood, FL 33021 | Legal |

**NONEXCLUSIVE SCHEDULE OF ORDINARY COURSE PROFESSIONALS**

| Firm/Individual Name | Address | Type of Work |
|---|---|---|
| Herron Ortiz | Attorneys for JPMorgan Chase Bank, N.A. 255 Alhambra Circle, Suite 1060 Coral | Legal |
| Hiday & Ricke, P.A. | PO Box 550858 Jacksonville, FL 32255 | Collection Agency |
| Holland & Knight LLP | Judith M. Mercier 200 South Orange Avenue, Suite 2600 Orlando, FL 32801 | Legal |
| Honigman Miller Schwartz and Cohn LLP | 2290 First National Building 660 Woodward Ave Detroit, MI. 48226-3506 | Legal |
| Howard E. Baumwell Attorney at Law | 600 S. Pearl St. Columbus, OH 43206 | Legal |
| Hudson Cook, LLP | 7037 Ridge Rd Suite 300 Hanover, Maryland. 21076 | Legal |
| Husch Blackwell LLP | P.O. Box 790379 Saint Louis, MO 63179 | Legal |
| Invictus Law PC | Invictus Law, P.C. Regan R. Duckworth, Esq. PO Box 2492 Orem, UT 84059 | Legal |
| Invictus Law, P.C. | Regan R. Duckworth, Esq. 360 South Technology Ct. Suite 200 Lindon, UT 84042 | Legal |
| Kane Kessler, PC | 666 Third Avenue New York,, NY 10017-4041 | Legal |
| Karl Ryan, Attorney At Law | 6502 Westfield Blvd., Indianapolis, IN 46220 | Legal |
| Kopelowitz Ostrow P.A. | Kopelowitz Ostrow 1 West Las Olas Boulevard Suite 500 Fort Lauderdale, FL | Legal |
| Law Office of Brian C. Read, PLLC | 3721 Colby Avenue Everett, WA 98201 | Legal |
| Law Office of Carl Brugnoli | PO Box 320530 Boston, MA 02132 | Legal |
| Law Office of Gregg Saxe, P.C. | | Legal |
| Law Office of Jay C. Scheinfield | Attorney at Law 222 S. Manor Road 1st Floor Havertown, PA 19083 | Legal |
| Law Office of Richard A. Green | Richard A. Green 133 W. Main Street, Suite 130 Northville, MI 48167 | Legal |
| Law Offices Douglas L Brooks P.C. | Law Offices Douglas L Brooks, P.C. PO Box 8477 Atlanta, GA 31106 | Legal |
| Law Offices of Alan Abergel, P.C. | 15915 Ventura Blvd Suite 300 Encino, CA 91436 | Legal |
| Law Offices of Ferrene & Associates, PA | 19 Schelter Cove Lane, Ste 105 Hilton Head Island, SC 29928 | Legal |
| Law Offices of Mary T. Hone, PLLC | 10505 N. 69th St, Suite 1400 Scottsdale, AZ 85253 | Legal |
| MAZA Attorneys & Counselors at Law | MAZA Attorneys & Counselors at Law P.O. Box 364028 San Juan, PR 00936-4028 | Legal |
| Mazda Attorneys & Counselors at Law | P.O. Box 364028 San Juan, PR 00936 | Legal |
| Park & Lim | 3530 Wilshire Blvd, Suite 1300 Los Angeles, CA 90010 | Legal |
| Richard M. Breibart Attorney at Law | 2700 Hwy 280, Ste 207W Birmingham, AL 35223 | Legal |

**NONEXCLUSIVE SCHEDULE OF ORDINARY COURSE PROFESSIONALS**

| Firm/Individual Name | Address | Type of Work |
|---|---|---|
| Rountree & Leitman, LLC | 2800 North Druid Hills Rd Bldg B, Suite 100 Atlanta, GA. 30329 | Legal |
| Rudolf & Hoffman, P.A. | 615 Northeast Third Avenue Fort Lauderdale, FL 33304 | Legal |
| Sallah Astarita & Cox, LLC | | Legal |
| Samuel J. Rabin Jr., P.A. | Samuel J. Rabin 800 Brickell Ave Suite 1400 Miami, FL. 33131 | Legal |
| Sherman & Howard L.L.C. | 633 Seventeenth Street Suite 3000 Denver, Colorado 80202-3622 | Legal |
| Shutts & Bowen LLP | 200 South Biscayne Boulevard Suite 4100 Miami, FL 33131 | Legal |
| Squire Patton Boggs LLP | 4900 Key Tower, 127 Public Square Cleveland, OH. 44114 | Legal |
| Sting Ray Legal Services, Inc. | 17720 15ST Ave SE, Unit C Renton, WA 98058 | Legal |
| The Law Offices of Jeffrey J. Needle, P.A | Jeffrey Needle Traflagar 1 Plaza 5300 NW 33rd Avenue Suite 206 Fort Lauderdale, FL | Legal |
| The NOA LAW Firm, P.A. | P.O. Box 941958 Miami, FL 33194 | Legal |
| The Oakes Law Firm LLC | 110 Veterans Memorial Blvd., Ste 560 Matairie, LA 70005 | Legal |
| The Sayer Law Group P.C. | 925 E 4th Street Waterloo, IA 50703 | Legal |

# Exhibit C

## Form of OCP Affidavit

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.,*[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

## AFFIDAVIT IN SUPPORT OF ORDINARY COURSE RETENTION

STATE OF _____ )
                                           )   ss:
COUNTY OF _____ )

The undersigned hereby declares, under penalty of perjury, as follows:

1.      I am a member, partner, or similar representative of the following firm (the "**Firm**"), which maintains offices at the address and phone number listed below:

| Firm | Address and Phone Number |
|---|---|
| | |
| | |

2.      This Affidavit is submitted in connection with an order of the United States Bankruptcy Court for the Southern District of Florida (the "**Order**") authorizing the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "**Chapter 11 Cases**"). Since July 27, 2018 (the "**Petition Date**"), the Debtors have requested that the Firm provide legal or other services (or continue to provide services) to the

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

Debtors, and the Firm has agreed to provide such services.

3.      The Firm, through me, and other members, partners, associates, or employees of the Firm, has provided, and/or plans to provide, the following legal or other services to the Debtors from and after the Petition Date: _____.

4.      To the best of my knowledge, information, and belief, formed after due inquiry: (i) except for the proposed retention of the Firm in these Chapter 11 Cases, the Firm does not currently provide services to any party in any matter related to these Chapter 11 Cases and (ii) the Firm does not represent or hold an interest adverse to the Debtors.

5.      Now or in the future, the Firm may provide services to certain creditors of the Debtors or other interested parties in matters unrelated to the Debtors, but in this regard, the Firm's work for these clients will not include the provision of services on any matters relating to the Debtors' Chapter 11 Cases.

6.      The Firm is owed approximately $_____ on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtors.

7.      The Firm further states that it has not shared, has not agreed to share, nor will it agree to share, any compensation received in connection with these Chapter 11 Cases with any party or person except to the extent permitted by the Bankruptcy Code and the Bankruptcy Rules, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

2

8.    If, at any time during its employment by the Debtors, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Dated: _____          By: _____
                                                                        [Name]


Sworn to and subscribed before me
this _____ day of _____, 2018

3