UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC[1], | Case No. 18-19121-RBR |
| Debtor. | |
| In re: | Chapter 11 |
| 1 WEST CAPITAL LLC[2], | Case No. 18-19122-RBR |
| Debtor. | (Jointly Administered) |

### FIRST PREMIER BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY

> **First PREMIER requests that the Court schedule this motion for hearing on September 5, 2018, at 10:00 a.m. along with other previously scheduled matters, including the Debtor' Cash Management Motion [ECF No. 36], which is directly related to the relief requested in this motion, and to which First PREMIER filed a response and objection [ECF No. 92].**

First PREMIER Bank ("First PREMIER" or "Bank"), by and through its counsel of record, hereby moves the Court for relief from the automatic stay pursuant to 11 U.S.C. § 362 to terminate the prepetition agreements with 1 Global Capital LLC ("Debtor"), which are described below.

1.  First PREMIER Bank is a bank formed under the laws of the state of South Dakota with its principal place of business in Sioux Falls, South Dakota.

2.  Debtor filed for relief under 11 U.S.C. Chapter 11 on July 27, 2018.

3.  Debtor and First PREMIER entered into a "Beta Requirements" agreement (the "Beta Agreement") and an "ACH Agreement" on or about December 1, 2017. True and correct copies of the Beta Agreement and ACH Agreement were attached as Exhibits "A" and "B" to

---

[1] The business address and the last four (4) digits of this Debtor's federal tax identification number are: 1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517).

[2] The business address and the last four (4) digits of this Debtor's federal tax identification number are: 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

First PREMIER Bank's Response and Objection to Debtors' Emergency Motion for Interim and Final Orders Authorizing (1) the Continued Use of Existing Business Forms and Records; (2) the Maintenance of Existing Corporate Bank Accounts; (3) the Continued Use of the Existing Cash Management Systems: and (4) the Waiver of Certain Investment and Deposit Guidelines [ECF No. 89] ("First PREMIER's Response") and are incorporated herein by this reference.

4. Pursuant to the Beta Agreement and ACH Agreement, First PREMIER agreed to provide payment processing services to Debtor, with the Bank acting as an originating depository financial institution ("ODFI") under the NACHA Rules for payment transactions originated by Debtor.

5. As set forth in detail in First PREMIER Bank's Response, the Bank, in good faith, after due deliberation, and pursuant to its business underwriting guidelines, has decided to terminate the Beta Agreement and ACH Agreement. First PREMIER expressed its desire to obtain stay relief and terminate the Agreement early on in the case. The Bank's counsel sent Debtor the letter attached as Exhibit C on August 17, 2018 requesting Debtor agree to stay relief to effectuate an orderly termination. First PREMIER's counsel continues to communicate with Debtor's counsel, but an agreement has not been reached as of the filing of this Motion.

6. Pursuant to the Section 34(a) of the ACH Agreement, First PREMIER reserved the right to terminate the relationship upon the provision of written notice to Debtor.

7. As an ODFI, First PREMIER accepts significant risk each time it processes an ACH transaction on the part of the Debtor. The Bank processes ACH transactions for its customers, including Debtor, in a high volume environment with hundreds of thousands of transactions moving hundreds of millions of dollars on a daily basis, including on average 650 daily transactions encompassing around $850,000 per day for the Debtor. For each file of ACH transactions processed by the Bank, a percentage of the items are returned to the Bank for various reasons including insufficient funds, account number errors, stop payments, and other reasons. Upon receipt of a returned entry, the ODFI is responsible for handling and funding the returns. In connection with the transactions processed for the Debtor, approximately 3% of the ACH entries processed on a daily basis, representing approximately $20,000-30,000, are returned.

8. First PREMIER anticipates that the ACH return volume will increase when the Debtor's customers learn that Debtor has filed a Bankruptcy proceeding.

9. First PREMIER is not a depository authorized under Region 21 of the Office of the United States Trustee (or Region 12 – its home Region) and is not planning on seeking or maintaining this authorization given it is located in South Dakota. Because the ACH Agreement requires the Debtor to maintain deposit accounts at the Bank, Debtor will need to seek an alternative authorized depository bank to process its ACH transactions.

