## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A CONSENT AND JUDGMENT WITH THE SECURITIES AND EXCHANGE COMMISSION

> **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby submit this motion (the "**Motion**"), pursuant to sections 105(a) and 1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9013-1(D) and 9019-1(A) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit 1**, authorizing and approving the Debtors' (i) entry into the consent (the "**Consent**"), and (ii) consent to the entry of the judgment (the "**Judgment**") with the Securities and Exchange Commission (the "**SEC**") with respect to the action (the "**SEC Proceeding**") commenced by the SEC against, among others, the Debtors that is currently pending in the District Court for the

---

[1]     The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach

Southern District of Florida (the "**District Court**").[2]  In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction, Venue and Statutory Predicates

1.      The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicate for the relief requested herein are sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Rules 9013-1(D) and 9019-1(A).

### Status of the Case

4.      On July 27, 2018 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**").

5.      The Debtors are operating their business and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No request has been made for the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code.

---

Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2]    *See SEC v. 1 Global Capital LLC, Carl Ruderman,* et al., U.S. District Court for the Southern District of Florida, Case No. 18-61991-BLOOM.

7.      On September 7, 2018, the Office of the United States Trustee (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") [ECF No. 138].

8.      A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is set forth in the Debtors' Chapter 11 Case Management Summary [ECF No. 8].

<u>**SEC Proceeding**</u>

9.      On August 23, 2018, the SEC commenced the SEC Proceeding against, among others, the Debtors in the District Court by filing the *Complaint for Injunctive and Other Relief* (as amended, the "**Complaint**") [Case No. 18-61991, ECF Nos. 1, 79], which alleges, among other things, certain violations of the federal securities laws.

10.      To resolve and settle all issues of liability against the Debtors in connection with the SEC Proceeding, with the resolution of monetary issues to be addressed at a later date, on November 26, 2018, Bradley D. Sharp, solely in his capacity as the Debtors' Chief Restructuring Officer, executed the Consent.

11.      As described in greater detail below, pursuant to the Consent, without admitting or denying the allegations set forth in the Complaint (except as to the jurisdiction of the District Court), the Debtors agree to the entry of the Judgment, which, among other things, permanently restrains and enjoins Debtor 1 Global Capital LLC ("**1GC**") from violating Sections 5(a) and 5(c) and 17(a) of the Securities Act of 1933 (the "**Securities Act**") and Sections 10(b) and 15(a)(1) and Rule 10b-5 of the Securities Exchange Act of 1934 (the "**Exchange Act**").

12.      On November 27, 2018, the SEC filed the Plaintiff's Unopposed Motion for Judgment Against Defendant 1 Global Capital LLC and Relief Defendant 1 West Capital LLC

and Notice of Filing Consent to Judgment (the "**Motion for Judgment**") [Case No. 18-61991, ECF No. 116], a copy of which is attached hereto as **Exhibit 2**.  Copies of the Consent and Judgment are attached as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, to the Motion for Judgment.  On November 28, 2018, the District Court entered an order granting the Motion for Judgment [Case No. 18-61991, ECF No. 117].

## <u>Summary of the Consent and Judgment</u>[3]

13.     The Consent and Judgment relate to certain alleged violations of the federal securities laws by the Debtors prior to the commencement of the Chapter 11 Cases.

14.     Pursuant to the Consent and Judgment, without admitting or denying the allegations of the Complaint (except as to the jurisdiction of the District Court), the Debtors agree to the entry of the Judgment, which provides that, among other things:  (i) Debtor 1GC is permanently restrained and enjoined from violating Sections 5(a) and 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a)(1) and Rule 10b-5 of the Exchange Act; (ii) upon motion of the SEC, the District Court will determine whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest against the Debtors or a civil penalty against Debtor 1GC; (iii) in connection with any hearing regarding disgorgement or a civil penalty, (a) the Debtors will be precluded from (1) arguing that they did not violate the federal securities laws as alleged in the Complaint and (2) challenging the validity of the Consent or Judgment, (b) solely for purposes of any such motion, the allegations of the Complaint will be accepted as and deemed true by the District Court and (c) the District Court may determine the issues raise in any such motion on the basis of affidavits, declarations, excerpts of sworn deposition or testimony and documentary evidence without regard to the standards for summary

judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  *See* Consent, ¶¶ 2-3; Judgment, Art. I-II.

