**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND
APPROVING (I) THE DEBTORS' ENTRY INTO A STIPULATION WITH THE
COLORADO DIVISION OF SECURITIES FOR THE ENTRY OF A CONSENT ORDER
AND (II) THE ENTRY OF A CONSENT ORDER**

> **Any interested party who fails to file and serve a written response to
> this motion within 21 days after the date of service stated in this
> motion shall, pursuant to Local Rule 9013-1(D), be deemed to have
> consented to the entry of an order in the form attached to this motion.
> Any scheduled hearing may then be canceled.**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")
hereby submit this motion (the "**Motion**"), pursuant to sections 105(a) and 1107(a) of title 11 of
the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 9019(a) of the
Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9013-1(D) and
9019-1(A) of the Local Rules of the United States Bankruptcy Court for the Southern District of
Florida (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as
**Exhibit 1**, authorizing and approving (i) the Debtors' entry into the stipulation (the
"**Stipulation**"), a copy of which is attached hereto as **Exhibit 2**, with the Staff of the Colorado
Division of Securities (the "**Staff**") and (ii) the entry of the Consent Cease and Desist Order (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each
Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach
Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach
Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

"**Consent Order**"), a copy of which is attached to the Stipulation as Exhibit A, in connection with the administrative proceeding (the "**Administrative Proceeding**") against Debtor 1 Global Capital, LLC ("**1GC**") that is currently pending before the Securities Commissioner for the State of Colorado (the "**Commissioner**"), Case No. 201-CDS-025.  In support of this Motion, the Debtors respectfully state as follows:

<u>**Jurisdiction, Venue and Statutory Predicates**</u>

1.      The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicate for the relief requested herein are sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Rules 9013-1(D) and 9019-1(A).

<u>**Status of the Case**</u>

4.      On July 27, 2018 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**").

5.      The Debtors are operating their business and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No request has been made for the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code.

7.      On September 7, 2018, the Office of the United States Trustee appointed an official committee of unsecured creditors [ECF No. 138].

8.     A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is set forth in the Debtors' Chapter 11 Case Management Summary [ECF No. 8].

<u>**The Investigation and Resulting Allegations Against 1GC**</u>

9.     In 2018, the Staff, pursuant to § 11-51-601, C.R.S., conducted an investigation (the "**Investigation**") into certain activities of 1GC in the State of Colorado.

10.     As a result of the Investigation, the Staff alleges that, between September 2017 and July 26, 2018, among other things, (i) 1GC, through the use of individual agents, marketed and sold interests in loans used to fund cash advancements to merchants; (ii) 1GC was not licensed with the Colorado Division of Securities as a broker-dealer or investment adviser at the time of such marketing and sales of the loan interests; and (iii) at the time of such marketing and sales of the loan interests, the loan interests were not registered with the Colorado Division of Securities or exempt from registration.  The Staff asserts such actions violate state securities regulations, specifically §§ 11-51-301 and 401, C.R.S.

11.     To resolve these issues and avoid prosecution and potential liability in connection with the allegations arising from the Investigation, on January 3, 2019, Bradley D. Sharp, solely in his capacity as the Debtors' Chief Restructuring Officer, executed the Stipulation.

12.     As described in greater detail below, pursuant to the Stipulation, without admitting or denying the Staff allegations (except as to the jurisdiction of the Commissioner), 1GC, subject to the approval of the Bankruptcy Court, agrees to the entry of the Consent Order in the Administrative Proceeding, which, among other things, mandates that 1GC permanently cease and desist from engaging in conduct in violation of any provision of the Colorado Securities Act, §§ 11-51-101 through 803, C.R.S., including, but not limited to, the marketing,

selling, renewing, rolling-over or otherwise conveying interests in the fractional shares of loans used to fund cash advancements or any other unregistered security in Colorado.

## Summary of the Stipulation and Consent Order[2]

13.     The Stipulation and Consent Order relate to alleged violations of certain of the securities laws of the State of Colorado by 1GC prior to the commencement of the Chapter 11 Cases.

