**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
AND APPROVING EXECUTION BY THE DEBTORS AND ENTRY BY THE
CORPORATIONS, SECURITIES & COMMERCIAL LICENSING BUREAU
OF THE MICHIGAN DEPARTMENT OF LICENSING OF AN
<u>ADMINISTRATIVE CONSENT AGREEMENT AND ORDER</u>**

> **Any interested party who fails to file and serve a written response to
> this motion within 21 days after the date of service stated in this
> motion shall, pursuant to Local Rule 9013-1(D), be deemed to have
> consented to the entry of an order in the form attached to this motion.
> Any scheduled hearing may then be canceled.**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

hereby submit this motion (the "**Motion**"), pursuant to sections 105(a) and 1107(a) of title 11 of

the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 9019(a) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9013-1(D) and

9019-1(A) of the Local Rules of the United States Bankruptcy Court for the Southern District of

Florida (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as

**Exhibit A**, authorizing and approving (i) the Debtors' execution of the Administrative Consent

Agreement (the "**Administrative Consent Agreement**"), a copy of which is attached hereto as

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each
Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections,
1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a
1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711).  On

**Exhibit B**, with the Corporations, Securities & Commercial Licensing Bureau of the State of Michigan Department of Licensing and Regulatory Affairs (the "**Bureau**") and (ii) the entry of the Consent Order (the "**Consent Order**"), a copy of which is attached to the Administrative Consent Agreement, in connection with the *Notice and Order to Cease and Desist* ("**C&D Order**") issued by the Director of the Bureau to Debtor 1 Global Capital LLC ("**1GC**"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Rules 9013-1(D) and 9019-1(A).

## STATUS OF THE CASE

4.      On July 27, 2018 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**").

5.      The Debtors are operating their business and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

February 19, 2019, the Debtors registered the fictitious names "1 GC Collections" and "1 West Collections" with the Florida Department of State.

6.      No request has been made for the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code.

7.      On September 7, 2018, the Office of the United States Trustee appointed an official committee of unsecured creditors [ECF No. 138].

8.      A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is set forth in the Debtors' *Chapter 11 Case Management Summary* [ECF No. 8].

## THE BUREAU'S ALLEGATIONS AGAINST 1GC

9.      The Bureau, pursuant to the Michigan Uniform Securities Act (2002), 2008 PA 551, as amended, MCL § 451.2101 *et seq.* (the "**Michigan Securities Act**"), conducted an investigation (the "**Investigation**") into certain activities of 1GC in the State of Michigan.

10.      As a result of the Investigation, the Director of the Bureau, as the administrator of the Michigan Securities Act (the "**Administrator**"), issued and entered the C&D Order against 1GC on September 25, 2018.   The Administrator alleges that, among other things, 1GC (i) offered or sold securities in Michigan which were not federally covered, exempt from registration, or registered, in violation of section 301 of the Michigan Securities Act; and (ii) engaged in an offering of securities, and in connection with that offering of securities, employed or associated with an unregistered agent, in violation of section 402(4) of the Michigan Securities Act.   Based on 1GC's alleged violations of the Michigan Securities Act, the Administrator ordered 1GC to immediately cease and desist from offering or selling unregistered securities and from employing or associating with any unregistered agents.

11.      To resolve the allegations contained in the C&D Order and avoid prosecution and potential liability in connection with the allegations arising from the Investigation, on April 23,

2019, Bradley D. Sharp, solely in his capacity as the Debtors' Chief Restructuring Officer, executed the Administrative Consent Agreement.

12.     As described in greater detail below, pursuant to the Administrative Consent Agreement, without admitting or denying the allegations contained in the C&D Order (except as to the jurisdiction of the Administrator), 1GC, subject to the approval of the Bankruptcy Court, agreed to the entry of the Consent Order, which, among other things, incorporates the terms of the Administrative Consent Agreement and mandates that 1GC permanently cease and desist offering or selling any securities in Michigan that are not registered or exempt under the Michigan Securities Act, permanently cease and desist employing or associating with unregistered sales agents, and otherwise comply with the Michigan Securities Act and all rules and orders promulgated thereunder.

