

**ORDERED in the Southern District of Florida on July 25, 2019.**

Raymond B. Ray, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING PLAN PROPONENTS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING PLAN SOLICITATION, VOTING AND TABULATION PROCEDURES, (III) APPROVING FORMS OF NOTICES AND BALLOTS, (IV) SETTING CONFIRMATION HEARING AND RELATED DEADLINES, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711). On February 19, 2019, the Debtors registered the fictitious names "1 GC Collections" and "1 West Collections" with the Florida Department of State.

THIS MATTER came before the Court for hearing on July 24, 2019 at 1:30 p.m. (the "**Disclosure Statement Hearing**") on the *Motion for Entry of an Order (I) Approving the Disclosure Statement, (II) Establishing Plan Solicitation, Voting and Tabulation Procedures, (III) Approving Forms of Notices and Ballots, (IV) Setting Confirmation Hearing and Related Deadlines, and (V) Granting Related Relief* [ECF No. 726] (the "**Motion**"),[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Creditors Committee**" and together with the Debtors, the "**Plan Proponents**"), seeking entry of an order (the "**Disclosure Statement Order**"): (A) approving the *First Amended Disclosure Statement with Respect to the Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC under Chapter 11 of the Bankruptcy Code Proposed Jointly by the Debtors and the Official Committee of Unsecured Creditors* [ECF No. 806] (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Disclosure Statement**"); (B) establishing procedures for the solicitation of the *First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC under Chapter 11 of the Bankruptcy Code Proposed Jointly by the Debtors and the Official Committee of Unsecured Creditors* [ECF No. 805] (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Plan**"), and related procedures for Plan voting and the tabulation of votes; (C) approving forms of notice and Ballots (as defined below); (D) scheduling a hearing on confirmation Plan (a "**Confirmation Hearing**") and related deadlines; and (E) granting related relief.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Based upon representations and authorities in the Motion, argument of counsel at the Hearing in support of the Motion, the *Notice of Filing* [ECF No.807] (the "**NOF**") and other matters in the record, the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 29 U.S.C. § 1408; (iii) this is a core matter pursuant to 28 U.S.C. § 157(b)(2); (iv) notice of the Motion was sufficient under the circumstances and that no further notice need be given; and (v) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Accordingly,

**IT IS ORDERED THAT**:

1. **Relief.**  The Motion is **GRANTED** as set forth herein.

2. **Approval of Disclosure Statement.**  The Disclosure Statement is hereby approved as containing adequate information within the meaning of Section 1125(a) of the Bankruptcy Code.  Any objections to the Disclosure Statement that have not previously been withdrawn or resolved are hereby overruled.

3. **Disclosure Statement Hearing Notice.**  The Disclosure Statement Hearing Notice, attached as **Exhibit D** to the Motion, and the service thereof, as described in the Motion, complies with the requirements of Bankruptcy Rules 2002(b) and 3017.  As set forth in the *Certificate of Service* [ECF No. 729] and *Certificate of Service* [ECF No. 799], the Disclosure Statement Hearing Notice was served, and such service constituted good and sufficient notice of the Disclosure Statement Hearing.

4. **Scheduling Summary.** The following schedule of dates and deadlines is hereby approved:

| Event | Date / Deadline |
|---|---|
| Plan and Disclosure Statement Filed | June 17, 2019; amended on July 22, 2019 |
| Voting Record Date | July 22, 2019 |
| Disclosure Statement Hearing | July 24, 2019 at 1:30 p.m. (prevailing Eastern Time) |
| Solicitation Commencement Date | July 31, 2019 |
| Claim Objection Deadline (for voting purposes) | August 13, 2019 at 4:30 p.m. (prevailing Eastern Time) |
| Plan Supplement Deadline | August 20, 2019 at 4:30 p.m. (prevailing Eastern Time) |
| Claims Estimation Motion Deadline | August 27, 2019 at 4:30 p.m. (prevailing Eastern Time) |
| Voting Deadline | September 3, 2019 at 4:30 p.m. (prevailing Eastern Time) |
| Plan Objection Deadline | September 3, 2019 at 4:30 p.m. (prevailing Eastern Time) |
| Deadline for Filing (i) Confirmation Brief and Supporting Evidence; (ii) Responses to Plan Objections; and (iii) Voting Tabulations Affidavit | September 11, 2019 at 4:30 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | September 17, 2019, 2019 at 1:30 p.m. (prevailing Eastern Time) |