10. As noted and defined in First PREMIER's Response, the Bank currently holds deposits of Debtor in three separate accounts at the Bank (defined in First PREMIER's Response as the ACH Credit Account, ACH Debit Account, and Reserve Account). Pursuant to the provisions of the ACH Agreement, Debtor granted First PREMIER a security interest in the foregoing accounts, and acknowledged the Bank's statutory right of setoff against, the funds in the accounts, in order to satisfy any obligations of Debtor owed to Bank. *See ACH Agreement* at ¶ 18. First PREMIER's security interest in the foregoing accounts was perfected by control. *See SDCL 57A-9-314(a) and 57A-9-104(a)(1)*. In addition, Debtor specifically consented to Bank's deduction of the Bank's fees for the services provided from the foregoing bank accounts. *See ACH Agreement at §§18(a) and 24*.

11. Based upon the foregoing and as noted in First PREMIER's Response, the Bank requests that this Court grant it relief from the automatic stay allowing it to terminate the Beta Agreement and ACH Agreement as of the close of business on September 5, 2018.

12. First PREMIER furthers request that this Court's Order grant it relief from the automatic stay to allow First PREMIER to deduct its pre-petition fees and expenses (totaling $5,144.00 for the month of July, 2017) from the identified Reserve Account.

13. Relief from the automatic stay is appropriate under 11 U.S.C. § 362(d)(1) for cause, including: (i), the Bank's clear right under the contract to terminate the relationship and the "beta" nature of the relationship;(ii) the increase risk of an adverse impact on First PREMIER's business from Debtor's MCA counterparties change in behavior due to the bankruptcy filing, including the anticipated increase in ACH return activity; (iii) the change in business dynamics and issues with prior management; (iv) the fact that the Bank is not an authorized depository under Region 21 of the Office of the United States Trustee and the fact that Debtor cannot maintain the accounts at the Bank as required under the ACH Agreement; and (v) and the Bank's perfected security interest and contractual right to deduct its unpaid fees and expenses from the funds held in the identified accounts.

WHEREFORE, First PREMIER prays that this Court will enter an Order as follows:

1. Granting First PREMIER relief from the automatic stay, and waiving any stay of the effectiveness of the order, to allow First PREMIER to terminate the Beta Agreement and ACH Agreement as of the close of business on September 5, 2018;

2. Authorizing First PREMIER to deduct its fees and expenses for the ACH services provided to Debtor from the remaining sums held by Debtor at First PREMIER and to retain and disburse the funds in the ACH Credit Account, ACH Debit Account, and Reserve Account back to Debtor in accordance with the terms and conditions of the ACH Agreement; and

3. For such other, further, and different relief as may be consistent with the foregoing.

Dated this 27th day of August, 2018.

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street, Suite 2200
Miami, Florida  33130
Telephone:  305-789-3200
www.stearnsweaver.com


By:   /s/ Kristopher E. Pearson
        Kristopher E. Pearson
        Florida Bar No. 0016874
        kpearson@stearnsweaver.com

- *And -*

I HEREBYCERTIFY that the undersigned attorney is appearing pro hac vice in this matter pursuant to Court order dated August 22, 2018 [ECF No. 77]

Keith A. Gauer (SD Bar No. 2436)
DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
T. 605-357-1256
kgauer@dehs.com

*Attorneys for First PREMIER Bank*

**CERTIFICATE OF SERVICE**

    I CERTIFY that the foregoing document is being filed electronically via the Court's CM/ECF website. I further certify that the document is being served as it is entered on the Court docket on August 27, 2018, (a) by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF upon those counsel or parties who are authorized to receive NEF in this case and (b) by first class mail, postage prepaid to the Debtors, as indicated on the attached Service List.

                                                By:   */s/ Kristopher E. Pearson*
                                                        Kristopher E. Pearson

## SERVICE LIST
### Bankruptcy Case No.: 18-19121-RBR
### United States Bankruptcy Court, Southern District of Florida

The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.