15.    The Consent and Judgment also provide that the Debtors agree that the District Court will retain jurisdiction over the matter for the purpose of enforcing the terms of the Judgment and that the Bankruptcy Court will continue to maintain jurisdiction over all matters to which the Bankruptcy Court has jurisdiction over in the Chapter 11 Cases.  *See* Consent, ¶ 15; Judgment, Art. IV.

**Relief Requested**

16.    By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit 1</u>**, authorizing and approving the Debtors' (i) entry into the Consent and (ii) consent to the entry of the Judgment.

**Basis for Relief Requested**

17.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the rights and powers afforded to a trustee serving in a chapter 11 case.  *See* 11 U.S.C. § 1107(a). Furthermore, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  *See* 11 U.S.C. § 105(a).

18.    When considering whether to approve a compromise or settlement under Rule 9019, a bankruptcy court must determine if the proposed compromise or settlement is fair, equitable, reasonable and in the best interests of the debtor's estate.  *See Protective Comm. for*

---

[3]    The summary of the Consent and the Judgment included in this section is intended to be a summary, is not complete, and is qualified in its entirety by reference to the actual terms and conditions of the Consent and the

*Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (holding a bankruptcy court considers whether a settlement is "fair and equitable").  A bankruptcy court is not required to decide the merits of claims, but is to assess the probability of succeeding on those claims.  *See In re Vazquez*, 325 B.R. 30, 35 (Bankr. S.D. Fla. 2005).

19.     Approval of a settlement or compromise in a bankruptcy proceeding is within the sound discretion of the court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *See In re Chira*, 367 B.R. 888, 896 n.10 (S.D. Fla. 2007) (citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005)); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "fall[s] below the lowest point in the range of reasonableness."  *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1274-75 (11th Cir. 2007); *In re Arrow Air, Inc.*, 85 B.R. at 891.

20.     The Eleventh Circuit established four factors to be considered as additional guidance when determining whether a settlement or compromise should be approved:

> (i)     The probability of success in litigation;
>
> (ii)    The difficulties, if any, to be encountered in the matter of collection;
>
> (iii)   The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and
>
> (iv)    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallace v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F.2d 1544, 1459 (11th Cir. 1990).

21.     The *Justice Oaks* factors weigh in favor of the Court's authorization and approval of the Debtors' entry into the Consent and consent to the entry of the Judgment in the SEC

---

Judgment, copies of which are attached as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, to **<u>Exhibit 2</u>**.

Proceeding. Moreover, the Consent and Judgment fall above the lowest point in the range of reasonableness, and therefore, this Motion should be approved.

22.      The Debtors believe that entry into the Consent and entry of the Judgment will resolve certain claims for relief asserted by the SEC for alleged violations of the federal securities laws in an efficient and consensual manner that will avoid costly litigation that would reduce the value of the estates and the recovery of creditors. The agreed upon terms of the Consent and Judgment are the product of extensive arm's-length negotiations between the Debtors and the SEC. Therefore, the Debtors submit that the terms of the Consent and Judgment are fair and reasonable and entry of the proposed order will be in the best interests of the Debtors' estates and creditors.

23.      One of the primary concessions made by the Debtors in the Consent is that they agree to be permanently restrained and enjoined from violating Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a)(1) and Rule 10b-5 of the Exchange Act. However, such prohibition on the activities of the Debtors will not have any effect on the current business activities of the Debtors because the Debtors ceased the solicitation of any and all investments upon the commencement of these Chapter 11 Cases.

24.      In accordance with the Consent and Judgment, the SEC may request that the District Court order disgorgement of ill-gotten gains and prejudgment interest against the Debtors or a civil penalty against Debtor 1GC. However, no monetary penalties or other amounts are required to be paid under the Consent or Judgment and the Debtors will retain their right to argue in opposition to the imposition of any monetary penalties by the District Court. Furthermore, it is the intent of the Debtors to seek confirmation of a plan of liquidation that will provide for all of the Debtors' assets to be distributed to their investors, who are the victims of

the securities fraud that has been alleged by the SEC.  Such a liquidating plan would obviate the need for any imposition of monetary penalties.

25.     In light of the foregoing, the Debtors submit that entry into the Consent and entry of the Judgment is fair and equitable, reasonable, and in the best interests of the Debtors' estates and creditors.  Accordingly, the Debtors respectfully request the Court approve the Debtors' entry into the Consent, thereby authorizing the entry of the Judgment against the Debtors in the SEC Proceeding.