14.     Pursuant to the Stipulation and Consent Order, without admitting or denying the Staff allegations resulting from the Investigation (except as to the jurisdiction of the Commissioner) and subject to the Bankruptcy Court's approval, 1GC agrees to the entry of the Consent Order, which provides that, among other things:   (i) 1GC must immediately and permanently cease and desist from engaging in the following acts: (a) offering or selling unregistered securities in or from the State of Colorado in violation of §§ 11-51-301, C.R.S., *et seq.*, (b) offering to sell or selling any security in or from the State of Colorado unless 1GC is in compliance with the provisions of §§ 11-51-301, 401, and 501, C.R.S., or (c) otherwise engaging in conduct in violation of any provision of the Colorado Securities Act, §§ 11-51-101 through 803, C.R.S.; and (ii) 1GC must immediately and permanently cease marketing, selling, renewing, rolling-over or otherwise conveying interests in the fractional shares of loans used to fund cash advancements or any other unregistered security in Colorado.  *See* Stipulation, ¶ 3; Consent Order (Order), ¶¶ 1, 3.

15.     Further, as set forth in the Stipulation, in resolving this matter through its entry into the Stipulation and consent for the entry of the Consent Order, 1GC (i) waives certain rights

---

[2]     The summary of the Stipulation and the Consent Order included in this section is intended to be a summary, is not complete, and is qualified in its entirety by reference to the actual terms and conditions of the Stipulation and the Consent Order, copies of which are attached hereto as **Exhibit 2** and Exhibit A to the Stipulation, respectively.

it is entitled to and findings required by certain provisions of the Colorado Securities Act; (ii) agrees to refrain from taking any action or making, or permitting to be made, any public statement directly or indirectly denying (a) any finding or conclusion set forth in the Consent Order or (b) that the Consent Order lacks a factual basis; and (iii) acknowledges that any violation of the Consent Order may constitute grounds for further sanctions and formal proceedings against it.    Notwithstanding (ii) of the preceding sentence, 1GC shall not be precluded from asserting contrary legal and factual positions in any litigation or other proceedings in which the Staff is not a party.  *See* Stipulation, ¶¶ 4, 6-8; Consent Order (Findings), ¶¶ 2-3.

16.    The Consent Order also provides that the Commissioner will retain jurisdiction over the matter for the purpose of enforcing the terms of the Stipulation and Consent Order and the Commissioner reserves the power to enter additional orders as needed to ensure 1GC's compliance with the Consent Order.  *See* Consent Order (Order), ¶¶ 4, 5.

17.    As the Staff allegations set forth in the Stipulation do not arise from any conduct of 1GC's current Independent Manager, Chief Restructuring Officer, their respective firms, or any employees of their respective firms, the Stipulation and Consent Order do not apply to such persons and/or entities.

## **Relief Requested**

18.    By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit 1**, authorizing and approving (i) the Debtors' entry into the Stipulation and (ii) the entry of the Consent Order in the Administrative Proceeding.

## **Basis for Relief Requested**

19.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed.

R. Bankr. P. 9019(a).  Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the rights and powers afforded to a trustee serving in a chapter 11 case.  *See* 11 U.S.C. § 1107(a). Furthermore, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  *See* 11 U.S.C. § 105(a).

20.     When considering whether to approve a compromise or settlement under Rule 9019, a bankruptcy court must determine if the proposed compromise or settlement is fair, equitable, reasonable and in the best interests of the debtor's estate.  *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (holding a bankruptcy court considers whether a settlement is "fair and equitable").  A bankruptcy court is not required to decide the merits of claims, but is to assess the probability of succeeding on those claims.  *See In re Vazquez*, 325 B.R. 30, 35 (Bankr. S.D. Fla. 2005).

21.     Approval of a settlement or compromise in a bankruptcy proceeding is within the sound discretion of a bankruptcy court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *See In re Chira*, 367 B.R. 888, 896 n.10 (S.D. Fla. 2007) (citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005)); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "fall[s] below the lowest point in the range of reasonableness."  *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1274-75 (11th Cir. 2007); *In re Arrow Air, Inc.*, 85 B.R. at 891.

22.     The Eleventh Circuit established four factors to be considered as additional guidance when determining whether a settlement or compromise should be approved:

(i)     The probability of success in litigation;

(ii)    The difficulties, if any, to be encountered in the matter of collection;

(iii)   The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(iv)    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallace v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F.2d 1544, 1459 (11th Cir. 1990).

23.     The *Justice Oaks* factors weigh in favor of the Court's authorization and approval of the Debtors' entry into the Stipulation and agreement to the entry of the Consent Order in the Administrative Proceeding.  Moreover, the Stipulation and Consent Order fall above the lowest point in the range of reasonableness, and therefore, this Motion should be approved.