### SUMMARY OF THE ADMINISTRATIVE
### CONSENT AGREEMENT AND CONSENT ORDER[2]

13.     The Administrative Consent Agreement relates to the C&D Order and alleged violations of certain of the securities laws of the State of Michigan by 1GC prior to the commencement of the Chapter 11 Cases.  The terms of the Administrative Consent Agreement are incorporated by reference in the Consent Order and made binding and effective thereby.

14.     Pursuant to the Administrative Consent Agreement and Consent Order, without admitting or denying the allegations resulting from the Investigation (except as to the jurisdiction of the Administrator) and subject to the Bankruptcy Court's approval, 1GC agreed to resolve the

---

[2]    The summary of the Administrative Consent Agreement and Consent Order set forth herein is intended to be a summary, is not complete, and is qualified in its entirety by reference to the actual terms and conditions of the Administrative Consent Agreement and Consent Order.  In the event of any discrepancy between the terms summarized in this Motion and the terms set forth in the Administrative Consent Agreement and Consent Order, the Administrative Consent Agreement and Consent Order shall control.

C&D Order.  The material terms of the Administrative Consent Agreement and Consent Order can be summarized as follows:

    a.    1GC agrees to (i) permanently cease and desist offering or selling any securities in Michigan that are not registered or exempt under the Michigan Securities Act, (ii) permanently cease and desist from employing or associating with unregistered sales agents, and (iii) otherwise comply with the Michigan Securities Act and all rules and orders promulgated thereunder.

    b.    1GC (i) waives certain rights and recognizes that the Consent Order expressly preserves the Bureau's and Administrator's ability to rely on and assert, in any future proceeding under the Michigan Securities Act, all activities, conduct, and alleged violations contained in or relating to the C&D Order; (ii) agrees to refrain from taking any action or making, or permitting to be made, any public statement directly or indirectly denying (x) any finding or conclusion set forth in the Consent Order or (y) that the Consent Order lacks a factual basis; and (iii) acknowledges that any violation of the Consent Order may constitute grounds for further sanctions and formal proceedings against it.  Notwithstanding (ii) of the preceding sentence, 1GC shall not be precluded from asserting contrary legal and factual positions in any litigation or other proceedings in which the Bureau is not a party.

    c.    The Bureau will impose no civil fines against 1GC in an effort to maximize funds available for recovery by consumer investors through the Chapter 11 Cases.

    d.    The Administrator retains the right to pursue any action or proceeding permitted by law to enforce the Consent Order.

    e.    As the allegations set forth in the C&D Order do not arise from any conduct of 1GC's current Independent Manager, Chief Restructuring Officer, their respective firms, or any employees of their respective firms, the Administrative Consent Agreement and Consent Order do not apply to such persons and/or entities.

## **RELIEF REQUESTED**

15.    By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving (i) the Debtors' execution of the Administrative Consent Agreement and (ii) the entry of the Consent Order.

## BASIS FOR RELIEF REQUESTED

16.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the rights and powers afforded to a trustee serving in a chapter 11 case.  *See* 11 U.S.C. § 1107(a).  Furthermore, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  *See* 11 U.S.C. § 105(a).

17.     When considering whether to approve a compromise or settlement under Rule 9019, a bankruptcy court must determine if the proposed compromise or settlement is fair, equitable, reasonable and in the best interests of the debtor's estate.  *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (holding a bankruptcy court considers whether a settlement is "fair and equitable").  A bankruptcy court is not required to decide the merits of claims, but is to assess the probability of succeeding on those claims.  *See In re Vazquez*, 325 B.R. 30, 35 (Bankr. S.D. Fla. 2005).

18.     Approval of a settlement or compromise in a bankruptcy proceeding is within the sound discretion of a bankruptcy court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *See In re Chira*, 367 B.R. 888, 896 n.10 (S.D. Fla. 2007) (citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005)); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "fall[s] below the lowest point in the range of reasonableness."  *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1274-75 (11th Cir. 2007); *In re Arrow Air, Inc.*, 85 B.R. at 891.