5. **Solicitation Packages.** In order to solicit votes on, and pursue Confirmation of, the Plan, the Plan Proponents are authorized to distribute, or cause to be distributed, in their discretion, by first-class mail, CD, or USB to each Holder of a Claim in one of the Voting Classes, as of the Voting Record Date, a Solicitation Package containing the following:

4

      a.      the approved form of Disclosure Statement, together with the Plan and all other exhibits annexed thereto;

      b.      the Disclosure Statement Order, excluding the exhibits annexed thereto;

      c.      a notice of the Confirmation Hearing, substantially in the form attached as **Exhibit E-1** to the NOF;

      d.      an appropriate form of Ballot (as defined below) to accept or reject the Plan along with a pre-addressed, postage prepaid return envelope;

      e.      the Creditors' Committee Solicitation Letter; and

      f.      such other materials as the Court may direct or approve, including any supplemental solicitation materials the Plan Proponents may file with the Court.

6.    **Non-Voting Packages.** The Plan Proponents are authorized to distribute, or cause to be distributed, by first-class mail to all Holders of Claims or Equity Interests in the Unimpaired Classes (Class 1, Class 2 and Class 3), Holders of Claims and Equity Interests in the Deemed Rejecting Classes (Class 5, Class 6, Class 7, Class 8 and Class 9), and Holders of Unclassified Claims, a package (the "**Non-Voting Package**"), which shall consist of the Confirmation Hearing Notice and a notice of non-voting status, attached to the NOF as **Exhibit F-1** (the "**Notice of Non-Voting Status**"). This distribution shall be for information purposes only and not for solicitation since such Creditors and Interest Holders shall not be entitled to vote on the Plan or shall be deemed to have accepted or rejected the Plan, as applicable. For avoidance of doubt, the Plan Proponents may elect not to serve the Non-Voting Package on any Holder who is entitled to receive a Solicitation Package on account of a Claim in a Voting Class. The Notice of Non-Voting Status is hereby approved.

7. **Information Packages.**  To the extent that the Office of the United States Trustee, governmental units having an interest in these Cases or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, prior to the Solicitation Commencement Date (as defined below), the Plan Proponents shall distribute, or cause to be distributed, by first-class mail to such parties the following information (collectively, the "**Information Package**"): (a) the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, (b) the Disclosure Statement Order, excluding the exhibits annexed thereto, and (c) the Confirmation Hearing Notice.

8. **Confirmation Hearing Notice.**  The Plan Proponents shall distribute, or cause to be distributed, to all Holders of Claims or Equity Interests a copy of the Confirmation Hearing Notice in connection with the mailing of the Solicitation Packages, the Non-Voting Packages and the Information Packages.  The Confirmation Hearing Notice shall advise any party wishing to obtain a copy of the Disclosure Statement and/or the Plan that such documents can be obtained free of charge on the Debtors' case website at https://dm.epiq11.com/OGC or upon request to the Voting Agent by (i) writing to (a) 1 Global Capital LLC Ballot Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422, if sent by first class mail or (b) 1 Global Capital LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005, if by personal delivery or overnight courier; (ii) calling (877) 440-0643  (Domestic) or +1 (503) 597-7693 (International); or (iii) emailing tabulation@epiqglobal.com with a reference to "1 Global Capital" in the subject line.

9. The Confirmation Hearing Notice, substantially in the form attached to the NOF as **Exhibit E-1**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved. Service of the Confirmation Hearing Notice in accordance with the provisions of this Order shall constitute good and sufficient notice of the Confirmation Hearing.