Geoffrey S. Aaronson
gaaronson@aspalaw.com
5408891420@filings.docketbird.com
*Counsel for Wieniewitz Financial LLC*

David W Baddley
baddleyd@sec.gov
*Counsel for U.S. Securities and Exchange Commission*

Mark D. Bloom, Esq.
bloomm@gtlaw.com
MiaLitDock@gtlaw.com
miaecfbky@gtlaw.com
*Counsel for 1 Global Capital LLC, et al.*

Robert P. Charbonneau, Esq.
rpc@agentislaw.com
nsocorro@agentislaw.com
bankruptcy@agentislaw.com
bankruptcy.ecc@ecf.courtdrive.com
*Counsel for Pinnacle Plus Financial, LLC*

John R. Dodd, Esq.
doddj@gtlaw.com
miaecfbky@gtlaw.com
mialitdock@gtlaw.com
*Counsel for 1 Global Capital LLC, et al.*

EPIQ Solutions (Garabato)
sgarabato@epiqsystems.com
rjacobs@ecf.epiqsystems.com

Christopher P Hahn
litigation@mauricewutscher.com
chahn@mauricewutscher.com
*Counsel for Collins Asset Group, LLC*

Alan C Hochheiser
ahochheiser@mauricewutscher.com
*Counsel for Collins Asset Group, LLC*

Monique D. Jewett-Brewster
vcastro@hopkinscarley.com
*Counsel for Western Alliance Bank*

Paul J. Keenan, Jr., Esq.
keenanp@gtlaw.com
mialitdock@gtlaw.com
miaecfbky@gtlaw.com
*Counsel for 1 Global Capital LLC, et al.*

Ari Newman, Esq.
newmanar@gtlaw.com
crossmann@gtlaw.com
mialitdock@gtlaw.com
miaecfbky@gtlaw.com
*Counsel for 1 Global Capital LLC, et al.*

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Paul J Pascuzzi
*ppascuzzi@ffwplaw.com*
*phillip@telehilladvisors.com*
*lnlasley@ffwplaw.com*
*Counsel for Life Co Insurance Services & Retirement Planning, Inc.*

Kristopher E Pearson
*kpearson@stearnsweaver.com*
*rross@stearnsweaver.com*
*larrazola@stearnsweaver.com*
*cgraver@stearnsweaver.com*
*Counsel for First Premier Bank*

Eric S Pendergraft
*ependergraft@slp.law*
*dwoodall@slp.law*
*ematteo@slp.law*
*bshraibergecfmail@gmail.com*
*cdraper@slp.law*
*Counsel for Capital Stack, LLC*

Neil S. Sader
*nsader@saderlawfirm.com*
*Counsel for Pinnacle Plus Financial, LLC*

Joseph E Sarachek
*joe@saracheklawfirm.com*
*Counsel for Kurt Faudel, et al.*

Jeffrey R Sonn
*jsonn@sonnerez.com*
*Counsel for Andrew Washor, et al.*

Joel L Tabas, Esq.
*jtabas@tabassoloff.com*
*jcepero@tabassoloff.com*
*kborrego@tabassoloff.com*
*Counsel for Western Alliance Bank*

Charles M Tatelbaum
*cmt@trippscott.com*
*hbb@trippscott.com*
*cvp@trippscott.com*
*eservice@trippscott.com*
*Counsel for George Robert DeLoach*

The following parties were served via First Class Mail.

1 Global Capital LLC
1 West Capital LLC
1250 E. Hallandale Blvd., Suite 409
Hallandale Beach, FL 33009
*Debtors*

Commonwealth of Pennsylania
c/o Deb Secrest
651 Boas St. #702
Harrisburg, PA 17121

EPIQ Solutions (Garabato)
Epiq Bankruptcy Solutions, LLC
777 Third Avenue 12th Floor
New York, NY 10017

Life Co Insurance Services & Retirement Planning, Inc.
Felderstein Fitzgerald et al
400 Capitol Mall, Suite 1750
Sacramento, CA 95814

U.S. Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road NE, Suite 900
Atlanta, GA 30326-1382