*[Remainder of Page Intentionally Left Blank]*

## Conclusion

**WHEREFORE**, the Debtors respectfully request that this Court enter an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.


Dated:  December 7, 2018                    GREENBERG TRAURIG, LLP

                                            */s/ Paul J. Keenan Jr.*
                                            Paul J. Keenan Jr.
                                            Fla. Bar No. 0594687
                                            keenanp@gtlaw.com

                                            John R. Dodd
                                            Fla. Bar No. 38091
                                            doddj@gtlaw.com

                                            333 S.E. 2nd Avenue, Suite 4400
                                            Miami, Florida 33131
                                            Tel: 305-579-0500
                                            Fax: (305) 579-0717

                                            *Counsel for the Debtors*
                                            *and Debtors-in-Possession*

**<u>EXHIBIT 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A CONSENT AND**
**JUDGMENT WITH THE SECURITIES AND EXCHANGE COMMISSION**

THIS MATTER came before the Bankruptcy Court upon the *Debtors' Motion for Entry of*

*an Order Authorizing and Approving the Debtors' Entry into a Consent and Judgment with the*

*Securities and Exchange Commission* [ECF No. ____] (the "**Motion**")[2] filed by the above-captioned

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

[2]    Any term not defined herein shall have the meaning ascribed to it in the Motion.

debtors and debtors-in-possession (collectively, the "**Debtors**").  By the Motion, the Debtors seek

an order, pursuant to sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019,

and Local Rules 9013-1(D) and 9019-1(A), authorizing and approving the Debtors' (i) entry into

the Consent and (ii) consent to the entry of the Judgment with the SEC in connection with the SEC

Proceeding pending before the District Court.  The Bankruptcy Court finds that (i) it has

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Bankruptcy Court may enter a

final order consistent with Article III of the Constitution; (iii) venue is proper before this

Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion

is in the best interests of the Debtors, their estates, their creditors and other parties in interest;

(v) notice of the Motion was appropriate under the circumstances and no other notice need be

provided; and (vi) upon review of the record before the Bankruptcy Court, including the legal and

factual bases set forth in the Motion, good and sufficient cause exists to grant the relief requested.

Accordingly, it is

ORDERED as follows:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule

9019 and Local Rule 9019-1(A), the Debtors' entry into the Consent and consent to entry of the

Judgment is authorized and approved.

3.      Nothing in the Consent, the Judgment or this Order is or shall be deemed to be an

admission or a declaration against interest by the Debtors or used in any way by the Debtors or

any party (other than the SEC) in the Debtors' cases to prejudice any rights or claims made by any

party in these Chapter 11 Cases, including, but not limited to, the Debtors and the Committee, all of which rights are expressly preserved.

4.      The enforcement of any monetary award or claim against the Debtors in connection with the SEC Proceeding shall be subject to sections 362 and 1141 of the Bankruptcy Code (to the extent applicable).

5.      This Bankruptcy Court will continue to maintain jurisdiction over all such matters to which this Bankruptcy Court has jurisdiction in these Chapter 11 Cases.  Nothing in the Consent or Judgment or this Order grants the District Court jurisdiction it would not otherwise have.

6.      The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      This Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.


*[Remainder of Page Intentionally Left Blank]*

#       #       #

Submitted by:

John R. Dodd, Esq.
Fla. Bar. No. 38091
doddj@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*Counsel for the Debtors*
*and Debtors-in-Possession*

(*Epiq Corporate Restructuring, LLC is directed to serve copies of this Order upon all interested parties and to file a Certificate of Service with the Bankruptcy Court.*)

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-61991-BLOOM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

        Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

        Relief Defendants.

_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR JUDGMENT AGAINST
DEFENDANT 1 GLOBAL CAPITAL LLC AND RELIEF DEFENDANT 1 WEST
CAPITAL LLC AND NOTICE OF FILING CONSENT TO JUDGMENT**

      Plaintiff Securities and Exchange Commission hereby moves on an unopposed basis for

the Court to enter a Judgment against Defendant 1 Global Capital LLC and Relief Defendant 1

West Capital LLC (collectively the "Debtors"). By the attached Consent of the Debtors to

Judgment entered into on their behalf by Bradley D. Sharp, solely in his capacity as the Chief

Restructuring Officer of the Debtors, a properly authorized officer with the requisite authority to

enter into the Consent on behalf of the Debtors ("Consent"),[1] the Debtors have consented to the attached Judgment against the Debtors ("Judgment"). [2]

Accordingly, the Commission respectfully requests entry of the attached unopposed Judgment, which will resolve all issues of liability against the Debtors, while leaving for future resolution the monetary issues.