24.     The Debtors believe that entry into the Stipulation and entry of the Consent Order will resolve the Administrative Proceeding surrounding the allegations asserted by the Staff for alleged violations of Colorado securities laws in an efficient and consensual manner that will avoid costly litigation that would reduce the value of the estates and the recovery of creditors. The agreed-upon terms of the Stipulation and Consent Order are the product of arm's-length negotiations between the Debtors and the Staff.  Therefore, the Debtors submit that the terms of the Stipulation and the Consent Order are fair and reasonable and entry of the proposed order will be in the best interests of the Debtors' estates and creditors.

25.     One of the primary concessions made by Debtor 1GC in the Consent Order is that it agrees to permanently cease and desist from engaging in conduct in violation of any provision of the Colorado Securities Act, §§ 11-51-101 through 803, C.R.S., including, but not limited to, the marketing, selling, renewing, rolling-over or otherwise conveying interests in the fractional shares of loans used to fund cash advancements or any other unregistered security in Colorado.

However, such prohibition on the activities of 1GC will not have any effect on its current business activities as the Debtors ceased the solicitation of any and all investments upon the commencement of these Chapter 11 Cases.

26.     In accordance with the Stipulation and the Consent Order, in the event 1GC fails to comply with any term or condition of the Consent Order or the Stipulation, the Commissioner or the Staff may initiate formal enforcement proceedings against 1GC for such noncompliance. However, no monetary penalties or other amounts are required to be paid under the Stipulation or the Consent Order.  Furthermore, it is the intent of the Debtors to seek confirmation of a plan of liquidation that will provide for all of the Debtors' assets to be distributed to their investors, including any victims of the securities fraud that has been alleged by the Staff.  Such a liquidating plan would obviate the need for any imposition of monetary penalties.

27.     In light of the foregoing, the Debtors submit that entry into the Stipulation and entry of the Consent Order is fair and equitable, reasonable, and in the best interests of the Debtors' estates and creditors.  Accordingly, the Debtors respectfully request the Bankruptcy Court approve the Debtors' entry into the Stipulation, thereby authorizing the entry of the Consent Order against the Debtors in the Administrative Proceeding.


*[Remainder of Page Intentionally Left Blank]*

## **Conclusion**

**WHEREFORE**, the Debtors respectfully request that the Bankruptcy Court enter an order granting the relief requested herein and granting such other and further relief as the Bankruptcy Court deems just and proper.


Dated:  January 25, 2019                           GREENBERG TRAURIG, LLP

                                                    */s/ John R. Dodd*
                                                    Paul J. Keenan Jr.
                                                    Fla. Bar No. 0594687
                                                    keenanp@gtlaw.com

                                                    John R. Dodd
                                                    Fla. Bar No. 38091
                                                    doddj@gtlaw.com

                                                    333 S.E. 2nd Avenue, Suite 4400
                                                    Miami, Florida 33131
                                                    Tel: 305-579-0500
                                                    Fax: (305) 579-0717

                                                    *Counsel for the Debtors*
                                                    *and Debtors-in-Possession*

**EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING (I) THE DEBTORS' ENTRY INTO A
STIPULATION WITH THE COLORADO DIVISION OF SECURITIES FOR THE
ENTRY OF A CONSENT ORDER AND (II) THE ENTRY OF A CONSENT ORDER**

THIS MATTER came before the Bankruptcy Court upon the *Debtors' Motion for Entry of*

*an Order Authorizing and Approving (I) the Debtors' Entry into a Stipulation with the Colorado*

*Division of Securities for the Entry of a Consent Order and (II) the Entry of a Consent Order* [ECF

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  1 Global Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach, FL 33009 (1711).

No.    ] (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**").  By the Motion, the Debtors seek an order, pursuant to sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rules 9013-1(D) and 9019-1(A), authorizing and approving (a) the Debtors' entry into the Stipulation and (b) the entry of the Consent Order in the Administrative Proceeding pending before the Commissioner. The Bankruptcy Court, having reviewed the Motion, the Stipulation and the Consent Order, finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Bankruptcy Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Bankruptcy Court, including the legal and factual bases set forth in the Motion, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

ORDERED as follows:

1.    The Motion is **GRANTED** as set forth herein.

2.    The Debtors are **AUTHORIZED** to enter into the Stipulation, and the Stipulation is **APPROVED** in its entirety.

3.    As set forth in the Stipulation, the Commissioner is authorized to enter the Consent Order against Debtor 1GC in the Administrative Proceeding.