19.    The Eleventh Circuit established four factors to be considered as additional guidance when determining whether a settlement or compromise should be approved:

(i)    The probability of success in litigation;

(ii)    The difficulties, if any, to be encountered in the matter of collection;

(iii)    The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(iv)    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallace v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F.2d 1544, 1459 (11th Cir. 1990).

20.    The *Justice Oaks* factors weigh in favor of the Court's authorization and approval of the Debtors' execution of the Administrative Consent Agreement and agreement to the entry of the Consent Order.  Considering the interests of creditors, the relative probabilities of success, the complex nature and the inherent and uncertain risks of litigation, and the cost, expense, inconvenience, and delay associated with the same, execution of the Administrative Consent Agreement and entry of the Consent Order are prudent, reasonable, fair and equitable, and reflects the sound and reasonable business judgment of the Debtor.

21.    The Debtors believe that execution of the Administrative Consent Agreement and entry of the Consent Order will resolve the C&D Order and the allegations asserted against 1GC for alleged violations of Michigan securities laws in an efficient and consensual manner that will avoid costly litigation that would reduce the value of the estates and the recovery of creditors. The agreed-upon terms of the Administrative Consent Agreement and Consent Order are the product of arm's-length negotiations between the Debtors and the Bureau.  Therefore, the Debtors submit that the terms of the Administrative Consent Agreement and the Consent Order

are fair and reasonable and entry of the proposed order will be in the best interests of the Debtors' estates and creditors.

22.     One of the primary concessions made by 1GC in the Administrative Consent Agreement and the Consent Order is that it agrees to permanently cease and desist from engaging in conduct in violation of any provision of the Michigan Securities Act, including, but not limited to, offering or selling any securities in Michigan that are not registered or exempt under the Michigan Securities Act.  As the Debtors ceased the solicitation of any and all investments upon the commencement of these Chapter 11 Cases, this prohibition on the activities of 1GC will not have any effect on its current business activities.

23.     The interests of creditors weigh heavily in favor of approval of the Administrative Consent Agreement and the Consent Order.  Execution of the Administrative Consent Agreement and entry of the Consent Order are in the best interests of creditors because (i) such actions will prevent costly litigation that could deplete the Debtors' estates and (ii) no monetary penalties or other amounts are required to be paid under the Administrative Consent Agreement or the Consent Order.  This will maximize amounts available for investors, as the Debtors intend to seek confirmation of a plan of liquidation that will provide for all of the Debtors' assets to be distributed to their investors, including any victims of the securities fraud that has been alleged by the Bureau.

24.     In light of the foregoing, the Debtors submit that execution of the Administrative Consent Agreement and entry of the Consent Order are fair and equitable, reasonable, and in the best interests of the Debtors' estates and creditors.  Accordingly, the Debtors respectfully request the Bankruptcy Court approve the Debtors' execution of the Administrative Consent Agreement and authorize the entry of the Consent Order against the Debtors.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Bankruptcy Court enter an order substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion, (ii) authorizing and approving the Debtors' execution of the Administrative Consent Agreement and entry of the Consent Order; and (iii) granting such other and further relief as may be just and proper.

Dated:  May 29, 2019

GREENBERG TRAURIG, LLP

*/s/ John R. Dodd*
Paul J. Keenan Jr.
Fla. Bar No. 0594687
keenanp@gtlaw.com

John R. Dodd
Fla. Bar No. 38091
doddj@gtlaw.com

333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: 305-579-0500
Fax: (305) 579-0717

*Counsel for the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT A**

<u>Proposed Order</u>

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING EXECUTION BY THE DEBTORS
AND ENTRY BY THE CORPORATIONS, SECURITIES & COMMERCIAL
LICENSING BUREAU OF THE MICHIGAN DEPARTMENT OF LICENSING
OF AN ADMINISTRATIVE CONSENT AGREEMENT AND ORDER**

THIS MATTER came before the Bankruptcy Court upon the *Debtors' Motion for Entry*

*of an Order Authorizing and Approving Execution By the Debtors and Entry  by the*

---

[1]    The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711).  On February 19, 2019, the Debtors registered the fictitious names "1 GC Collections" and "1 West Collections" with the Florida Department of State.