10. **Fixing the Record Date.** The record date with respect to Holders of Claims shall be the date that was two (2) Business Days before the first date set for the Disclosure Statement Hearing (the "**Voting Record Date**"). The Voting Record Date shall be used for purposes of determining: (i) the Holders of Claims and Equity Interests in (a) the Voting Classes, who will receive Solicitation Packages and vote to accept or reject the Plan, and (b) the Non-Voting Classes, who shall receive a Non-Voting Package and are not entitled to vote to accept or reject the Plan; and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote to accept or reject the Plan as the Holder of a Claim (without prejudice to the Plan Proponents' right or power to object to such assignment or transfer). However, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if the parties have completed all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) by the Voting Record Date set forth above. The amount of each Holder's Claim shall be determined for solicitation and voting purposes as of the Voting Record Date.

11. **Voting Agent.** Epiq Corporate Restructuring, LLC (the "**Voting Agent**") is authorized to, among other things, perform all Balloting Services.

12. **Solicitation Commencement Date.**  The Voting Agent shall have completed the distribution of the appropriate Solicitation Packages, Non-Voting Packages and Information Packages by no later than three (3) Business Days following the entry of this Disclosure Statement Order (the "**Solicitation Commencement Date**") to all Holders of Claims or Equity Interests, as applicable.

13. **Undeliverable or Returned Notices and Solicitation Packages.**  The Plan Proponents shall not be required to mail the Solicitation Packages to any Holders of Claims or Equity Interests at addresses that are determined to be undeliverable, unless the Plan Proponents (through the Voting Agent) are provided with an accurate address for each Claim or Interest Holder's previously undeliverable address at least ten (10) calendar days prior to the Solicitation Commencement Date.  If a Holder of Claims or Equity Interests has changed its mailing address after the Commencement Date, such Holder of Claims or Equity Interests shall be solely responsible for notifying the Voting Agent and the Plan Proponents of its new address.

14. **Prior Payment of Claim and Solicitation Packages.**  The Plan Proponents shall not be required to mail Solicitation Packages or other solicitation materials to Holders of Claims or Equity Interests that have already been paid in full during the Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

15. **Notice by Publication.**  The Plan Proponents are authorized to publish the notice, substantially in the form attached to the Motion as **Exhibit F** (the "**Publication Notice**"), once in the USA Today no later than **July 31, 2019**.  The publication of the Publication Notice shall be deemed adequate and sufficient notice to all Holders of Claims or Equity Interests unknown to

the Debtors as well as parties in interest for whom service of the Disclosure Statement Hearing Notice was unsuccessful or otherwise impracticable.

16. **Approval of the Ballots and Procedures for Voting on the Plan.** The Ballots substantially in the form attached to the Motion as **Exhibits G-1**, **H-1** and **I-1**: (i) are sufficiently consistent with Official Form No. 14; (ii) adequately address the particular needs of these Chapter 11 Cases; and (iii) are appropriate for each of the Voting Classes, and are hereby approved. The Ballots will be sent to Holders of Claims in the Voting Classes who are entitled to vote on the Plan.

17. **Voting Deadline.** The deadline by which all Ballots must be properly executed, completed, delivered to, and actually received by the Voting Agent shall be **September 3, 2019 at 4:30 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**") in order to be counted for Plan voting purposes. Ballots shall be returned to the Voting Agent by first-class mail postage prepaid, personal delivery or overnight courier. No Ballots shall be accepted by e-mail, facsimile or any other electronic format.