Henry Bessel
Sondra Bessel
310 El Grande Lane
Lenoir City, TN 37771

Ivan Goldberg
7941 NW 90th Avenue
Tamarac, FL 33321

Adam Hopkins
917 Main Street #607
Houston, TX 77002

Joe Peterson
279 North Ridge Drive
Saltillo, MS 38866-9386

Fairy Trowbridge
Norman Trowbridge
12830 Johnson Drive #305
Shawnee, KS 66216

Barbara G. Beeler
E. Wayne Beeler
5017 Macmont Circle
Powell, TN 37849

Carole C. Bradshaw
408 Olive Lane
Canonsburg, PA 15317

Cindy Hickerson
310 El Grande Lane
Lenoir City, TN 37771

Scott Merkelson
941 NW 73rd Avenue
Plantation, FL 33317

Lawrence M. Rutkowski
2577 Bell Circle
Stevensville, MI 49127

Michelyn C. Wygal
Walter A. Wygal
2355 Cartagena Way
Oceanside, CA 92056

# EXHIBIT C

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Kristopher E. Pearson
150 West Flagler Street, Suite 2200
Miami, FL 33130
Direct: (305) 789-3259
Fax: (305) 789-2624
Email: kpearson@stearnsweaver.com

August 17, 2018

**VIA EMAIL**

John R. Dodd, Esq.
Greenberg Traurig, P.A.
Suite 4400
333 S.E. 2nd Avenue
Miami, FL 33131
doddj@gtlaw.com

Re:    1 Global Capital LLC Chapter 11 Bankruptcy; Case No. 18-19121-RBR

Dear John:

As we discussed on our call this morning, our firm is local counsel to First PREMIER Bank of Sioux Falls, South Dakota ("First PREMIER"), in connection with 1 Global Capital LLC's ("1 Global") Chapter 11 case. As you know, in late 2017, First PREMIER and 1 Global entered into a "Beta Requirements" Agreement and "ACH Agreement" (collectively, "Agreements"). I understand you previously received copies of the Agreements.

Pursuant to the Agreements, First PREMIER allowed 1 Global to submit ACH transactions for processing by First PREMIER on a limited basis. Both parties understood that the relationship would go through a limited beta test before First PREMIER would agree to continue the relationship and allow 1 Global to ramp up its ACH activity. First PREMIER has decided to terminate the beta test and end the ACH relationship with 1 Global. Pursuant to Section 34(a) of the ACH Agreement, the Bank has the right to terminate the Agreement upon the provision of notice to 1 Global. To effectuate an orderly termination of the Agreement, First PREMIER requests that 1 Global agree to relief from the automatic stay so that First PREMIER and 1 Global can submit an agreed *ex parte* motion and proposed order: (i) granting stay relief for First PREMIER to terminate the Agreements; (ii) recognizing termination of the Agreements, effective as of the close of business on September 5, 2018; (iii) authorizing First PREMIER to offset the pre- and post-petition fees owed to First PREMIER from the accounts maintained at First PREMIER under the Agreements;[1] (iv) setting forth dates for return of the remaining funds

---

[1] At present, the July invoice ($5,144.00) is due and First PREMIER would anticipate a similar invoice for August services and a smaller invoice for September, depending in both cases on the volume of ACH activity run through Firs PREMIER by the Debtor.

MIAMI  ▪  TAMPA  ▪  FORT LAUDERDALE  ▪  TALLAHASSEE  ▪  CORAL GABLES

John R. Dodd, Esq.
August 17, 2018
Page 2

in the settlement accounts and the reserve First PREMIER holds pursuant to the Agreements;[2] and (v) waiving any stay of the order under the Bankruptcy Rules. We will circulate a draft motion and proposed order soon.

Finally, First PREMIER will file with the Bankruptcy Court a response to 1 Global's cash management motion [ECF No. 36], noting First PREMIER's intention to exit the relationship. Based upon the foregoing, 1 Global should pursue alternative arrangements for its payment processing needs.

Please advise if you have any questions regarding First PREMIER's position.

Regards,

Kristopher E. Pearson

cc: Keith A. Gauer, Esq. (via email)

---

[2] While the settlement accounts (totaling approximately $3.4 Million on August 8) could be released within a few days of the termination, the Reserve Account (totaling $115,000) would need to be held to accommodate any ACH return activity, with the final sums released to debtor 60 days after the last ACH entry.

#6758877 v1

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.