Respectfully submitted,

November 27, 2018

By: *s/ Christopher E. Martin*
Christopher E. Martin, Esq.
Senior Trial Counsel
SD Fla. Bar No. A5500747
Direct Dial: (305) 982-6386
Email: martinc@sec.gov

By: *s/Robert K. Levenson*
Robert K. Levenson, Esq.
Senior Trial Counsel
Florida Bar No. 0089771
Direct Dial:  (305) 982-6341
Email:  levensonr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 27, 2018, the foregoing document was filed electronically with the Clerk of Court using CM/ECF system and served via CM/ECF.

/s/ *Christopher Martin*
Christopher Martin

---

[1] The Consent is attached hereto as Exhibit A.

[2] The Judgment is attached hereto as Exhibit B.

2

## SERVICE LIST

*SEC v 1 Global LLC et al., Case No. 18-cv-61991-BB, U.S.D.C. (SD Fla.)*

Jared E. Dwyer, Esq.
Stephanie Peral, Esq.
Paul J. Keenan, Jr., Esq.
Greenberg Traurig LLP
333 SE 2nd Avenue, Suite 4100
Miami, FL 33131
Tel. 305.579.0500
dwyerje@gtlaw.com;  perals@gtlaw.com; keenanp@gtlaw.com
*Attorneys for Defendant 1 Global Capital LLC*
*and Relief Defendant 1 West Capital LLC*

Jeffrey E. Marcus, Esq.
Daniel L. Rashbaum, Esq.
Jeffrey Neiman, Esq.
Michael A. Pineiro, Esq.
Marcus Neiman & Rashbaum LLP
2 South Biscayne Boulevard, Suite 1750
Miami, FL 33131
Tel. 305.400.4268
jmarcus@mnrlawfirm.com; drashbaum@mnrlawfirm.com;
jneiman@mnrlawfirm.com; mpineiro@mnrlawfirm.com
*Attorneys for Defendant Carl Ruderman*

Daniel S. Newman, Esq.
Gary M. Freedman, Esq.
Jonathan Etra, Esq.
Michael Lessne
Christopher C. Cavallo
Nelson Mullins Broad and Cassel
One Biscayne Tower, 21st Floor
2 South Biscayne Blvd.
Miami, FL 33131
Tel. 305.373.9400
dan.newman@nelsonmullins.com; gary.freedman@nelsonmullins.com
jonathan.etra@nelsonmullins.com; michael.lessne@nelsonmullins.com
chris.cavallo@nelsonmullins.com
*Attorneys for Court-Appointed Receiver, Jon A. Sale, Esq.*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-cv-61991-BB-BLOOM**

SECURITIES AND EXCHANGE COMMISSION,

                **Plaintiff,**

v.

**1 GLOBAL CAPITAL, LLC, and**
**CARL RUDERMAN,**

                **Defendants, and**

**1 WEST CAPITAL, LLC,**
**BRIGHT SMILE FINANCING, LLC,**
**BRR BLOCK, INC.,**
**DIGI-SOUTH, INC.,**
**GANADOR ENTERPRISES, LLC,**
**MEDIA PAY, LLC,**
**PAY NOW DIRECT, LLC, and**
**RUDERMAN FAMILY TRUST,**

                **Relief Defendants.**

_____/

**CONSENT OF DEFENDANT 1 GLOBAL CAPITAL LLC AND RELIEF DEFENDANT**
**1 WEST CAPITAL LLC TO JUDGMENT**

      1.      Defendant 1 Global Capital LLC and Relief Defendant 1 West Capital LLC (collectively the "Debtors"), by and through their undersigned counsel, acknowledge having been served with the Summonses and the Amended Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over the Debtors and over the subject matter of this action.