---

[2]    Any term not defined herein shall have the meaning ascribed to it in the Motion.

4.      The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      This Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

#      #      #

Submitted by:

John R. Dodd, Esq.
Fla. Bar. No. 38091
doddj@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*Counsel for the Debtors*
*and Debtors-in-Possession*

(*Epiq Corporate Restructuring, LLC is directed to serve copies of this Order upon all interested parties and to file a Certificate of Service with the Bankruptcy Court.*)

**<u>EXHIBIT 2</u>**

**Stipulation**

BEFORE THE SECURITIES COMMISSIONER
STATE OF COLORADO

Case No. 2018-CDS-025

## STIPULATION FOR CONSENT CEASE AND DESIST ORDER

IN THE MATTER OF 1 GLOBAL CAPITAL, LLC,

Respondent.

The Staff of the Colorado Division of Securities ("Staff") and Respondent 1 Global Capital, LLC, which is currently in bankruptcy ("Debtor" or "1GC"), hereby enters into this Stipulation for Consent Cease and Desist Order in this matter as follows:

## I.    Background

1.    The Staff conducted an investigation pursuant to § 11-51-601, C.R.S.

2.    As a result of its investigation, the Staff alleges that 1GC engaged in the following conduct between September of 2017 and July 26, 2018:

   a.    Beginning in September of 2017 and ending on July 26, 2018, 1GC offered and sold at least $11,300,000 of interests in loans used to fund cash advancements to merchants ("loan program") to at least 117 Colorado investors.

   b.    Mr. Jeffry Tupper ("Tupper") and Mr. Kenneth Riewerts ("Riewerts") marketed and sold the 1GC loan program to Colorado investors through Pinnacle Plus Capital, LLC.

   c.    Pinnacle Plus Capital, LLC ("Pinnacle") is not licensed as an investment adviser or broker-dealer in Colorado.

   d.    Pinnacle, Tupper and Riewerts were paid at least $79,500 in commissions from 1GC for the sale of interests in the loan program.

   e.    Both Tupper and Riewerts are associated with Pinnacle Wealth Management, LLC (CRD #153896) an investment adviser licensed in Colorado, Kansas, Louisiana and Missouri.

   f.    Riewerts (CRD #6612013) is licensed as an investment adviser representative in Colorado.

   g.    Tupper (CRD #2285619) is licensed as an investment adviser representative in Colorado.

h.      Pinnacle Wealth Management, LLC, Tupper and Riewerts are not licensed as broker-dealers or broker-dealer sales representatives in Colorado.

i.      1GC also used Mr. Andy White ("White") to market and sell the 1GC loan program to Colorado investors.

j.      White was paid at least $204,000 in commissions from 1GC for the sale of interests in the loan program.

k.      White is not licensed as broker-dealer or broker-dealer sales representative in Colorado.

l.      1GC was not licensed with the Colorado Division of Securities as a broker-dealer or investment adviser at the time of such offer or sale.

m.      The interests in the loan program sold by 1GC were not registered with the Colorado Division of Securities or exempt from registration at the time of such offer or sale.

3.      The Staff alleges that the interests in the loan program sold by 1GC are securities as defined by § 11-51-201(17), C.R.S.

4.      Based on this alleged conduct, the Staff alleges that Respondent violated §§ 11-51-301 and 401, C.R.S., which constitutes grounds for the issuance of a cease and desist order.

## II.      Stipulation

The Staff and 1GC, in order to resolve this matter without a formal hearing, hereby enter into this Stipulation for Consent Cease and Desist Order in this matter as follows:

1.      The Securities Commissioner for the State of Colorado has jurisdiction over 1GC and the subject matter of this action.

2.      1GC agrees to the entry of a Consent Order, subject to bankruptcy court approval in the Debtor's pending Chapter 11 Bankruptcy Case (Case No. 18-19121-RBR (Bankr. S.D. Fla.), the "Bankruptcy Case"), in the form attached hereto as Exhibit A and incorporated by reference.

3.      By entering into this Stipulation, 1GC neither admits nor denies that the Staff's allegations contained in this Stipulation are true.

4.      1GC understands that it has the following rights: (1) to have a formal hearing pursuant to §§ 11-51-606(1) and (1.5), C.R.S.; (2) to be represented by counsel in that action; (3) to present a defense through oral or documentary evidence; (4) to cross-examine witnesses at such hearing; (5) to findings by the Securities Commissioner as required by § 11-51-606(1.5), C.R.S; and (6) to seek judicial review of the Consent Order as provided in §§ 11-51-607 and 24-4-106, C.R.S.