*Corporations, Securities & Commercial Licensing Bureau of the Michigan Department of Licensing of an Administrative Consent Agreement and Order* [ECF No. [_____] (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**").  By the Motion, the Debtors seek an order, pursuant to sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rules 9013-1(D) and 9019-1(A), authorizing and approving (a) the Debtors' entry into the Administrative Consent Agreement and (b) the entry of the Consent Order.

The Bankruptcy Court, having reviewed the Motion, the Administrative Consent Agreement and the Consent Order, finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Bankruptcy Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; (vi) the movant by submitting this form of order having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion; and (vii) upon review of the record before the Bankruptcy Court, including the legal and factual bases set forth in the Motion, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED** as follows:

---

[2]    Any term not defined herein shall have the meaning ascribed to it in the Motion.

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are **AUTHORIZED** to execute and enter into the Administrative

Consent Agreement, and the Administrative Consent Agreement is **APPROVED**

in its entirety.

3.      As set forth in the Administrative Consent Agreement, the Administrator is

authorized to enter the Consent Order against Debtor 1GC.

4.      The Debtors are hereby authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

5.      This Bankruptcy Court shall retain jurisdiction with respect to all matters arising

from or relating to the interpretation or implementation of this Order.


#      #      #

Submitted by:

John R. Dodd, Esq.
Fla. Bar. No. 38091
doddj@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*Counsel for the Debtors*
*and Debtors-in-Possession*

(*Epiq Corporate Restructuring, LLC is directed to serve copies of this Order upon all interested*
*parties and to file a Certificate of Service with the Bankruptcy Court.*)

**<u>EXHIBIT B</u>**

<u>Administrative Consent Agreement</u>

(Attached)

STATE OF MICHIGAN
DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
CORPORATIONS, SECURITIES & COMMERCIAL LICENSING BUREAU

In the matter of:

1 GLOBAL CAPITAL LLC,                                    Complaint No. 335567
Unregistered,

      Respondent.

_____/

Issued and entered
this _8th_ day of ___May___, 2019

**ADMINISTRATIVE CONSENT AGREEMENT
AND ORDER**

**A.    RELEVANT INFORMATION AND STATUTORY PROVISIONS**, under
the Michigan Uniform Securities Act (2002) (the "Act"), 2008 PA 551, MCL 451.2101
*et seq.:*

    1.    On September 25, 2018, the Director of the Corporations, Securities &
Commercial Licensing Bureau of the Michigan Department of Licensing and
Regulatory Affairs (the "Bureau"), as the Administrator of the Act (the
"Administrator"), issued a Notice and Order to Cease and Desist ("C&D Order")
against Respondent 1 Global Capital LLC ("Respondent").

    2.    For purposes of this Administrative Consent Agreement and Order
("Consent Order") Respondent and Bureau staff are referred to individually as a
"Party" and collectively as the "Parties."

    3.    The C&D Order alleged that Respondent offered or sold securities in
Michigan which were not federally covered, exempt from registration, or registered,
and that it employed or associated with an unregistered sales agent.

4.      Based on these alleged violations of the Act, the C&D Order, *inter alia*:

(a)     Ordered Respondent to immediately cease and desist from violating the Act; and

(b)     Notified Respondent of the Administrator's intention to impose a civil fine in the amount of $20,000.

5.      The C&D Order was immediately effective pursuant to MCL 451.2604(2); however, Respondent, through counsel, timely requested an administrative hearing on the C&D Order pursuant to the Act (including section 604, MCL 451.2604) and the Michigan Administrative Procedures Act of 1969, 1969 PA 306, MCL 24.201 *et seq.* (including section 71, MCL 24.271) (the "Hearing Request").