18. **Procedures for Tabulating Acceptances and Rejections of the Plan.** Each Holder of a Claim in a Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date. For purposes of voting on the Plan, with respect to all Holders of Claims against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a. In respect of Class 4B Claims, the amount of the Claim listed in the applicable Debtors' schedules of assets and liabilities; <u>unless</u> (i) such Claim is not scheduled, (ii) the Claim is scheduled but listed (x) as contingent, unliquidated, undetermined or disputed or (y) in the amount of $0.00, (iii) a Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iv) such Claim has been satisfied by the Debtors, or (v) such Claim has been resolved pursuant to a stipulation or order entered by the Court. If a Proof of Claim has been filed, the undisputed, non-contingent and liquidated amount specified in such Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

b. In respect of Class 4A Claims, the amount of the Claim listed in the Ballot received by such Holder of a Class 4A Claim provided that the Holder of such Claim (i) has not elected on such Holder's Ballot to be a Disputing Claimant and (ii) is not a Prepetition Party. If the Holder of a Class 4A Claim has elected on such Holder's Ballot to be a Disputing Claimant or is a Prepetition Party, then the calculation shall be as set forth in subsection (a) hereof with respect to Holders of Class 4B Claims.

c. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018, provided that any Rule 3018(a) motion to estimate a claim for voting purposes must be filed no later than **August 27, 2019 at 4:30 p.m. (prevailing Eastern Time)**.

d. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly contingent, unliquidated, unknown or uncertain amount that is not the subject of a Claim Objection filed before the Claim Objection Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim Amount requirement of section 1126(c) of the Bankruptcy Code has been met.

e. Except as otherwise provided in subsection (c) hereof, if a Creditor casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the Creditor's Claim is the subject of a Claim Objection filed by the Claim Objection Deadline, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Creditor's Ballot not be counted.

  f. Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested by motion or objection at least thirty-five (35) days prior to the Confirmation Hearing that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a Claim Objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested category.

19. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

  a. For purposes of the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code, to the extent that it is possible to do so for all Voting Classes, separate Claims held by a single Creditor against a particular Debtor in each Voting Class will be aggregated as if such Creditor held a single Claim against such particular Debtor in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan.

  b. Creditors with multiple Claims within a particular Voting Class must vote all such Claims in any such Voting Class to either accept or reject the Plan, and may not split their vote(s) within a Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the same Voting Class will not be counted.

  c. In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date, *provided* that nothing herein shall be deemed to be a consent by the Plan Proponents to the transfer of any claim.

  d. The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

  e. If a Holder of a Claim or a voting nominee casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

  f. If a Holder of a Claim or a voting nominee casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

11

    g.    Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s), (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn.  The Debtors intend to consult with the Voting Agent to determine whether any withdrawals of Ballots were received and whether the requisite acceptances of the Plan have been received.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

    h.    Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots that are not in proper form.

    i.    Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects, irregularities or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot.

    j.    Unless otherwise ordered by the Court or waived by the Debtors, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

    k.    Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in (g) above).

    l.    If no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan will be deemed accepted by the Holders of such Claims in such Class.

20.    To the extent a Holder of a Claim in a Voting Class has filed (i) duplicate Proofs of Claim with respect to a single Claim against a single Debtor, or (ii) Proofs of Claim amending previous Proofs of Claim with respect to a single Claim against a single Debtor, such Holder of a Claim shall be entitled to receive only one Solicitation Package and one Ballot for voting such

Claim, whether or not the Debtors have objected to such Claim(s). However, a Holder of Claims in more than one Voting Class under the Plan must execute and submit a separate Ballot for each Class of Claims in which the claimant holds a Claim.

21. Notwithstanding the foregoing, the following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected:

    a. any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan;

    b. any Ballot received after the Voting Deadline, except in the Debtors' discretion or by order of this Court;

    c. any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

    d. any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

    e. any Ballot that partially accepts, or partially rejects, the Plan;

    f. any Ballot cast by a Person or Entity that does not hold a Claim in a Voting Class;

    g. any unsigned Ballot or Ballot without an original signature, except in the Debtors' discretion; and

    h. any Ballot transmitted to the Voting Agent by facsimile, e-mail or other electronic means.

22. Any Class of Claims that does not have a Holder of an Allowed Claim or a Claim that has been temporarily allowed by this Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8) of the Bankruptcy Code.