      2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which they admit), the Debtors hereby consent, subject to bankruptcy court approval in the Debtors pending Chapter 11 Bankruptcy Case (Case No. 18-19121-RBR (Bankr. S.D. Fla.), the "Bankruptcy Case") to the entry of entry of the Judgment

Against Defendant 1 Global and Relief Defendant 1 West ("Judgment") in the form attached hereto and incorporated by reference herein, which, among other things, permanently restrains and enjoins 1 Global from violating Sections 5(a) and 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), and Sections 10(b) and 15(a)(1) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act").

3.       The Debtors agree that, upon motion of the Commission, if any, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest against the Debtors or a civil penalty against 1 Global.  The Debtors further understand that, if disgorgement is ordered, they shall pay prejudgment interest on disgorgement, calculated as starting from July 28, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  The Debtors further agree that in connection with the Commission's motion for disgorgement or a civil penalty, and at any hearing held on such a motion: (a) the Debtors will be precluded from arguing that Defendant 1 Global Capital did not violate the federal securities laws as alleged in the Amended Complaint; (b) the Debtors may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

4.       The Debtors waive the entry of findings of fact and conclusions of law pursuant to

2

Rule 52 of the Federal Rules of Civil Procedure.

5.      The Debtors waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      The Debtors enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to the Debtors or to anyone acting on their behalf, to induce either of them to enter into this Consent.

7.      The Debtors agree this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.      The Debtors will not oppose enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.      The Debtors waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to them of its terms and conditions.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against the Debtors in this civil proceeding.  The Debtors acknowledge no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  The Debtors waive any claim of Double Jeopardy based upon the settlement of this proceeding, including imposition of any remedy or civil penalty herein. 1 Global further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, 1 Global understands that it shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

11. The Debtors understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of the Debtors' agreement to comply with the terms of Section 202.5(e), they: (a) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (b) will not make or permit to be made any public statement to the effect that the Debtors do not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations, without also stating they do not deny the allegations; and (c) upon filing of this Consent, the Debtors hereby withdraw any papers filed in this action to the extent they deny any allegation in the Amended Complaint. If the Debtors breach this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects the Debtors': (i) testimonial obligations; or (ii) the right

to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     The Debtors hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorneys' fees or other fees, expenses, or costs expended by the Debtors to defend against this action.  For these purposes, the Debtors agree they are not the prevailing party in this action, since the parties have reached a good faith settlement.

13.     The Debtors agree to promptly seek a court order in the Bankruptcy Case, pursuant to Fed.R.Bankr.P. 9019, authorizing the Debtors to enter into this Consent and to the entry of the Judgment.

14.     The Debtors further agree that the Commission may, upon issuance of the court order in the Bankruptcy Case referenced in paragraph 14 above, present the Judgment to the Court for signature and entry without further notice.

15.     The Debtors agree that this Court shall retain jurisdiction over them and over this matter for the purpose of enforcing the terms of the Judgment.  The Bankruptcy Court shall continue to maintain jurisdiction over all such matters to which the Bankruptcy Court has jurisdiction over in the Bankruptcy Case.

---

Bradley D. Sharp, solely in his capacity as the Chief Restructuring Officer of the Debtors,

as a properly authorized officer with the requisite authority to enter into this Consent on behalf of

the Debtors, hereby consents to the Court's Entry of the attached Judgment.

November 21, 2018                          By: _____

                                               Bradley D. Sharp
                                               Chief Restructuring Officer of the Debtors

**STATE OF CALIFORNIA**              )
                                     )
**COUNTY OF** Los Angeles            )

    On this 26TH day of November 2018, before me personally appeared Bradley D. Sharp who

___✓___ is personally known to me or _____ produced a driver's license bearing his name and

photograph as identification, and who executed this Consent, and he acknowledged to me that he

executed the same.

_____

Notary Public   Roberta L. Aranda

Approved as to Form:

By: _____
    Jared E. Dwyer, Esq.
    Greenberg Traurig LLP
    333 SE 2nd Avenue, Suite 4100
    Miami, FL 33131
    *Counsel to the Debtors*

> ROBERTA L. ARANDA
> Notary Public – California
> Los Angeles County
> Commission # 2194449
> My Comm. Expires Apr 28, 2021

6

as a properly authorized officer with the requisite authority to enter into this Consent on behalf of the Debtors, hereby consents to the Court's Entry of the attached Judgment.