By entering into this Stipulation, 1GC expressly waives the rights set forth in this paragraph.

5. 1GC acknowledges that it has entered into this Stipulation voluntarily, after the opportunity to consult with counsel, and with the understanding of the legal consequences of this Stipulation and Consent Cease and Desist Order.

6. 1GC hereby waives the findings required by § 11-51-606(1.5)(d)(IV), C.R.S.; and pursuant to § 11-51-704(2), C.R.S., 1GC does not contest that the entry of this Consent Cease and Desist Order is necessary and appropriate in the public interest and is consistent with the purposes and provisions of the Act.

7. By consenting to the entry of the Consent Order, 1GC agrees not to take any action or to make, or permit to be made, any public statement denying, directly or indirectly, any Finding or Conclusion in the Consent Order or that the Order lacks a factual basis. Nothing, however, in this Stipulation or in the Consent Order affects 1GC's testimonial obligations or the right to assert contrary legal and factual positions in litigation or other proceedings in which the Staff is not a party.

8. 1GC acknowledges that any violation of the Consent Order, when issued, may constitute grounds for further sanctions and formal proceedings against them for such violations.

9. This Stipulation is subject to approval by the Securities Commissioner, and shall become binding upon the parties hereto upon such approval and upon approval in the Bankruptcy Case.

10. On July 27, 2018, 1GC filed a Chapter 11 petition in the Bankruptcy Court for the Southern District of Florida. Concurrent with the filing of the Bankruptcy Case, the prior management of 1 Global resigned and an independent fiduciary that had no prior involvement with 1 Global became the Independent Manager of the Debtor. The independent fiduciary's appointment as Independent Manager of the Debtor has been ratified by the bankruptcy court.

11. The Independent Manager appointed a Chief Restructuring Officer ("CRO") to oversee the day-to-day operations of the Debtor. Upon being appointed as the Independent Manager, the Independent Manager caused all sales and marketing of the alleged unlicensed securities identified by the Staff to cease. Consistent with their fiduciary duties, the Independent Manager and the CRO have attempted to operate the Debtor in a manner to marshal and maximize the assets of the Debtor in an effort to benefit the individuals that provided capital to the Debtors before the Debtors filed bankruptcy.

12. The conduct and allegations alleged in this Stipulation do not arise from any conduct of the Independent Manager, the CRO, their firms, or any employees of their firms. Rather, the allegations set forth herein arise from conduct occurring

prior to the appointment of the Independent Manager, the CRO, their firms, and their firm's employees.

13.    Accordingly, this Stipulation and related Cease and Desist Order do not apply to the current Independent Manager, the CRO, their respective firms, or employees of such firms.

14.    Nothing in this Stipulation or the Consent Cease and Desist Order shall require: the disqualification or statutory disqualification under Article III of FINRA's bylaws or Section 15A(g)(2) of the Exchange Act of the Independent Manager, the CRO their firms, or any employees of their firms; or disqualification under Section 9(a) of the Investment Company Act of 1940, or Paragraph (d)(1) of Section 506 of Regulation D of the Securities Act, of the Independent Manager, the CRO their firms, or any employees of their firms. Nor is this Stipulation or the Consent Cease and Desist Order intended to cause the Independent Manager, the CRO their firms, or any employees of their firms to make any disclosure on a Form U4 – Uniform Application for Securities Industry Regulation or Transfer.

15.    The Debtor agrees to promptly seek a court order in the Bankruptcy Case, pursuant to Fed.R.Bankr.P. 9019, authorizing the Debtors to enter into this Consent and to the entry of the Consent Cease and Desist Order.

16.    The Debtors further agree that the Commission may, upon issuance of the court order in the Bankruptcy Case referenced in paragraph 15 above, present the Judgment to the Court for signature and entry without further notice.