6.      Respondent is not registered in any capacity under the Act, nor has Respondent registered any securities offerings under the Act. See MCL 451.2301 and MCL 451.2401 through MCL 451.2404.

7.      The Parties and their legal counsel agreed to hold the Hearing Request in abeyance during settlement negotiations. Thereafter, Respondent cooperated with the Bureau, and the Parties engaged in ongoing discussions about resolving this matter through a consent agreement and order.

8.      On July 27, 2018, Respondent filed voluntary petitions under chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). The bankruptcy case remains pending and is being administered under case number 18-19121 (the "1 Global Bankruptcy").

9.      Respondent is authorized and continues to operate and manage their own property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Administrative Consent Order
1 Global Capital, LLC
Complaint No. 335567
Page 3 of 11

Bankruptcy Code, and are under the management and control of an independent manager (the "Independent Manager").

10.    Notwithstanding the 1 Global Bankruptcy, the Parties have continued to negotiate a potential resolution and discussed outstanding issues to ensure that the terms of this Consent Order are consistent with applicable bankruptcy law and procedures.

11.    Respondent was represented by, and had the advice of, legal counsel throughout the process of resolving the C&D Order through this Consent Order.

## B.    AGREEMENT

The Parties agree to resolve the C&D Order pursuant to the following terms and conditions:

1.    Respondent agrees to permanently cease and desist offering or selling any securities in Michigan that are not registered or exempt under the Act, to permanently cease and desist from employing or associating with unregistered sales agents, and to otherwise comply with the Act and all rules and orders promulgated thereunder.

2.    All claims of Michigan residents holding any investments from Respondent ("Michigan Claimants") are subject to the bankruptcy proof of claim and/or proof of interest resolution process in the 1 Global Bankruptcy. All claims and interests asserted by Michigan Claimants are subject to the jurisdiction of the Bankruptcy Court. This Paragraph is not intended to and legally cannot waive, limit,

or otherwise alter any rights of Michigan Claimants to pursue rescission and repayment through the 1 Global Bankruptcy or under other applicable law.

3.     The Bureau will impose no civil fines against Respondent as part of this Consent Order in an effort to maximize funds available for recovery by Michigan and other consumer investors through the 1 Global Bankruptcy.

4.     Respondent represents that the Independent Manager, the Chief Restructuring Officer ("CRO"), their firms, and employees of their firms were not engaged in the conduct alleged in the C&D Order.  Based upon this representation, the Parties agree that this Consent Order does not apply to the current Independent Manager, the CRO, their respective firms, or employees of such firms.[1]

5.     The Bureau will report and publish this Consent Order according to its current policy, as follows:

- This Consent Order is a public record required to be published and made available to the public, consistent with section 11 of the Michigan Freedom of Information Act, MCL 15.241.  The Bureau will publish this Consent Order consistent with its current policy, whereby copies of orders issued under the Act are posted to the Bureau's website and a summary of order content is included in monthly disciplinary action reports separately published on the Bureau's website.

---

[1] In that regard, nothing in this Consent Agreement and Order shall require: the disqualification or statutory disqualification under Article III of FINRA's bylaws or Section 15A(g)(2) of the Exchange Act of the Independent Manager, the CRO their firms, or any employees of their firms; or disqualification under Section 9(a) of the Investment Company Act of 1940, or Paragraph (d)(1) of Section 506 of Regulation D of the Securities Act, of the Independent Manager, the CRO their firms, or any employees of their firms.  Nor is this Stipulation or the Consent Cease and Desist Order intended to cause the Independent Manager, the CRO their firms, or any employees of their firms to make any disclosure on a Form U4 – Uniform Application for Securities Industry Regulation or Transfer.

6.      Notwithstanding the potential application of MCL 451.2412(9), this Consent Order expressly preserves the Bureau's and Administrator's ability to rely on and assert, in any future proceeding under the Act, all activities, conduct, and alleged Act violations by Respondent contained in or relating to the C&D Orders.