23. **Tabulation Affidavit.** The Voting Agent shall file its affidavit verifying the mailing of Ballots and the results of its voting tabulations reflecting the votes cast to accept or reject the Plan no later than **September 11, 2019, at 4:30 p.m. (prevailing Eastern Time)**.

24. **Election to Dispute.** The form of Election to Dispute as set forth in the forms of Ballots for Class 4A Claims is hereby approved.

25. **Distributions to Class 4A Claimants**. The form of notice regarding Holders with IRAs in the Class 4A Ballot is hereby approved.

26. **Confirmation Hearing.** The date set for the Confirmation Hearing shall be **September 17, 2019, at 1:30 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued by the Debtors from time to time without further notice to Creditors, Interest Holders or other parties in interest.

27. **Notice of the Confirmation Hearing.** The Debtors shall provide all known Creditors and Interest Holders, parties filing a notice of appearance in these Cases, governmental units having an interest in these Cases, and indenture trustees each as of the Voting Record Date, with a copy of the Confirmation Hearing Notice as part of the Solicitation Packages, Non-Voting Packages or Information Packages, as applicable, as set forth above.

28. **Objection Procedures Regarding Confirmation of the Plan.** The deadline for filing and serving written objections to Confirmation of the Plan (including any supporting memoranda) (the "**Plan Objections**") shall be **September 3, 2019, at 4:30 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Objections not timely filed and served in the manner set forth in the following paragraph shall not be considered and shall be deemed overruled.

29. Plan Objections, if any, shall: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any Plan Objection; and (iv) be filed with this Court, together with proof of service, and served so that they are received on or before the Plan Objection Deadline by the following parties: (a) Debtors' counsel, Greenberg Traurig, LLP, 333 S.E. 2nd Avenue, Suite 4400, Miami, FL 33131, Attn: Paul J. Keenan Jr., Esq. and John R. Dodd, Esq.; (b) counsel to the Creditors' Committee, Stichter, Riedel, Blain & Postler, P.A., 110 East Madison St., Suite 200, Tampa, FL 33602-4700, Attn: Russell M. Blain, Esq. and Barbara A. Hart, Esq.; (c) the U.S. Securities and Exchange Commission, 801 Brickell Ave., Suite 1800, Miami, FL 33131, Attn: Robert K. Levenson, Esq. and Christopher E. Martin, Esq.; and (d) the Office of the United States Trustee, 51 S.W. First Avenue, Suite 1204, Miami, FL 33130 (Attn: Damaris Rosich-Schwartz, Esq.).

30. The Debtors or any other party supporting Confirmation of the Plan, are authorized to file a response to any Plan Objections no later than **September 11, 2019 at 4:30 p.m. (prevailing Eastern Time)**. At that time, the Debtors may file any memorandum of law in support of Confirmation of the Plan.

31. **Non-Substantive Changes.** The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Notices and any related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package, the Non-Voting Packages and/or the Information Packages prior to their distribution of such materials, upon notice to the Creditors' Committee.

32. **Copies and Review of Documents.** Copies of the Plan, the Disclosure Statement and the Disclosure Statement Order are available free of charge at the Debtors' case website at https://dm.epiq11.com/OGC or upon request to the Voting Agent by (i) writing to (a) 1 Global Capital LLC Ballot Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422, if sent by first class mail or (b) 1 Global Capital LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005, if by personal delivery or overnight courier; (ii) calling (877) 440-0643 (Domestic) or +1 (503) 597-7693 (International); or (iii) emailing tabulation@epiqglobal.com with a reference to "1 Global Capital" in the subject line.

33. **Waiver of Local Rules.** For the reasons set forth in the Motion, which are hereby adopted, the Court waives the requirements of Local Rules 3016-2(A), 3016-2(B) and 3017-1(A).

34. The Debtors and the Voting Agent are authorized and empowered to take any and all actions necessary to implement the terms of this Disclosure Statement Order.

35. The terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

36. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Disclosure Statement Order.

###

**Submitted by:**
John R. Dodd
Greenberg Traurig, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717