November 21, 2018

By: _____
Bradley D. Sharp
Chief Restructuring Officer of the Debtors

**STATE OF CALIFORNIA** )
 )
**COUNTY OF** Los Angeles )

On this 26TH day of November 2018, before me personally appeared Bradley D. Sharp who
___✓___ is personally known to me or _____ produced a driver's license bearing his name and
photograph as identification, and who executed this Consent, and he acknowledged to me that he
executed the same.

_____
Notary Public  Roberta L. Aranda

Approved as to Form:

By: _____
Jared E. Dwyer, Esq.
Greenberg Traurig LLP
333 SE 2nd Avenue, Suite 4100
Miami, FL 33131
*Counsel to the Debtors*

ROBERTA L. ARANDA
Notary Public – California
Los Angeles County
Commission # 2194449
My Comm. Expires Apr 28, 2021

6

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-61991-BB-BLOOM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

        Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

        Relief Defendants.

_____/

**JUDGMENT AGAINST DEFENDANT 1 GLOBAL CAPITAL LLC
AND RELIEF DEFENDANT 1 WEST CAPITAL LLC**

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's

Unopposed Motion for a Judgment ("Judgment") Against Defendant 1 Global Capital LLC ("1

Global") and Relief Defendant 1 West Capital LLC ("1 West") (collectively the "Debtors"). By

the Consent of 1 Global and 1 West to Judgment ("Consent") annexed hereto, without admitting

or denying the allegations of the Amended Complaint (except that they admit the jurisdiction of

this Court over them and over the subject matter of this action), subject to bankruptcy court

approval in the Debtors' pending Chapter 11 Bankruptcy Case (Case No. 18-1921-RBR (Bankr.

S.D. Fla.), the "Bankruptcy Case"), which has been so approved, the Debtors have entered a

general appearance, consented to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment.  The Court finds that good cause exists for entry of the Judgment.  Accordingly, the Commission's Motion is **GRANTED**.  The Court further orders as follows:

**I.**

**PERMANENT INJUNCTIVE RELIEF**

**A.  Section 5 of the Securities Act of 1933 ("Securities Act")**

**IT IS HEREBY ORDERED AND ADJUDGED** that 1 Global is  permanently restrained and enjoined from violating Section 5 of the Securities Act (15 U.S.C. § 77e) by, directly or indirectly, in the absence of any Applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of

2

the registration statement) any public proceeding or examination under Section 8 of the Securities Act (15 U.S.C. § 77h).

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

## B. Section 17(a) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that 1 Global is permanently restrained and enjoined from violating Section 17(a) of the Securities Act (15 U.S.C. §§ 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

3

(D) compensation to any person, or

(E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

**C.  Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED AND ADJUDGED**  that 1 Global is  permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the  Exchange  Act (15  U.S.C.  § 78j(b))  and  Rule  10b-5 promulgated  thereunder (17 C.F.R. § 240.10b-5), by using  any  means  or  instrumentality  of  interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to  engage  in  any  act,  practice,  or  course  of  business  which  operates  or would operate as a fraud or deceit upon any person,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

4

(D) compensation to any person, or

(E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

## D.  Section 15(a) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that 1 Global is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, [15 U.S.C. § 78o(a)], by using the mails or other means or instrumentalities of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities, without being associated with a broker or dealer that was registered with the Commission in accordance with Section 15(b) of the Exchange Act (15 U.S.C. §78o(b)).

**ITIS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

## II.

## MONETARY RELIEF

**IT IS FURTHER ORDERED AND ADJUDGED** that upon motion of the Commission, if any, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest on disgorgement against the Debtors and a civil penalty

against 1 Global, and if so, the amount of the disgorgement and prejudgment interest against the Debtors and the amount of any civil penalty against 1 Global. If disgorgement is ordered, the Debtors shall pay, subject to an order of the bankruptcy court, prejudgment interest on disgorgement, calculated as starting from July 28, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement or a civil penalty, and at any hearing held on such a motion: (i) the Debtors will be precluded from arguing that 1 Global did not violate the federal securities laws as alleged in the Amended Complaint; (ii) the Debtors may not challenge the validity of the Consent or this Judgment; (iii) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and the Debtors shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and the Debtors in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances, subject to any necessary approvals or orders of the Bankruptcy Court.  The Bankruptcy Court shall continue to maintain jurisdiction over all such matters over which the Bankruptcy Court has jurisdiction in the Bankruptcy Case.

**V.**

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this _____ day of _____ 2018, at _____, Florida.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to all parties and counsel of record