**BY RESPONDENT:**

By: Bradley D. Sharp, Chief Restructuring Officer
For: 1st Global Capital, LLC

ROBERTA L. ARANDA
Notary Public – California
Los Angeles County
Commission # 2194449
My Comm. Expires Apr 28, 2021

Subscribed and sworn before me this **3** day of **January**, 20**19** in the County/City of **Los Angeles**, State of **California** by **Bradley D. Sharp**

My Commission Expires: **April 28, 2021**

Notary Public, **Roberta L. Aranda**

**BY THE STAFF OF THE DIVISION OF SECURITIES:**

David Cheval
Deputy Securities Commissioner

**Jan. 7, 2019**
Date

**<u>EXHIBIT A</u>**

**Consent Order**

BEFORE THE SECURITIES COMMISSIONER
STATE OF COLORADO

Case No. 2018-CDS-025

---
### CONSENT CEASE AND DESIST ORDER
---

IN THE MATTER OF 1 GLOBAL CAPITAL, LLC,

Respondent.

---

THIS MATTER is before Chris Myklebust, Securities Commissioner for the State of Colorado ("Commissioner"), on the Stipulation for Consent Order ("Stipulation") between the Staff of the Colorado Division of Securities ("Staff") and Respondent 1 Global Capital, LLC, which is currently in bankruptcy (the "Debtor" or "1GC").   Having received approval from the Bankruptcy Court in the Debtor's pending Chapter 11 Bankruptcy Case (Case No. 18-19121-RBR (Bankr. S.D. Fla.)), and after reviewing the Stipulation and grounds therein, the Commissioner makes the following Findings and enters the Order as follows:

### FINDINGS

1. The Commissioner has jurisdiction over the Respondent and this matter pursuant to the provisions of the Colorado Securities Act, §§ 11-51-101 through 803, C.R.S.

2. By entering into the Stipulation, Respondent has waived the following rights:  (1) to have a formal hearing pursuant to §§ 11-51-606(1) and (1.5), C.R.S.; (2) to be represented by counsel in that action; (3) to present a defense through oral or documentary evidence; (4) to cross-examine witnesses at such hearing; (5) to findings by the Securities Commissioner as required by § 11-51¬606(1.5), C.R.S; and (6) to seek judicial review of the Consent Order as provided in §§ 11-51-607 and 24-4-106, C.R.S.

3. Respondent has further waived the findings required by § 11-51-606(1.5)(d)(IV) and does not contest that pursuant to § 11-51-704(2), C.R.S., entry of this Consent Order is necessary and appropriate in the public interest and is consistent with the purposes of the Colorado Securities Act.

4. The Commissioner acknowledges by entering into the Stipulation that Respondent neither admits nor denies that any of the allegations enumerated in Part I of the Stipulation, except to the extent they are included among the stipulations in Part II of the Stipulation, are true.

# ORDER

NOW, THEREFORE, on the basis of the foregoing, it is hereby ORDERED as follows:

1. The Respondent, and any of its officers, directors, agents, employees, and servants, or any person who, directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under the common control with Respondent who receive actual notice of this Order by personal service or otherwise, and who served in such a position prior to the Respondent's bankruptcy on July 27, 2018 are hereby immediately and permanently ordered to cease and desist from engaging in any of the following acts:

    a. Offering or selling unregistered securities in or from the State of Colorado in violation of §§ 11-51-301, C.R.S., *et seq.*, or

    b. Offering to sell or selling any security in or from the State of Colorado unless the Respondent is in compliance with the provisions of §§ 11-51¬301, 401, and 501, C.R.S., or

    c. Otherwise engaging in conduct in violation of any provision of the Colorado Securities Act, §§ 11-51-101 through 803, C.R.S.[1]

2. The terms of the Stipulation are incorporated into and made a part of this Consent Cease and Desist Order.

3. 1GC shall immediately and permanently cease marketing, selling, renewing, rolling-over or otherwise conveying interests in the fractional shares of loans used to fund cash advancements or any other unregistered security in Colorado.

4. The Commissioner shall retain jurisdiction over this action to ensure Respondent's compliance with this Order and reserves the power to enter additional orders as needed to ensure the compliance by the Respondent with this Order.

5. In the event Respondent fails to comply with any of the terms or conditions for this Consent Order or the Stipulation, the Commissioner or the Staff, in their sole discretion, may initiate formal enforcement proceedings against Respondent for such noncompliance. The Stipulation and this Consent Order shall be admissible in any such proceeding.

6. This Consent Order, and the terms and conditions herein, shall be binding on all successors and assigns.

DATE: _____, 201___      _____

                                                        CHRIS MYKLEBUST
                                                         Securities Commissioner

---

[1] This Order does not apply to 1GC's current Independent Manager, Chief Restructuring Officer, their firms, or any employee of their firms.