7.      Respondent neither admits nor denies any allegations in the C&D Order or any wrongdoing in connection with this matter, and consents to entry of this Consent Order only for the purpose of resolving the C&D Order in an expeditious fashion that avoids the time and expense associated with an administrative proceeding on the Hearing Request and any appeals therefrom.  The Parties agree that this Consent Order is automatically admissible in a proceeding to enforce its provisions or in any administrative proceeding under the Act.

As part of this Consent Order, and for purposes of the above statement that Respondent "neither admits nor denies any allegations in the C&D Order or any wrongdoing in connection with this matter," Respondent agrees that:

(a) It will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Consent Order or creating the impression that the Consent Order is without factual basis;

(b) It will not make or permit to be made any public statement to the effect that Respondent does not admit the allegations of the Consent Order, or that this Consent Order contains no admission of the allegations, without also stating that Respondents do not deny the allegations; and

(c) Nothing in this Consent Order affects the Company's testimonial obligations or the right to assert contrary legal and factual positions in litigation or other proceedings in which the Bureau is not a party.

Administrative Consent Order
1 Global Capital, LLC
Complaint No. 335567
Page 6 of 11

If Respondent breaches the agreement in this immediate paragraph the Bureau

shall give notice to the Company of the alleged breach and, if the Company fails to

address and/or cure such breach within twenty days, the Administrator may vacate

this Consent Order and restore the administrative proceeding under the C&D

Order.

Nothing in this Paragraph affects Respondent's: (a) testimonial obligations;

or (b) right to take differing legal or factual positions in litigation or other legal

proceedings. Moreover, nothing in this Consent Order shall be, or deemed to be, an

admission or a declaration against interest by Respondent or used in any way by

Respondent or any party to their cases in the 1 Global Bankruptcy to prejudice any

rights or claims made by any party in these cases, all of which rights are expressly

preserved.

8.     By consenting to the entry of this Consent Order, Respondent preserves

all rights under Section 1145 of the U.S. Bankruptcy Code.

9.     Respondent agrees that, effective upon entry of this Consent Order, the

Hearing Request is automatically revoked without further action by the Parties.

10.     Respondent agrees to cooperate with the Bureau and comply with any

reasonable investigative demands made by the Bureau in the future for purposes of

ensuring compliance with this Consent Order or the Act.

11.     Respondent acknowledges and agrees that: (a) the Administrator has

jurisdiction and authority to enter this Consent Order; (b) the Administrator may

enter this Consent Order without any further notice to Respondent or its associated

Administrative Consent Order
1 Global Capital, LLC
Complaint No. 335567
Page 7 of 11

persons; and (c) upon entry of this Consent Order, it is final and binding (pending Bankruptcy Court approval as provided in Paragraph B.11 below), and Respondent waives any right to a hearing or appeal of this Consent Order and the C&D Orders under the Act, the rules promulgated under the Act or the predecessor Act, the Michigan Administrative Procedures Act of 1969, the U.S. Bankruptcy Code, or other applicable law.

12.    This Consent Order shall become fully effective and binding upon the entry of an order by the Bankruptcy Court authorizing Respondent's entry into this Order.  As soon as practicable after entry of this Consent Order, Respondent will file a Motion for Entry of an Order Authorizing and Approving Execution by the Debtors and Entry by the Corporations, Securities & Commercial Licensing Bureau of the Michigan Department of Licensing of an Administrative Consent Agreement and Order (the "9019 Motion") seeking authorization and approval of Respondent's execution of the Consent Order and the Bureau's entry of the Consent Order on negative notice pursuant to Local Rule 9013-1(D)(3)(b) of the Local Rules of the Bankruptcy Court (the "Local Rules").  If no objection to the 9019 Motion is filed timely under the Local Rules, then Respondent shall promptly submit an order granting the 9019 Motion to the Bankruptcy Court in accordance with Local Rule 9013-1(D)(2).  If an objection to the 9019 Motion is timely filed, then Respondent shall promptly file a Certificate of Contested Matter in accordance with the Local Rules and shall take such steps as are necessary and appropriate to request a hearing on the 9019 Motion on an expedited basis.    The Parties acknowledge that the

effectiveness of this Consent Order as to Respondent is subject in all respects to the Bankruptcy Court's approval.

13.    The Parties acknowledge and agree that this Stipulation and Order contains the entire understanding of the Parties and supersedes and forever terminates all prior and contemporaneous representations, promises, agreements, understandings, and negotiations, whether oral or written, with respect to its subject matter.  The Parties further agree that this Stipulation and Order may only be amended, modified, or supplemented by a duly executed writing signed by each party and approved by Order of the Administrator.

14.    The Parties acknowledge and agree that the Administrator retains the right to pursue any action or proceeding permitted by law to enforce the provisions of this Consent Order.

15.    The Parties understand and agree that this Consent Order will be presented to the Administrator for her final approval as evidenced by its entry, and that the Administrator may, in her sole discretion, decide to accept or reject this Consent Order. If the Administrator accepts this Consent Order by entering it, this Consent Order becomes fully effective and binding.  If the Administrator rejects this Consent Order by refusing to enter it, the Parties waive any objection to submitting the Hearing Request for adjudication through a formal administrative proceeding and the Administrator remaining the final decisionmaker at the conclusion of that proceeding.

Administrative Consent Order
1 Global Capital, LLC
Complaint No. 335567
Page 9 of 11

16.    The signatories to this Consent Order below represent and warrant that they have the legal capacity and authority to enter into this Consent Order on behalf of the named Parties and to bind the named Parties to the terms and conditions contained herein.

17.    The Parties agree that facsimile or electronically-transmitted signatures may be submitted in connection with this Consent Order and are binding on that Party to the same extent as an original signature.

[This space left intentionally blank; Signature Page and Order follow]

Administrative Consent Order
1 Global Capital, LLC
Complaint No. 335567
Page 10 of 11

Through their signatures, the Parties agree to the above terms and

conditions.

By: _____     Dated: _4 - 23 - 19_____
    Bradley D. Sharp
    Chief Restructuring Officer
    1 Global Capital LLC


Acknowledged and Reviewed by:

Signed: _____     Dated: _4/24/19_____
    Mark L. Kowalsky
    Attorney for Respondent

Signed: _____     Dated: _4/25/19_____
    Jed Dwyer
    Attorney for Respondent

Approved by:


Signed: _____     Dated: _____
    Lindsay DeRosia
    Acting Securities & Audit Division Director
    Corporations, Securities & Commercial Licensing Bureau

Administrative Consent Order
1 Global Capital, LLC
Complaint No. 335567
Page 10 of 11

Through their signatures, the Parties agree to the above terms and

conditions.


By:_____          Dated:_____
        Bradley D. Sharp
        Chief Restructuring Officer
        1 Global Capital LLC


Acknowledged and Reviewed by:

Signed: _____          Dated:_____
        Mark L. Kowalsky
        Attorney for Respondent


Signed: _____          Dated:_____
        Jed Dwyer
        Attorney for Respondent


Approved by:

Signed: _Lindsay DeRosia_____          Dated: _5-1-19_____
        Lindsay DeRosia
        Acting Securities & Audit Division Director
        Corporations, Securities & Commercial Licensing Bureau

Administrative Consent Order
1 Global Capital, LLC
Complaint No. 335567
Page 11 of 11

## C.    ORDER

The Administrator NOW, THEREFORE, ORDERS:

THE TERMS AND CONDITIONS IN THE FOREGOING FULLY EXECUTED
CONSENT AGREEMENT ARE INCORPORATED BY REFERENCE AND MADE
BINDING AND EFFECTIVE THROUGH THIS CONSENT ORDER.

By: _____

Julia Dale
Administrator and Director
Corporations, Securities & Commercial Licensing Bureau