# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*,[1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

## MOTION FOR (A) APPROVAL OF SETTLEMENT AND COMPROMISE WITH CERTAIN INVESTMENT ADVISORS/AGENTS AND REQUEST FOR ENTRY OF BAR ORDER; AND
## (B) APPROVAL OF PAYMENT OF EARNED CONTINGENCY FEE

### IMPORTANT NOTICE REGARDING A BAR ORDER
### PLEASE READ CAREFULLY

**Please be advised that if the Court approves the Settlement Agreement including the Bar Order requested herein, then your rights may be affected. In particular, the Bar Order will permanently bar, prohibit, enjoin and restrain the filing, commencing, prosecuting, conducting, asserting or continuing in any manner of any claims relating to 1 Global Capital LLC or 1 West Capital LLC against the Settling Defendants.[2] For a full list of those persons and entities who are impacted by the proposed Bar Order, please see pages 9-10 of this**

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711). On February 19, 2019, the Debtors registered the fictitious names "1GC Collections" and "1 West Collections" with the Florida Department of State.

[2] The Settling Defendants are defined herein to include: Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, Pinnacle Plus Holdings, LLC, Travis Allen Horn, George Gille, Matthew Lynn Walker, American Alternative Investments, LLC a/k/a American Alternative Investments Corp., Rob Whitlow, Thomas Bosen, Henry J. Wieniewitz a/k/a Trae Wieniewitz, Wieniewitz Financial LLC, Wieniewitz Wealth Management, Nicholas & Company, Inc., David Nicholas, Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG, Roy Y. or Patricia Y. Gagaza, Priority Financial & Insurance Solutions, Joseph Donti, Goldstone Financial Group, Pell Corp. Brothers Inc., Stone Trust Capital Management, Inc., Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, Brian R. Korienek, Wendel Financial Network, LLC d/b/a Wendel Retirement Planning, J.J.C.C., Inc., Jeff Wendel, Chris Dantin Financial Services, LLC, Chris D. Dantin, Denton Wealth Strategies, LLC and Samuel Denton.

**Motion.  If you object to the relief requested herein, including the entry of the Approval Order containing the Bar Order, you must either file an objection with the Clerk of the Bankruptcy Court at 299 E. Broward Boulevard, Fort Lauderdale, FL 33301 no later than 2 business days before the hearing on the Motion or appear at the hearing on the Motion.  If you do not object to the Settlement Agreement and the Bar Order, there is no action you need to take.**

1 Global Capital, LLC and 1 West Capital, LLC (collectively, the "Debtors"), by and through their undersigned counsel, pursuant to 11 U.S.C. §§105 and 1107(a), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9019-1(A) of the Local Rules of this Court (the "Local Rules"), respectfully move (this "Motion") the Court for the entry of an Order (the "Approval Order"), (a) approving a certain settlement and compromise (the "Settlement") by and between (i) the Debtors and each of Terrence P. Wright, as trustee on behalf of Terrence Wright Living Trust As Amended 02/23/2018, Sarah Foster, Barbara E. Shore, individually and FBO the Barbara E. Shore IRA, Maurice R. Shore, FBO Maurice R. Shore IRA, and as trustee on behalf of Maurice Shore Revocable Trust (collectively, the "Class Plaintiffs") and (ii) each of Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, Pinnacle Plus Holdings, LLC, Travis Allen Horn, George Gille, and Matthew Lynn Walker (the "Pinnacle Parties"); American Alternative Investments, LLC a/k/a American Alternative Investments Corp., Rob Whitlow and Thomas Bosen (the "AAI Parties"); Henry J. Wieniewitz a/k/a Trae Wieniewitz, Wieniewitz Financial LLC, and Wieniewitz Wealth Management (the "Wieniewitz Parties"); Nicholas & Company, Inc. and David Nicholas (the "Nicholas Parties"); Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG, Roy Y. or

Patricia Y. Gagaza (the "Journey Wealth Parties"); Priority Financial & Insurance Solutions and Joseph Donti (the "Priority Financial Parties"); Goldstone Financial Group, Pell Corp. Brothers Inc., Stone Trust Capital Management, Inc., Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, and Brian R. Korienek (the "Goldstone Parties"), Wendel Financial Network, LLC d/b/a Wendel Retirement Planning, J.J.C.C., Inc., and Jeff Wendel (the "Wendel Parties"), Chris Dantin Financial Services, LLC and Chris D. Dantin (the "Dantin Financial Parties"); Denton Wealth Strategies, LLC and Samuel Denton (the "Denton Wealth Parties")(collectively, the Pinnacle Parties, the AAI Parties, the Wieniewitz Parties, the Nicholas Parties, the Journey Wealth Parties, the Priority Financial Parties, the Goldstone Parties, the Wendel Parties, the Dantin Financial Parties, and the Denton Wealth Parties shall be referred to herein as the "Settling Defendants"), pursuant to the terms and conditions set forth in that certain Settlement Agreement, dated September 12, 2019 (the "Settlement Agreement"), a copy of which Settlement Agreement is attached hereto as **Exhibit "A"**, and (b) authorizing the payment of the earned contingency fee to the Professionals (as defined below) in connection therewith. In support of this Motion, the Debtors state as follows:

## JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS

1.      This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to sections 28 U.S.C §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      The statutory bases for the relief sought in this Motion are Sections 105 and 1107(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The procedural predicate for the requested relief herein is Rule 9019 of the Bankruptcy Rules and Rule 9019-1(A) of the Local Rules.

## FACTUAL BACKGROUND

### General Background

3.      On July 27, 2018 (the "Petition Date"), the Debtors commenced these chapter 11 cases (collectively, the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

4.      On September 7, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") [ECF No. 138].

5.      A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is set forth in the Debtors' Chapter 11 Case Management Summary [ECF No. 8].

6.      On July 22, 2019, the Debtors filed their *First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [ECF No. 805] (the "Plan").

7.      On September 20, 2019, the Bankruptcy Court entered an *Order Confirming First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Confirmation Order") [ECF No. 1197].

8.      Pursuant to the Plan and the Confirmation Order, upon the Effective Date (as defined in the Plan), the 1 GC Collection Creditors' Liquidating Trust (the "Liquidating Trust") will be established with James S. Cassel appointed as the Liquidating Trustee (the "Liquidating Trustee"), and all of the Liquidating Trust Assets (defined to include all assets of the Debtors as

of the Effective Date, including the Claims resolved herein) will be transferred by the Debtors to the Liquidating Trust.[3]

9.      Further, pursuant to the Plan and the Confirmation Order, the Bankruptcy Court retained the authority and jurisdiction to enter, among other things, bar orders or channeling injunctions in connection with the compromise and settlement of any cause of action relating to the Debtors, their investors or the Liquidating Trust.  *See* Section 5.02 of the Plan and Paragraph 19 of the Confirmation Order.

### The Class Action, Claims against Investment Advisors/Agents and Preliminary Approval by Circuit Court

10.      On June 24, 2019, the Class Plaintiffs filed an action against the Settling Defendants in the Circuit Court (the "Circuit Court") for the Eleventh Judicial Circuit in Miami-Dade County, Florida, Case No. 2019-018039-CA-01, Section CA 44 (the "Class Action") seeking damages against the Settling Defendants for the marketing and sale of unregistered securities in violation of federal and state law, namely the Debtors' offering and sale of memoranda of indebtedness, promissory notes, merchant cash advances or any other actual or alleged securities (the "Securities Claims").  In addition, the Debtors, through their special counsel, Genovese Joblove & Battista, P.A. ("GJB"), investigated and asserted claims against the Settling Defendants, including, without limitation, claims arising under Chapter 5 of the Bankruptcy Code for the avoidance and recovery transfers made by the Debtors to the Settling Defendants for the payment of commissions and other monies, as well as claims for aiding and abetting breach of fiduciary duty (the "Debtors' Claims")(the Securities Claims and the Debtors' Claims are hereinafter collectively referred to as the "Claims").

---

[3] As of the date hereof, the Effective Date has not occurred.  Upon the occurrence of the Effective Date, the Liquidating Trustee will be substituted as the representative of the Debtors' estates for the purposes of this Motion and the Plan.

11.     The Class Plaintiffs are represented by the following law firms: The Moskowitz Law Firm, Bonnett, Fairbourn, Friedman & Balint, PC, Meland Russin & Budwick, P.A. and the Sonn Law Group, P.A. (collectively, the "Plaintiffs' Counsel").

12.     On September 11, 2019, the Class Plaintiffs filed an Amended Complaint in the Class Action on behalf of themselves and all others similarly situated, seeking damages on behalf of all the investors who purchased unregistered securities issued by the Debtors.

13.     The Class Plaintiffs, the Debtors and the Settling Defendants (collectively the "Parties") engaged in significant settlement negotiations over the course of months in an effort to reach agreement on the terms of the Settlement, including mediation sessions with Rodney Max, Esq. as the mediator, as well as numerous subsequent telephone conferences.

14.     In connection therewith, the Class Plaintiffs and the Debtors investigated the facts and legal issues underlying the Claims, and collected and reviewing numerous documents and related data.  In addition, in determining the specific monetary amount appropriate to settle the Claims against each individual Settling Defendant, the Class Plaintiffs and the Debtors carefully considered: (a) the total commissions paid by the Debtors to each Settling Defendant; (b) the total amount of money already paid by each Settling Defendant to reimburse its own customers for damages and to settle their customer's individual claims; and (c) the current financial condition of each Settling Defendant, based on financial documents and sworn statements.

15.     On September 20, 2019, the Circuit Court in the Class Action granted preliminary approval of the Settlement contained in the Settlement Motion.

16.     Based on the above, the Debtors and the Class Plaintiffs, on the one hand, and the Settling Defendants on the other, have determined that it is in their respective best interests to resolve the disputes between them related in any way to or arising out of the Claims pursuant to

the terms and conditions of the Settlement as set forth in the Settlement Agreement.

## SUMMARY OF THE TERMS OF THE SETTLEMENT

17.     As a result of numerous discussions and hard fought negotiations discussed above, including with the assistance of Rodney Max as the mediator, the Debtors, the Class Plaintiffs and the Settling Defendants reached the Settlement of the Claims. The terms of the Settlement are set forth in the Settlement Agreement.  Under the terms of the Settlement, all of the consideration to be paid by the Settling Defendants will be paid to the Debtors' bankruptcy estates for distribution to holders of allowed unsecured claims in accordance with the terms of the Plan as confirmed by the Bankruptcy Court.  To that end, the total consideration being paid to the Debtors' bankruptcy estates under the Settlement Agreement totals no less than $2,165,137.00.[4]

18.     The material terms of the Settlement are as follows:[5]

      a.  **Bankruptcy Court Approval**. The Settlement Agreement shall be subject to the entry of Approval Order by this Court approving the terms and conditions of the Settlement Agreement, including the Bar Order (defined below) and such Approval Order becoming a Final Order (as defined in the Settlement Agreement).[6]

---

[4] As set forth herein, the total cash consideration to be paid is $1,912,500.00, of which the sum of $837,000.00 will be paid upon approval of the Settlement Agreement by this Court and the Circuit Court, with the balance to be paid over time.  In addition, the total face value of the claims being waived by the Settling Defendants equals $2,511,050.06 (defined herein as the "Waived Claims").  Notwithstanding the foregoing, the Debtors believe the true value of the Waived Claims equals $743,050.00.  As of the date of the hearing to approve confirmation of the Plan on September 17, 2019 the Debtors estimated a 34% distribution to holders of allowed unsecured claims. Therefore, the Debtors currently ascribe a value to the distribution on the Waived Claims (as defined herein) at this time of $252,637.00.  However, certain recently approved settlements should materially increase the ultimate distribution to general unsecured creditors and thus the value of the distributions on the Waived Claims under the Settlement Agreement will increase as to the Debtors' bankruptcy estates.

[5] All creditors and parties in interest are encouraged to review the entirety of the Settlement Agreement. To the extent the summary set forth herein conflicts with the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

[6] The Settlement Agreement is also subject to approval by the Circuit Court in the Class Action.  As set forth above, on September 20, 2019, the Circuit Court preliminarily approved the Settlement and set a hearing for final approval on November 12, 2019.

b. **The Settlement Payments**. In consideration of the Settlement and the releases set forth in the Settlement Agreement, including the entry of the Bar Order, the Settling Defendants shall provide the following consideration to the Debtors, for the benefit of the Debtors' bankruptcy estates:

   i. **Settlement Payment by the Journey Wealth Parties.** The Journey Wealth Parties will pay an amount equal to $250,000.00 within 2 years.  An initial payment of at least 10% shall be paid on the Approval Date,[7] with the balance to be paid on or before the two-year anniversary of the Approval Date.

   ii. **Settlement Payment by the Nicholas Parties.** The Nicholas Parties will pay an amount equal to $25,000.00 within 2 years.  An initial payment of at least 10% shall be paid on the Approval Date, with the balance to be paid on or before the two-year anniversary of the Approval Date.

   iii. **Settlement Payment by the Priority Financial Parties.** The Priority Financial Parties will pay an amount equal to $20,000.00 within 2 years.  An initial payment of at least 10% shall be paid to on the Approval Date, with the balance to be paid on or before the two-year anniversary of the Approval Date.

   iv. **Settlement Payment by the AAI Parties.** The AAI Parties will pay an amount equal to $50,000.00 on the Approval Date.

   v. **Settlement Payment by the Goldstone Parties.** The Goldstone Parties will pay an amount equal to $100,000.00 within 2 years. An initial payment of at least 10% shall be paid on the Approval Date, with the balance to be paid on or before the two-year anniversary of the Approval Date.

   vi. **Settlement Payment by the Pinnacle Parties.**  The Pinnacle Parties will pay an amount equal to $500,000.00 on the Approval Date.

   vii. **Settlement Payment by the Wieniewitz Parties.** The Wieniewitz Parties will pay an amount equal to $625,000.00 in 5 equal annual installments of $125,000.00, the first of which is to be paid on the Approval Date.

---

[7] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Settlement Agreement.

8

viii. **Settlement Payment by the Wendel Parties.** The Wendel Parties will pay an amount equal to $175,000.00 within 3 years, with the first installment in the amount of $75,000 to be paid on the Approval Date, and the second and third payments in the amount of $50,000.00 to be paid annually.

ix. **Settlement Payment by the Dantin Financial Parties.** The Dantin Financial Parties shall pay an amount equal to $127,500.00 within five years, with the first installment of $27,500.00 to be made on the Approval Date, and equal annual payments of $25,000.00 thereafter.

x. **Settlement Payment by Denton Wealth Parties.** The Denton Wealth Parties will pay an amount equal to $40,000.00 as follows: The amount of $20,000.00 on the Approval Date, with the balance to be paid within 1 year of the Approval Date.

c. **Waiver of Claims:**  Upon the Approval Date, each of the Settling Defendants shall waive any and all claims against the Debtors and the Debtors' estates, including any proofs of claim that may have been filed by the Settling Defendants in the Chapter 11 Cases.  In connection therewith, a total of $2,511,050.06 in filed claims shall be waived and released by the Settling Defendants (the "Waived Claims").[8]

d. **Bar Order. The Approval Order shall contain a bar order (the "Bar Order") under and pursuant to Section 105 of the Bankruptcy Code, which Bar Order shall permanently bar, prohibit, enjoin and restrain the filing, commencing, prosecuting, conducting, asserting or continuing in any manner, directly, indirectly or derivatively, any suit, action, cause of action, cross-claim, counterclaim, third party claim, or other demand (including any of the Claims being released herein) in any federal or state court or any other judicial or non-judicial proceeding (including, without limitation, any proceeding in any judicial,**

---

[8] The Waived Claims include the following claims:  Claim No.1822 filed by Christopher D. Dantin ($110,172.01), Claim No. 1823 filed by Christopher D. Dantin ($72,277.52), Claim No. 10855 filed by Goldstone Financial Group ($150,000.00), Claim No. 10890 filed by Goldstone Financial Group ($1,200,000.00), Claim No. 2169 filed by Jeffrey L Wendel, IRA ($23,975.39), Claim No. 2245 filed by JJCC Inc. Retirement Plan ($460,166.67), Claim No. 10308 filed by Brian Korienek ($21,646.88), Claim No. 10858 filed by Anthony Pelligrino ($150,000.00), Claim No. 10856 filed by Michael Pelligrino ($150,000.00), Claim No. 10859 filed by Priority Financial & Insurance Solutions ($7,987.50), Claim No. 1064 filed by Henry and Nollene Wieniewitz ($53,521.29), Claim No. 772 filed by Henry J. Wieniewitz, III ($111,310.80); Claim No. 10816 filed by Joseph Donti (undetermined amount); Claim No. 10825 filed by Pinnacle Plus Financial, LLC (undetermined amount); Claim No. 10827 filed by Pinnacle Plus Capital, LLC (undetermined amount); Claim No. 10829 filed by Pinnacle Wealth Management, LLC (undetermined amount); Claim No. 10860 filed by George Gille (undetermined amount); Claim No. 10862 filed by Travis Horn (undetermined amount); and Claim No. 10863 filed by Matthew Walker (undetermined amount).

arbitral, mediation, administrative, or other forum) by any Barred Person (as defined below) against or affecting any of the Settling Defendants (and all their respective present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns)[9] which is based in whole or in part on any allegation, claim, demand, cause of action, matter or fact directly or indirectly relating in any way to or arising out of or in connection with the acts or omissions of the Settling Defendants as they relate to the Debtors or the Debtor's business, including the offering and sale of Memoranda of Indebtedness ("MOIs"), Promissory Notes, Merchant Cash Advances ("MCAs") or any other actual or alleged Securities (collectively, the "Barred Claims").

For purposes of the Bar Order, "Barred Persons" shall mean any person or entity that has held, holds, may hold, or purports to hold a claim or other debt or liability or an interest, including a membership interest, or other right against, in, arising out of, or in any way related to the Debtors or any their members, whether that person or entity filed a proof of claim in the Bankruptcy Case or otherwise.

19.    Notwithstanding anything in the Settlement Agreement to the contrary, no federal, state, or local governmental agency or self-regulatory organization, including but not limited to the Securities and Exchange Commission and the Department of Justice, shall be a Barred Person; nor shall the Bar Order apply to any federal state, or local governmental agency or self-regulatory organization, including but not limited to the Securities and Exchange Commission and the Department of Justice.

## RELIEF REQUESTED

20.    The Debtors respectfully request that this Court enter the Approval Order

---

[9] Notwithstanding anything herein or in the Settlement Agreement to the contrary, the Bar Order shall not impact or affect in any way claims that creditors of, or investors in, the Debtors have against any broker-dealer, investment advisor or sales agent that is not one of the Settling Defendants, provided that any such claims against any of the Settling Defendants shall remain barred under the terms of the Bar Order. For avoidance of doubt, the Barred Claims do not include claims against any broker-dealers, investment advisors, investment advisory firms, or sales agents once licensed with a brokerage firm or investment advisor or investment advisory firm other than the specifically named Settling Defendants.

approving the terms and conditions of the Settlement Agreement, including the Bar Order.

## BASIS FOR THE REQUESTED RELIEF

### Applicable legal standard for approval of settlement by this Court

21.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).   Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the rights and powers afforded to a trustee serving in a chapter 11 case.   *See* 11 U.S.C. § 1107(a). Furthermore, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a).

22.     When considering whether to approve a compromise or settlement under Rule 9019, a bankruptcy court must determine if the proposed compromise or settlement is fair, equitable, reasonable and in the best interests of the debtor's estate. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (holding a bankruptcy court considers whether a settlement is "fair and equitable").  A bankruptcy court is not required to decide the merits of claims, but is to assess the probability of succeeding on those claims. *See In re Vazquez*, 325 B.R. 30, 35 (Bankr. S.D. Fla. 2005).  "It is generally recognized that the law favors settlement of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).  Accordingly, it is within the scope of this Court's authority to grant the Motion.

23.     The United States Court of Appeals for the Eleventh Circuit has set forth four factors to assist bankruptcy courts in determining whether a settlement proposal meets the

appropriate standard. These factors are as follows:

   a.   the probability of success in the litigation;

   b.   the difficulties, if any, to be encountered in the matter of collection;

   c.   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   d.   the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). *See also Romagosa v. Thomas (In re Van Diepen, P.A.)*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (setting forth *Justice Oaks* factors and affirming bankruptcy court's approval of settlement agreement).

   24.   Appellate courts review a bankruptcy court's approval of a settlement or compromise to determine whether there is a clear showing that the bankruptcy court abused its discretion. *In re Van Diepen, P.A.*, 236 Fed. Appx. at 504; *In re Bicoastal Corp.*, 164 B.R. at 1016 (stating "the Bankruptcy Court has broad discretion to approve a compromise."). Moreover, "[t]he bankruptcy court is not required to rule on the merits, and must look only to the probabilities." *Id.* Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

### The Terms of the Settlement Meet the Justice Oaks Factors

   25.   As applied to the circumstances presented by this case, the Debtors and the Committee submit that the *Justice Oaks* factors weigh heavily in favor of approval of the terms and conditions of the Settlement contained in the Settlement Agreement.

26.    ***The Probability of Success in Litigation***. This factor weighs in favor of approval of the Settlement.  Class Plaintiffs' claims mainly concerned the violation of state and federal securities laws which prohibit the sale of unregistered securities. These claims had a high probability of success given the fact that one district court has already concluded that the Debtors' MOIs constituted securities which required compliance with applicable laws governing securities. *See SEC v. 1 Global Capital LLC et al.*, Case No. 0:18-cv-61991-BB, Doc. 155.  The Class Plaintiffs also brought claims against the brokers for breach of fiduciary duty, the success of which is less certain, given that courts have taken conflicting views on the scope and extent of a broker's fiduciary duties to their clients. On the other hand, there are various defenses the Settling Defendants would have likely raised which could have possibly absolved them from liability, such as (i) the MOIs were not securities, (ii) the securities were not sold in the states where the Class Plaintiffs were located, or (iii) the securities were not required to be registered because they fall under a statutory exemption. The Settling Defendants may also have raised affirmative defenses such as that they acted on the advice of counsel. The relative strength of Class Plaintiffs' claims, however, must be balanced against the other factors outlined below.

27.    Moreover, the Debtors submit that the Debtors' Claims against the Settling Defendants, including claims arising under Chapter 5 of the Bankruptcy Code for the avoidance and recovery transfers made by the Debtors to the Settling Defendants for the payment of commissions and other monies, as well as claims for aiding and abetting breach of fiduciary duty, had a good probability of success.  However, the Debtors believe that the Settling Defendants would have raised defenses to such claims, including without limitation the defenses available under Sections 547(c) and 548(c) of the Bankruptcy Code.

28. ***The Collection Factor***. Difficulties that could have been potentially encountered in the matter of collection are a significant factor weighing in favor of the Settlement. When evaluating the amount of money offered by each Settling Defendant, the Debtors and Class Plaintiffs considered financial worth declarations and certain back up documentation reflecting each of the Settling Defendants' ability to pay a judgment. Based on this information, the parties settled on terms, including the size of monetary payments and number of installments which could be paid by the certain of the Settling Defendants that was appropriate for each particular Settling Defendant. Further, the Debtors and the Class Plaintiffs accomplished these Settlements early, before any significant litigation had commenced, thus cutting down on litigation costs.[10] Had these cases proceeded to litigation, many of these Settling Defendants would have had their assets severely depleted and could have even filed for bankruptcy. In this scenario, the Debtors and the Class Plaintiffs would have an extraordinarily difficult time collecting on judgments. This early Settlement eliminates those risks and uncertainties and guarantees millions of dollars for the Debtors' estates that, had litigation ensued, might not have been realized.

29. ***Complexity of Litigation***. The disputes being resolved include complex class action cases that would have likely taken years of effort and many hundreds of thousands of dollars in resources to litigate. Federal courts recognize the inherent complexity attendant to this form of litigation. *See, e.g., Lamones v. Human Resource Profile, Inc.*, No. 8:16-cv-2422-T-35AAS, 2018 WL 8578301, at * (M.D. Fla. Aug. 2, 2018) ("class actions are inherently complex to prosecute because the legal and factual issues are complicated and uncertain in outcome.") (citing *Francisco v. Numismatic Guar. Corp. of Am.*, No. 06-61677-CIV, 2008 WL 649124, at *15 (S.D. Fla. Jan. 31, 2008)). With over *thirty-five* separate Settling Defendants and multiple

---

[10] Moreover, had litigation ensued, pursuant to the GJB Engagement Order (defined herein), the Professionals would have been entitled to seek a higher contingency percentage from the funds recovered.

class representatives, discovery would have been a massive undertaking, with dozens of depositions and many thousands of pages of documents. Moreover, as these were all class action cases, Class Plaintiffs would first have needed to obtain class certification, and only then proceed to the merits of the cases. Moreover, the Debtors' Claims were by no means "garden variety" chapter 5 claims, which also include claims for aiding and abetting breaches of fiduciary duties. The undoubted complexity of these multiple matters weighs in favor of the Settlement.

30.     ***Paramount Interests of Creditors***.    The Settlement Agreement is in the paramount and best interest of the creditors of the Chapter 11 Cases. Specifically, the Debtors believe that creditors of the bankruptcy estate will overwhelmingly support the approval of this Motion and the Settlement Agreement.  The Plaintiffs in the Class Action support the Settlement Agreement and are parties thereto.  The Settlement provides a substantial amount of money to the Debtors' bankruptcy estates and eliminates the ongoing expense and attendant risk of litigating the Claims.

31.     For the foregoing reasons, the Debtors submit that the settlement and compromise contained in the Settlement Agreement falls well above the lowest point in the range of reasonableness, is fair and equitable, is in the best interest of all creditors and, accordingly, should be approved.

## Necessity of a Bar Order

32.     Pursuant to the terms of the Settlement Agreement, the Bar Order is an essential, material, and integral component of the Settlement between the Debtors, the Class Plaintiffs and the Settling Defendants.  As set forth below, the Bar Order satisfies the applicable provisions of the Bankruptcy Code and controlling law in the Eleventh Circuit, including *In re Munford* and its progeny. *Munford v. Munford, Inc. (In re Munford)*, 97 F.3d 449 (11th Cir. 1996).

33.     Section 105(a) of the Bankruptcy Code provides this Court with the inherent power to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a); *Munford*, 97 F.3d 449; *Wald v. Wolfson (In re U.S. Oil & Gas Litig.)*, 967 F.2d 489 (11th Cir. 1992).

34.     In fact, the Eleventh Circuit Court of Appeals recently stated that "a bankruptcy court can enjoin **any** civil action if the outcome could alter the debtor's rights, liabilities, options, or freedom of action or in any way impacts upon the handling and administration of the bankrupt estate." *In re Fundamental Long Term Care*, *Inc*., 873 F.3d 1325, 1337 (11th Cir. Oct. 19, 2017) (emphasis added); *see also In re Solar Cosmetic Labs, Inc.*, 2010 WL 3447268, * 4 (Bankr. S.D. Fla. Aug. 27, 2010) ("As far as any suggestion made by [party objecting to bar order] that [the Bankruptcy] Court does not have jurisdiction or authority [to enter a bar order]... one need go no further than *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.*), 910 F.2d 784 (11th Cir.1990), for confirmation of this Court's jurisdiction."); *In re Rothstein Rosenfeldt Adler, P.A.*, No. 09-34791-RBR, 2010 WL 3743885, at *6-8 (Bankr. S.D. Fla. Sept. 16, 2010) (granting request for a bar order entry of which was required by settlement); *In re S&I Investments*, 421 B.R. 569, 586 (Bankr. S.D. Fla. 2009) (approving request for entry of a bar order, which was a condition to a settlement with the debtor's bankruptcy estate).  Accordingly, the Court's power to enter the Bar Order contemplated by the Settlement Agreement is beyond question.

35.     When considering the exercise of power under 11 U.S.C. § 105 in connection with compromises and bar orders, the Eleventh Circuit Court of Appeals has determined that: (i) public policy favors settlements; (ii) the cost of litigation can be burdensome on a bankruptcy estate, and (iii) bar orders play an integral role in facilitating settlements.  *See Munford*, 97 F.3d at 455; *In re U.S. Oil & Gas Litig.*, 967 F.2d at 493-94.  Whether the bar order is integral to the

16

settlement or compromise is a key factor.  97 F.3d at 455; 967 F.2d at 494.  This is because "settlement bar orders allow settling parties to put a limit on the risks of settlement." *In re U.S. Oil & Gas Litig.*, 967 F.2d at 494.

36.     The Settling Defendants' agreement to settle and compromise the Claims and to make the respective settlement payments is strictly conditioned on the entry and finality of the Bar Order. Without the Bar Order, there would be no settlement and compromise with the Settling Defendants. Indeed, the Settling Defendants have an important interest in putting an end to the issues related to the Debtors and the Class Plaintiffs, and avoiding any further involvement in matters relating to the Debtors and the Class Plaintiffs, including in respect of litigation around the country. As such, the Bar Order, an integral component of the Settlement, directly benefits the Debtors' estates and clearly facilitates and fulfills the longstanding public policy of encouraging pretrial settlements. Finally, the Bar Order is narrowly tailored and only releases and enjoins claims arising from or relating to the same common nucleus of facts and circumstances as the Claims of the Debtors against the Settling Defendants, in particular the facts and circumstances related to or arising out of the Debtors' offer and sale of the MOIs, the Notes, the MCAs and/or the other Securities, which were never registered by the Debtors as securities under the Federal securities laws.

37.     The case law in the Eleventh Circuit is uniform in that bar orders that are incorporated into settlement agreements are fair and equitable if (a) the bar order is consistent with and "fulfills the long-standing public policy of encouraging pretrial settlements," (b) the settlement satisfies the *Justice Oaks factors*, and (c) the bar order satisfies the nonexclusive set of factors for approval of bar orders set forth in Munford, including:

> a.  The non-debtor third-party claims which will be barred are interrelated with the estate's claims;

      b.   The parties opposed to the bar order have not presented sufficient evidence of the strength and existence of their claims against the beneficiary of the bar order;

      c.   The estate's litigation against the beneficiary of the bar order is complex; and

      d.   The continuance of litigation by the estate and other parties against the beneficiary of the bar order will deplete resources.

*See United States v. Hartog*, 597 B.R. 673, 680-81 (S.D. Fla. 2019); *In re Latitude 360, Inc*., No. 17-00086-PMG, 2019 WL 3614766, *2 (Bankr. M.D. Fla. May 29, 2019); *In re Jiangbo Pharmaceuticals, Inc*., 520 B.R. 316, 323 (Bankr. S.D. Fla. 2014); *In re Evaluation Solutions, LLC*, No. 13-00447-JAF, 2013 WL 3306216, *4, 5 (Bankr. M.D. Fla. June 27, 2013); *In re Rothstein Rosenfeldt Adler, P.A.*, No. 09-34791-RBR, 2010 WL 3743885, at *6-8 (Bankr. S.D. Fla. Sept. 16, 2010).

      38.     In the present case, the Bar Order seeks to enjoin and bar solely those claims that are interrelated with the Claims of the Debtors against the Settling Defendants.  To be clear, even though the court in *Munford* addressed cross claims for indemnity and contribution, courts in the Eleventh Circuit have concluded uniformly that "separate claims of a settling estate and a non-settling third-party against the same or similar defendants maybe interrelated for the purpose of issuing in a bar order."  *See Brophy v. Salkin*, 550 B.R. 595, 600 (S.D. Fla. 2015).

      39.     Claims of the settling estate and of the non-settling third-party are interrelated if "they arise out of the same common nucleus of operative facts and circumstances and are based on similar, if not identical, acts and omissions."  *Id. See also U.S. Oil & Gas Litig.,* 967 F.2d at 496.  Moreover, the barred claims are not required to be "property of the estate or depending upon estate claims to be interrelated."  *See Brophy*, 550 B.R. at 601.

      40.     Still further, the "Eleventh Circuit has expanded the reach of acceptable bar orders to include those enjoining third parties that are not involved in any adversary proceeding

between the debtor and the settling party."  *See United States v. Hartog*, 597 B.R. at 682-83, citing to *In re Superior Homes & Investment, LLC*, 521 fed. Appx, 895 (11th Cir. 2013).

41.      Lastly, this Court has the power under the All Writs Act, 28 U.S.C. §1651 to enter the Bar Order.  *See In re Fundamental Long Term Care*, *Inc*., 873 F.3d at 1338-39.  The All Writs Act authorizes federal courts to "issue all writs necessary and appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law."  This authority includes the authority "to issue such commands … as may be necessary and appropriate to effectuate and prevent the frustration of orders it has previously issues in its exercise of jurisdiction otherwise obtained.  *In re Am. Honda Motor Co., Inc., Dealership Relations Litig*., 315 F.3d 417, 437-38 (4th Cir. 2003)(internal quotations omitted)(quoting *Penn. Bureau of Corr. v. U.S. Marshals Serv*., 474 U.S. 34, 40, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)).

42.      Under the All Writs Act, "the court has the power to extend [an] injunction to third parties who are not parties to the action ….   [T]he act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a positon to frustrate the implementation of a court order or the proper administration of justice and encompasses even those who have not taken any affirmative action to hinder justice." *SEC v. Parish*, 2010 WL 8347143, *5 (D.S.C. 2010).  The Court is authorized to and should enter the Bar Order pursuant to the All Writs Act.

**Request for Authorization to Pay Contingency Fee**

43.      Lastly, this Court previously approved the Debtors' engagement of GJB as special litigation counsel in connection with, among other litigation, the Claims [ECF No. 639] (the "GJB Engagement Order").  Pursuant to the GJB Engagement Order, the Court approved a contingency fee of twenty-seven and one-half percent (27.5%) (subject to certain reductions) to

be paid to GJB in connection with any recovery realized, collected or recovered in respect of Litigation Claims (as defined in the GJB Engagement Order), including the Claims.[11]

44.    Pursuant to an agreement placed on the record on July 24, 2019 in connection with approval of the Disclosure Statement, GJB and the Plaintiffs' Counsel (specifically The Moskowitz Law Firm, Bonnett, Fairbourn, Friedman & Balint, PC, Meland Russin & Budwick, P.A. and the Sonn Law Group, P.A.) (collectively, the "Professionals") will allocate the Contingency Fee (defined herein) among the Professionals in accordance with such announcement on the record.  In respect of the Claims at issue in the Settlement herein, the Professionals have agreed to allocate the Contingency Fee as follows:  40% of the Contingency Fee to GJB and 60% of the Contingency Fee collectively to the Plaintiffs' Counsel.

45.    Accordingly, if the Settlement is approved, then the Debtors request approval of the earned 27.5% contingency fee from the total consideration of $2,165,137.00 to be tendered under the Settlement Agreement, which equals $595,412.68 (the "Contingency Fee"), which Contingency Fee shall be allocated (i) 60% to the Plaintiffs' Counsel, which is $357,247.61, and (ii) 40% to GJB, which is $238,165.07.[12]

46.    However, given that the immediate consideration to be paid under the Settlement Agreement is $1,089,637.00 ($837,000.00 in cash payments plus the current value of the Waived

---

[11] This percentage relates to recoveries before a complaint is filed.  Even though the Class Action was filed in Circuit Court, the Debtors did not file a separate action in the Bankruptcy Court. Further, while the GJB Engagement Order provides that the Contingency Fee for the Litigation Claims will be reduced by an amount equal to the total hourly fees incurred by GJB in connection with the Litigation Claims through February 28, 2019 and paid by the Debtors pursuant to the Interim Compensation Order (an amount equals $119,348.60), such reduction has already been applied in respect of the Contingency Fee approved by the Bankruptcy Court in connection with a prior settlement approved by the Bankruptcy Court [ECF No. 1177].

[12] GJB and the Professionals reserve the right to file a further application for compensation based on the ultimate amount of distributions in respect of the Waived Claims.

Claims in the amount of $252,637.00), the Debtors request approval to pay $299,650.18[13] of the Contingency Fee at this time (27.5% of $1,089,637.00), with the balance of the Contingency Fee to be paid as funds from the Settlement Agreement are received by the Liquidating Trustee without further Order of the Court.

## NOTICE

47.    As set forth in the certificate of service to be filed in connection herewith, this Motion, along with the exhibits attached hereto, will be served via U.S. Mail on the Debtors' Master Service List [ECF No. 89] including all parties who have formally requested notice of pleadings, and by electronic notice to all parties receiving notice through CMECF.  Pursuant to the terms of the Settlement Agreement, notice of the Settlement, in the form attached hereto as **Exhibit "B"** (the "Notice of Settlement"), will be served on any creditor of the Debtors who is scheduled in the Debtors' bankruptcy schedules, who has filed a proof of claim in the Chapter 11 Cases, or who is a party to any ongoing lawsuit that would be subject to the Bar Order. Moreover, as will be set forth in the certificate of service to be filed herewith, the Debtors will have served the Notice of Settlement upon not only every creditor, but also every person or entity that was as an investor in the Debtors.

48.    As set forth therein, the Notice of Settlement contains a description of the Settlement, the Bar Order, the effect thereof, and information for obtaining a full copy of the Motion along with the Settlement Agreement.  The Debtors request that the Court find that such notice is sufficient and that no further notice is required.

## CONCLUSION

49.    Based upon the totality of circumstances presented above, the Debtors

---

[13] Such initial amount to be allocated (i) 60% to the Plaintiffs' Counsel in the amount of $179,790.11, and (ii) 40% to GJB in the amount of $119,860.07.

respectfully submit that the proposed Settlement as set forth in the Settlement Agreement is fair, reasonable and equitable, represents a substantial benefit to the Debtors' bankruptcy estates and their creditors, reflects the *exercise* of prudent business judgment by the Debtors, and satisfies the *Justice Oaks* factors and the criteria for the entry of the Bar Order set forth in under *Munford, Fundamental* and their progeny. Accordingly, the Debtors submit that the Court should approve the Settlement Agreement and enter the Bar Order.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order: (i) granting this Motion; (ii) approving the terms of the Settlement in its entirety as set forth in the Settlement Agreement; (iii) authorizing the Debtors to execute and deliver the Settlement Agreement and to perform all of the obligations contained therein without further Court order; (iv) approving and entering the Bar Order; (v) approving the form of the Notice of Settlement and finding that such notice was appropriate, (vi) retaining jurisdiction over the terms and enforcement of the Settlement Agreement and the Bar Order; (vii) authorizing the Debtors to pay the Contingency Fee as set forth herein; and (viii) granting such other relief as the Court deems proper.

Respectfully submitted on September 30, 2019.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Special Counsel for the Debtors*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:     /s/*Paul J. Battista*
          Paul J. Battista, Esq.
          Florida Bar No. 884162
          pbattista@gjb-law.com
          Glenn D. Moses, Esq.
          Fla. Bar No.  174556
          gmoses@gjb-law.com

# EXHIBIT "A"
**(Settlement Agreement)**

IN THE CIRCUIT COURT IN THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

TERRENCE P. WRIGHT, as trustee for the
TERRENCE WRIGHT LIVING TRUST AS
AMENDED 02/23/2018, SARAH FOSTER,
BARBARA E. SHORE, individually and
FBO BARBARA SHORE IRA, MAURICE
R. SHORE, FBO MAURICE R. SHORE IRA
and as trustee on behalf of MAURICE
SHORE REVOCABLE TRUST, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

PINNACLE PLUS CAPITAL LLC, a Kansas
limited liability company, PINNACLE
WEALTH MANAGEMENT LLC, A Kansas
limited liability company, PINNACLE PLUS
FINANCIAL, LLC, a Kansas limited liability
company, PINNACLE PLUS HOLDINGS
LLC, a Kansas limited liability company,
MATTHEW LYNN WALKER, an
individual, TRAVIS ALLEN HORN, an
individual, and GEORGE GILLE, an
individual, AMERICAN ALTERNATIVE
INVESTMENTS, LLC a/k/a AMERICAN
ALTERNATIVE INVESTMENTS CORP.,
an Indiana corporation, ROB WHITLOW, an
individual, THOMAS BOESEN, an
individual, HENRY J. WIENIEWITZ a/k/a
TRAE WIENIEWITZ, WIENIEWITZ
FINANCIAL LLC, a Tennessee limited
liability company, WIENIEWITZ WEALTH
MANAGEMENT, a Tennessee corporation,
BLUEPATH CAPITAL LLC d/b/a
NICHOLAS WEALTH MANAGEMENT, a
Georgia limited liability company,
NICHOLAS & COMPANY, INC., a Georgia
corporation, DAVID NICHOLAS, an
individual, JOURNEY WEALTH
MANAGEMENT, a California limited
liability company, JOURNEY WEALTH
MANAGEMENT ADVISORS LLC, a

**COMPLEX BUSINESS DIVISION**

CASE NO. 2019-018039-CA-01
Section: CA 44

**CLASS REPRESENTATION**

California limited liability company, ROY A.
GAGAZA, an individual, PRIORITY
FINANCIAL & INSURANCE SOLUTIONS,
a California corporation, JOSEPH DONTI, an
individual, GOLDSTONE FINANICAL
GROUP LLC, an Illinois limited liability
company, PELL CORP. BROTHERS INC.,
an Illinois corporation, STONE TRUST
CAPITAL MANAGEMENT, INC., an
Illinois corporation, ANTHONY
PELLEGRINO, an individual, and
MICHAEL PELLEGRINO, an individual,
JUSTIN J. REPPY, an individual, BRIAN R.
KORIENEK, an individual, WENDEL
FINANCIAL NETWORK, LLC d/b/a
WENDEL RETIREMENT PLANNING, an
Ohio limited liability company, J.J.C.C.,
INC., an Ohio corporation, JEFF WENDEL,
an individual, CHRIS DANTIN FINANCIAL
SERVICES, LLC, a Louisiana limited
liability company, CHRIS D. DANTIN, an
individual, DENTON WEALTH
STRATEGIES, LLC, a Louisiana limited
liability company, and SAMUEL DENTON,
an individual,

      Defendants.

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on September 11, 2019: Plaintiffs Terrence P. Wright, as trustee on behalf of Terrence Wright Living Trust As Amended 02/23/2018 ("Wright"), Sarah Foster ("Foster"), Barbara E. Shore, individually and FBO the Barbara E. Shore IRA, Maurice R. Shore, FBO Maurice R. Shore IRA, and as trustee on behalf of Maurice Shore Revocable Trust ("the Shore Plaintiffs") (collectively, "Plaintiffs"), on the one hand, and Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, and Pinnacle Plus Holdings, LLC, (together, the "Pinnacle Plus Companies"); Matthew Lynn Walker ("Walker"), Travis Allen Horn ("Horn"), and George Gille ("Gille") (together, the "Pinnacle Plus Control Persons"); American Alternative Investments, LLC a/k/a American Alternative Investments Corp. ("AAI"); Rob Whitlow and Thomas Bosen (the "AAI Control Persons"); Henry J. Wieniewitz a/k/a Trae Wieniewitz ("Wieniewitz"); Wieniewitz Financial LLC, and Wieniewitz Wealth Management (together, "The Wieniewitz Companies"); Nicholas & Company, Inc. ("Nicholas & Company"); David Nicholas ("Nicholas"); Journey Wealth Management, Journey Wealth Management

Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG (together, "The Journey Wealth Companies"); Roy Y. & Patricia Y. Gagaza ("The Gagazas"); Priority Financial & Insurance Solutions; Joseph Donti; Goldstone Financial Group, Pell Corp. Brothers Inc., and Stone Trust Capital Management, Inc. (together, "The Goldstone Companies"); Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, and Brian R. Korienek (together, "The Goldstone Individual Defendants"), Wendel Financial Network, LLC d/b/a Wendel Retirement Planning ("Wendel Financial"), J.J.C.C., Inc. ("J.J.C.C.") (together, "The Wendel Companies"), Jeff Wendel ("Wendel"), Chris Dantin Financial Services, LLC ("Dantin Financial"), Chris D. Dantin ("Dantin"), Denton Wealth Strategies, LLC ("Denton Wealth"), and Samuel Denton (collectively, "Defendants"), on the other hand, in the action entitled *Wright et al. v. Pinnacle Plus Capital LLC et al*, No. 2019-018039-CA-01 (the "Action") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida (the "Circuit Court").

## I. DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.      "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§101 – 1532, as amended.

B.      "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Florida.

C.      "Bar Order Notice" means the notice, substantially in the form attached as Exhibit B hereto, of the bar order and settlement to be requested from the Bankruptcy Court.

D.      "Chapter 11 Cases" means the cases voluntarily commenced by the Debtors under chapter 11 of the Bankruptcy Code and jointly administered under Case No. 18-19121 by the Bankruptcy Court.

E.      "Circuit Court" means the Circuit Court for the Eleventh Judicial Circuit in Miami-Dade County, Florida.

F.      "Class Counsel" means Adam M. Moskowitz, The Moskowitz Law Firm, and Francis J. Balint, Jr. Balint, Bonnett, Fairbourn, Friedman & Balint, PC.

G.      "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VIII of the Agreement substantially in the forms attached as Exhibit A.

H.      "Class Period" means September 11, 2016 through the date of Preliminary Approval of Class Settlement.

3

I.     "Debtors" means 1 Global Capital LLC and 1 West Capital LLC, as debtors and debtors-in-possession in the Chapter 11 Cases.

J.     "Debtor's Special Counsel" means the special litigation counsel to the Debtors, Genovese Joblove & Battista, P.A.

K.     "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

L.     "Estates" means the estates of the Debtors created pursuant to section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Cases.

M.     "Final Approval Hearing" means the hearing at or after which the Circuit Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the Circuit Court of a final judgment and order thereon.

N.     "Final Judgment" means the judgment the Circuit Court enters, finally approving the class settlement.  A proposed Final Judgment is attached hereto as Exhibit C.

O.     "Liquidating Trustee" refers to the Liquidating Trustee as defined in to the First Amended Joint Plan of Liquidation filed in the Bankruptcy Case (as amended, modified or supplemented, from time to time).

P.     "MOI" refers to the Memorandums of Indebtedness sold by 1 Global to its investors.

Q.     "Notices" means the Class Notice and Bar Order Notice.

R.     "Objection/Exclusion Deadline" means the date twenty-one (21) days prior to the "Final Approval Hearing," defined above.

S.     "Parties" means the Class Representatives and Defendants.

T.     "Plan" means the First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC under chapter 11 of the Bankruptcy Code proposed by the Debtors and

4

the Official Committee of Unsecured Creditors (as amended, modified or supplemented, from time to time) filed in the Chapter 11 Cases.

U.     "Preliminary Approval" means the date the Circuit Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

V.     "Settlement Classes" means the following Classes:

The Pinnacle Plus Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, Pinnacle Plus Holdings, LLC, Matthew Lynn Walker, or George Gille, whether initial or by reinvestment.

The AAI Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by American Alternative Investments, LLC a/k/a American Alternative Investments Corp., Rob Whitlow, or Thomas Bosen, whether initial or by reinvestment.

The Wieniewitz Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Henry J. Wieniewitz a/k/a Trae Wieniewitz, Wieniewitz Financial LLC, or Wieniewitz Wealth Management, whether initial or by reinvestment.

The Nicholas Wealth Management Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Nicholas & Company Inc., or David Nicholas, whether initial or by reinvestment.

The Journey Wealth Management Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG, Roy Y. or Patricia Y. Gagaza, whether initial or by reinvestment.

The Priority Financial Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Priority Financial & Insurance Solutions or Joseph Donti, whether initial or by reinvestment.

5

<u>The Goldstone Financial Class</u>

All persons who, within the Class Period, invested in a 1st Global MOI sold by Goldstone Financial Group LLC, Pell Corp. Brothers Inc., Stone Trust Capital Management, Inc., Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, or Brian R. Korienek, whether initial or by reinvestment.

<u>The Wendel Class</u>

All persons who, within the Class Period, invested in a 1st Global MOI sold by Jeff Wendel, whether initial or by reinvestment.

<u>The Dantin Class</u>

All persons who, within the Class Period, invested in a 1st Global MOI sold by Chris D. Dantin, whether initial or by reinvestment.

<u>The Denton Class</u>

All persons who, within the Class Period, invested in a 1st Global MOI sold by Samuel Denton, whether initial or by reinvestment.

Excluded from the Settlement Classes are all persons who validly opt out of the settlement in a timely manner (for purposes of damages claims only); counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of its respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, the immediate families of the presiding judge or judicial officer, and judicial staff.

      W.     "Settlement Class Member" means any member of the Settlement Classes.

      X.     "The AAI Defendants" means American Alternative Investments, LLC a/k/a American Alternative Investments Corp. ("AAI"), Rob Whitlow and Thomas Bosen, and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

      Y.     "The Denton Defendants" means Samuel Denton and Denton Wealth Strategies, LLC ("Denton Wealth") and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

      Z.     "The Goldstone Defendants" means Goldstone Financial Group LLC, Pell Corp. Brothers Inc., Stone Trust Capital Management, Inc., Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, and Brian R. Korienek, and all of their present and former parent companies,

subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

AA.    "The Journey Wealth Defendants" means Journey Wealth Management, Journey Wealth Management Advisors LLC, and P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG, Roy Y. or PatriciaY. Gagaza, and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

BB.    "The Nicholas Defendants" means Nicholas & Company, Inc., and David Nicholas, and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

CC.    "The Pinnacle Defendants" means Pinnacle Plus Capital LL, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, Pinnacle Plus Holdings, LLC, Matthew Lynn Walker, Travis Allen Horn, and George Gille, and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

DD.    "The Priority Financial Defendants" means Priority Financial and Insurance Solutions and Joseph Donti, and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

EE.    "The Wendel Companies" means Jeff Wendel, Wendel Financial Network, LLC d/b/a Wendel Retirement Planning ("Wendel Financial"), J.J.C.C., Inc. ("J.J.C.C."), and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

FF.    "The Wieniewitz Defendants" means Henry J. Wieniewitz a/k/a Trae Wieniewitz ("Wieniewitz"), Wieniewitz Financial LLC ("Wieniewitz Financial"), and Wieniewitz Wealth Management ("Wieniewitz Wealth"), and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns.

## II. LITIGATION BACKGROUND

A.    On July 27, 2018, the Debtors filed for chapter 11 bankruptcy in the Southern District of Florida. *See In re Global Capital LLC*, No. 18-19121-RBR (Bankr. S.D. Fla.).

B.      On December 4, 2018, the deadline for all creditors to file a proof of claim in the Chapter 11 Bankruptcy Cases occurred.  Proofs of Claims were filed by certain of the Defendants, and other of the Defendants may have claims against the Estates including claims for contribution or reimbursement.

C.      On June 24, 2019, Plaintiffs filed the Action seeking monetary relief and alleging that Defendants had marketed and sold unregistered securities in violation of federal and state law. This Action was one of several brought by Class Counsel against various entities that engaged in the marketing and sale of the Debtors' MOIs.

D.      The Parties engaged in significant settlement negotiations and exchanged documents, including financial information from the Defendants demonstrating available settlement proceeds, Defendant's financial worth, and/or information about the commissions received by each Defendant for their work on behalf of 1 Global.

E.      Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; and collecting and reviewing of documents and data. Further, in determining the specific monetary amount appropriate to settle the claims against each individual Defendant, Class Counsel carefully considered: (a) the total commissions paid by the Debtors to each Defendant; (b) the total amount of money already paid by each Defendant to reimburse its own customers for damages and to settle their customer's individual claims; (c) the current financial condition of each Defendant, based on financial documents and sworn statements.

F.      In the course of the Chapter 11 Cases, the Debtors retained Debtors' Special Counsel to investigate and, if necessary, prosecute litigation claims the Estates may have against the Defendants. The Estates' claims include, without limitation, claims arising under Chapter 5 of the Bankruptcy Code for the avoidance and recovery transfers made by the Debtors to the Defendants for the payment of commissions and other monies, as well as claims for aiding and abetting breach of fiduciary duty.

G.      On July 22, 2019, the Debtors and the Official Committee of Unsecured Creditors filed the Plan. The Plan includes a classification of claims and specified how each class of claims will be treated under the Plan. Section 5.02 of the Plan provides that the Liquidating Trustee, and the Bankruptcy Court retains the authority for, the entry of a bar order or channeling injunction in connection with the compromise and settlement of any Cause of Action relating to the Debtors, their investors, the Surviving Debtors or the Liquidating Trust. The Bankruptcy Court has set a September 17, 2019 confirmation hearing date for the Plan.

H.      Counsel for the Parties conducted mediation discussions, at varying levels of involvement and time, over the past year in person, over the telephone, and/or by electronic mail with Rodney Max and thereafter engaged in a series of discussions regarding a settlement of the Action, including substantial additional arms-length negotiations. The result was a settlement of the Action in its entirety, culminating with this Agreement.

I.      Based on the above-outlined investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Classes in light of all known facts and circumstances.

J.      Defendants and Defendants' counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendants also recognize that the expense and time spent pursuing this Action has and will further detract from resources that may be used to run Defendants' businesses. While Defendants deny any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that they possess valid defenses to Plaintiffs' claims, Defendants have determined that the settlement is fair, adequate, and reasonable.

K.      On September 11, 2019, Plaintiffs filed an Amended Complaint on behalf of themselves and all others similarly situated, seeking damages on behalf of all investors who purchased unregistered securities issued by 1 Global Capital LLC d/b/a 1st Global Capital LLC ("1st Global").

## III. CERTIFICATION

A.      Certification of Classes: For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Florida Rules of Civil Procedure 1.220(b)(3) and 1.220(b)(2). Sarah Foster, Terrence P. Wright, Barbara E. Shore, and Maurice E. Shore, will serve as class representative plaintiffs and The Moskowitz Law Firm and Bonnett, Fairbourn, Friedman & Balint, PC will serve as Co-Lead Class Counsel, along with other Plaintiffs' firms that have been working with Co-Lead Class Counsel for the last year, including Meland Russin & Budwick, P.A., and Sonn Law Group, P.A.

B.      Certification is Conditional: This certification is for settlement purposes only and is conditional on the Circuit Court's approval of this Agreement. In the event the Circuit Court does not approve all terms of the Agreement, then certification of the Settlement Classes should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Classes, shall become null and void, shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendants shall not be deemed to have waived any opposition or defenses they have to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to Circuit Court and Bankruptcy Court approvals, the Parties agree as follows:

A.    <u>Monetary Relief</u>: Defendants agree to the following monetary relief, which represent the several, not joint, payment obligations of the separate Defendants as set forth below. Defendants shall not be responsible for any payment obligations except for the payment obligations specifically set forth with respect to the particular Defendants below. The failure of any Defendant to meet its payment obligations described below does not provide any cause of action against any other Defendant for recovery of any payment obligation.  Payments of these monetary sums are conditioned on the Defendants' receipt of full payee instructions, including the payee's IRS Form W-9 and wire instructions.

1.    The Journey Wealth Defendants agree to and will pay an amount equal to $250,000.00 within 2 years (the "Journey Settlement Fund") in multiple installments. The Journey Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Settlement Fund (the "Journey Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan for distribution by the Liquidating to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court. An initial payment of at least 10% of the Journey Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Court approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The remainder of payment of the Journey Settlement Fund shall be paid in its entirety on or before the two-year anniversary of the Approval Date. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Journey Settlement Fund Expenses, including the cost of Notices, from the Journey Settlement Fund.

2.    The Nicholas Defendants agree to and will pay an amount equal to $25,000.00 within 2 years (the "Nicholas Settlement Fund") in multiple installments. The Nicholas Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Nicholas Settlement Fund (the "Nicholas Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan, for distribution by the Liquidating Trustee, to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court. An initial payment of at least 10% of the Nicholas Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Court approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The remainder of payment of the Nicholas Settlement Fund shall be paid in its entirety on or before the two-year anniversary of the Approval Date. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Nicholas Settlement Fund Expenses, including the cost of Notices, from the Nicholas Settlement Fund.

3.      The Priority Financial Defendants agree to and will pay an amount equal to $20,000.00 within 2 years (the "Priority Settlement Fund") in multiple installments. The Priority Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Priority Settlement Fund (the "Priority Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court. An initial payment of at least 10% of the Priority Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Court approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The remainder of payment of the Priority Settlement Fund shall be paid in its entirety on or before the two-year anniversary of the Approval Date. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Priority Settlement Fund Expenses, including the cost of Notices, from the Priority Settlement Fund.

4.      The AAI Defendants agree to and will pay an amount equal to $50,000 (the "AAI Settlement Fund"). The AAI Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the AAI Settlement Fund (the "AAI Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court.  Payment of the AAI Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Court approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein.  For avoidance of doubt, the Debtors or the Liquidating Trustee may pay AAI Settlement Fund Expenses, including the cost of Notices, from the AAI Settlement Fund. AAI will also provide a note payable to the Liquidating Trustee in the amount of ½ of the sole $351,355.79 account receivable stated in AAI's verified Balance Sheet dated August 31, 2019, payable upon recovery of the receivable by AAI but net of the then-existing amount of the fee lien asserted by the Taft Stettinius & Hollister LLP (which is  currently $ $154,994.54).

5.      The Goldstone Defendants agree to and will pay an amount equal to $100,000.00 within 2 years (the "Goldstone Settlement Fund") in multiple installments. The Goldstone Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Goldstone Settlement Fund (the "Goldstone Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court. An initial payment of at least 10% of the Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Court approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The remainder of payment of the Goldstone Settlement Fund shall be paid in its entirety on or before the two-year anniversary of the Approval Date. For avoidance of

doubt, the Debtors or the Liquidating Trustee may pay Goldstone Settlement Fund Expenses, including the cost of Notices, from the Goldstone Settlement Fund.

6.      The Pinnacle Defendants agree to and will pay an amount equal to $500,000.00 (the "Pinnacle Settlement Fund"). The Pinnacle Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Pinnacle Settlement Fund (the "Pinnacle Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court.  Payment of the Pinnacle Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is fifteen (15) business days after the later of (i) the date of the order of the Bankruptcy Court approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Pinnacle Settlement Fund Expenses, including the cost of Notices, from the Pinnacle Settlement Fund. The Pinnacle Defendants will have no financial liability under this Agreement other than the payment of the Pinnacle Settlement Fund as set forth in this paragraph.

7.      The Wieniewitz Defendants agree to and will pay an amount equal to $625,000.00 within 5 years, with the first payment to be in the amount of $125,000.00 (the "Wieniewitz Settlement Fund") with annual payments in equal amounts of $125,000.00 for the balance of the funds. The Wieniewitz Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Wieniewitz Settlement Fund (the "Wieniewitz Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan, for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court. The initial $125,000.00 payment of the Wieniewitz Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Code approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The second, third, fourth, and fifth $125,000.00 payments of the Wieniewitz Settlement Fund shall be paid annually on or before the second, third, fourth, and fifth anniversaries of the Approval Date. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Wieniewitz Settlement Fund Expenses, including the cost of Notices, from the Wieniewitz Settlement Fund.

8.      The Wendel Companies agree to and will pay an amount equal to $175,000.00 within 3 years, with the first payment to be in the amount of $75,000 (the "Wendel Settlement Fund") with annual payments in equal amounts for the balance of the funds. The Wendel Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Wendel Settlement Fund (the "Wendel Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan, for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court.  The initial $75,000.00 payment of the Wendel Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that

is two business days after the later of (i) the date of the order of the Bankruptcy Code approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The second and third $50,000.00 payments of the Wendel Settlement Fund shall be paid annually on or before the second and third anniversaries of the Approval Date. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Wendel Settlement Fund Expenses, including the cost of Notices, from the Wendel Settlement Fund.

9. Dantin and Dantin Financial agree to and will pay an amount equal to $127,500.00 within 5 years, with the first payment to be in the amount of $27,500 (the "Dantin Settlement Fund") with annual payments in equal amounts for the balance of the funds. The Dantin Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Dantin Settlement Fund (the "Dantin Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan, for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court. The initial $27,500.00 payment of the Dantin Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Code approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The second, third, fourth, and fifth $25,000.00 payments of the Dantin Settlement Fund shall be paid annually on or before the second, third, fourth, and fifth anniversaries of the Approval Date. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Dantin Settlement Fund Expenses, including the cost of Notices, from the Dantin Settlement Fund.

10. Denton and Denton Wealth agree to and will pay an amount equal to $40,000.00 within 2 years, (the "Denton Settlement Fund") in two equal installments. The Denton Settlement Fund, net of fees, expenses and other amounts contemplated hereunder to be paid from the Denton Settlement Fund (the "Denton Settlement Fund Expenses"), will be deemed to be and treated as Third-Party Recoveries within the meaning of the Plan, for distribution by the Liquidating Trustee to Holders of Allowed Class 4A Claims (within the meaning of the Plan), subject to confirmation of the Plan by the Bankruptcy Court. The initial $20,000.00 payment of the Denton Settlement Fund shall be made to and deposited with the Liquidating Trustee (or, pending confirmation of the Plan, the Debtors) and is due on the date (the "Approval Date") that is two business days after the later of (i) the date of the order of the Bankruptcy Code approving the settlement contained herein, and (ii) the date of the order of the Circuit Court approving the settlement contained herein. The second $20,000.00 payment of the Denton Settlement Fund shall be paid on or before the one-year anniversary of the Approval Date. For avoidance of doubt, the Debtors or the Liquidating Trustee may pay Denton Settlement Fund Expenses, including the cost of Notices, from the Denton Settlement Fund.

B. <u>Payment of Settlement Funds.</u> Initial payment of Settlement Funds will fully and finally resolve all Claims between the Settlement Classes and Defendants and between the Debtors and Defendants. The non-payment by one or more sets of Defendants will not preclude or adversely affect the finality of the resolution for the Defendants that pay their own, respective Settlement Funds. No portion of the Settlement Funds will revert to Defendants. Within five calendar days after receipt of the initial payment of Settlement Funds pursuant hereto, the Plaintiffs

and Defendants will file a joint stipulation of dismissal of this lawsuit with prejudice.  For the avoidance of doubt, Defendants individual obligations to pay the entirety of their respective Settlement Funds as provided for in Section A shall remain in full effect thereafter

C.     Waiver of Defendants' Claims. Defendants agree to and will waive any claims in the Bankruptcy Case and any rights to receive a distribution from the Debtors or the Estates (as defined in the Plan, the "Estates"), whether any such distributions are derived from the Settlement Fund, the Liquidating Trust Assets (as defined in the Plan, the "Liquidating Trust Assets") or otherwise, being made in respect of any or all claims that Defendants have or could have against the Debtors, the Estates or the Liquidating Trust (as defined in the Plan, the "Liquidating Trust") and/or in the Bankruptcy Case. This waiver shall be effective upon the occurrence of the Approval Date.

D.     Assignment.  The Defendants agree to the assignment to the Settlement Classes of any and all claims that could be raised on behalf of the Defendants  against any and all other entities or individuals arising out of any security or other offering issued by the Debtors, provided however that excluded from the assigned claims are the claims currently being litigated by Pinnacle against RIA in a Box, LLC, Hovig Melkonian, Jason Vinsonhaler, and any and all future Defendants' claims in Case No. 19CV0281 (District Court of Johnson County, Kansas, Civil Court Department) and any claims or potential claims against the Defendants' insurers.

E.     Administration by the Debtors. The Settlement Fund will be administered by the Debtors pursuant to the Bankruptcy Code, Bankruptcy Rules and the Plan, including the authority of the Bankruptcy Court to limit notice to the Settlement Classes to the master service list maintained in the Bankruptcy Case. All costs related to and arising from such administration, including but not limited to, the costs of providing notice to the Settlement Classes, will be paid from the Settlement Funds. The liability of the Debtors, the Estates, the Liquidating Trustee, and/or the Liquidating Trust for administering the Settlement Fund is limited solely to the Settlement Fund, and no amounts from the Liquidating Trust Assets shall be paid or otherwise used to administer the Settlement Fund. The liability of the Defendants is limited solely to the provision of the Settlement Consideration as set forth in Section IV.A, above.

F.     Confirmatory Discovery: The Parties will be entitled to further confirmatory discovery to the extent necessary to support the settlement pursuant to requests from the Circuit Court or Bankruptcy Court.

## V. ATTORNEYS FEES AND CLASS REPRESENTATIVE AWARD

The Parties understand, agree and acknowledge that counsel to the Plaintiffs herein and the Debtors' Special Counsel are entitled to seek approval of an award of attorneys' fees and costs from the Circuit Court as to counsel to the Plaintiffs and the Bankruptcy Court as to the Debtors' Special Counsel, and the payment of any such fees and costs will be paid from the Settlement Fund. The attorneys' fees and costs to be sought by counsel to the Plaintiff shall be in the percentage amounts previously approved by the Bankruptcy Court for the Debtors' Special Counsel, it being agreed and understood that counsel to Plaintiff and the Debtors' Special Counsel shall seek just one aggregate fee from and in respect of the Settlement Fund, which shall be

14

allocated by and between such counsel as previously approved by the Bankruptcy Court. Defendants will not oppose Settlement Classes' counsel's motion for attorneys' fees and expenses from the Settlement Fund as set forth herein.

## VI. RELEASES

A.      Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the settlement benefits described in this Agreement, Plaintiffs and the Settlement Classes fully release and discharge Defendants, The Journey Wealth Defendants, The Nicholas Defendants, The Priority Financial Defendants, The AAI Defendants, The Goldstone Defendants, The Pinnacle Defendants, The Wieniewitz Defendants, The Wendel Companies, Wendel, Dantin, Dantin Financial, Denton, Denton Wealth, and all their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action.

B.      The Discharged Parties, upon the Effective Date, also release and discharge all other Discharged Parties from all claims, demands, actions, and causes of action in the nature of contribution, indemnification or any other means of seeking third-party relief among the Discharged Parties related to their payment obligations under this Agreement or for failing to uphold any obligations under this Agreement.

## VII. BAR ORDER

In exchange for the consideration described in Section IV, all Defendants, and all their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns (together in this Section VII, the "Defendants"), will also receive a litigation bar order from the Bankruptcy Court in the Bankruptcy Case in favor of Defendants and against any person or entity that has held, holds, may hold, or purports to hold a claim or other debt or liability or an interest, including a membership interest, or other right against, in, arising out of, or in any way related to the Debtors, whether that person or entity filed a proof of claim or otherwise (the "Barred Parties") that permanently bars, prohibits, enjoins and restrains the filing, commencing, prosecuting, conducting, asserting or continuing in any manner, directly, indirectly or derivatively, any suit, action, cause of action, cross-claim, counterclaim, or other demand in any federal or state court or any other judicial or non-judicial proceeding (including, without limitation, any proceeding in any judicial, arbitral, mediation, administrative, or other forum) by any Barred Parties against or affecting the Defendants, which is based in whole and part on any allegation,

claim, demand, cause of action, matter or fact directly or indirectly relating in any way to or arising in connection with the acts or omissions of Defendants as they relate to the Debtors or the Debtor's business, including the offering and sale of memoranda of indebtedness, promissory notes, merchant cash advances or any other actual or alleged securities. The litigation bar order shall be in accordance with the authority granted the Bankruptcy Court pursuant to the decision of the United States Court of Appeals for the Eleventh Circuit styled *In re Munford*, 97 F.3d 449 (11th Cir. 1996) and its progeny. Notwithstanding anything herein to the contrary, no federal, state, or local governmental agency or self-regulatory organization, including but not limited to the Securities and Exchange Commission and the Department of Justice, shall be a Barred Person; nor shall the litigation bar order apply to any federal state, or local governmental agency or self-regulatory organization, including but not limited to the Securities and Exchange Commission and the Department of Justice. The Circuit Court will have no involvement in the issuance this Bar Order.

## VIII. NOTICE TO THE SETTLEMENT CLASS AND OF THE BAR ORDER

    A.  Class Notice.  The Debtors shall provide notice to the Settlement Class in accordance with the requirements of the Preliminary Approval Order as follows:

    1.  Form of Class Notice. Class Counsel shall prepare a notice substantially in form and content as Exhibit A to this Agreement which will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Class Notices will be distributed solely to the extent set forth in item 2 below.

    2.  Service of the Class Notice. The Debtors shall serve the Class Notices no later than thirty days after entry of the Preliminary Approval Order via email (or if no electronic mailing address is available, then by first class U.S. mail, postage prepaid).

    3.  Evidence of Compliance.  No later than five days before the Final Approval Hearing, the Class Counsel will file with the Court written evidence of compliance with item 2 above either in the form of an affidavit or declaration.

    B.  Bar Order Notice.   Notwithstanding anything to the contrary in this Settlement Agreement, the Debtors shall provide notice of the Bar Order solely to the following extent:

    1.  Form of Bar Order Notice.  Debtors shall prepare a notice substantially in form and content of the Bar Order Notice, which will contain a description of the Settlement Agreement and the Bar Order and afford affected parties the opportunity to obtain copies of all the settlement-related papers.

    2.  Service of the Bar Order Notice.  The Debtors shall serve the Bar Order Notice no later than two business days after obtaining a hearing date from the Bankruptcy Court on the Debtors' motion for approval of the settlement and request for entry of the Bar Order via email (or if no electronic mailing address is available, then by first class U.S. mail,

postage prepaid) to any creditor who is scheduled in the Debtor's Bankruptcy Schedules, who has filed a Proof of Claim in the Chapter 11 Cases, or who is a party to ongoing lawsuits that would be subject to the Bar Order. Such notice shall comply in all respects with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, any applicable local rules of the Bankruptcy Court, and any applicable notice procedures approved by the Bankruptcy Court in the Chapter 11 Cases.

3. <u>Evidence of Compliance</u>. No later than three business days after service of the Bar Order Notice, the Debtors will file with the Bankruptcy Court written evidence of compliance with item 2 above in the form of a certificate of service.

## IX. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A. **Objections:** Only Settlement Class Members may object to the settlement.

1. All objections must be filed no later than forty five (45) calendar days after entry of the Preliminary Approval Order (the "Objection/Exclusion Deadline") with the Clerk of Court, Eleventh Judicial Circuit Court, 73 W. Flagler Street, Suite 242, Miami, Florida 33130, and served at that same time Class Counsel, who shall immediately serve the objection upon Defendants' Counsel. Objections shall be mailed to:

   a. Class Counsel
      Adam M. Moskowitz
      THE MOSKOWITZ LAW FIRM
      2 Alhambra Plaza Suite 601
      Coral Gables, FL 33134

2. A Settlement Class Member's objection must:
   a. be in writing;
   b. include the objector's full name, current address, and current telephone number;
   c. include documentation or attestation sufficient to establish membership in any of the Classes, and to identify the class(es) to which the objector belongs;
   d. be signed by the person filing the objection, or his attorney;
   e. state, in detail, the factual and legal grounds for the objection;
   f. attach any document the Court should review in considering the objection and ruling on the Motion;
   g. include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

3. Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

17

4.      Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

5.      The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

6.      The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

7.      <u>Response to Objections</u>: Class Counsel shall, at least five (5) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

**B.      Exclusions**

1.      <u>Procedure for Requesting Exclusion</u>:  Settlement Class Members who wish to opt out of the settlement (for purposes of damages claims only) must submit a written statement within the Objection/Exclusion Deadline. The Full Class Notice shall provide mandatory language for the request for exclusion. Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline. Any Settlement Class Member who properly opts out of the Settlement Classes using this procedure will not be entitled to any portion of the refunds, will not be bound by the settlement (for purposes of damages claims only), and will not have any right to object, appeal or

18

comment thereon. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the settlement and any final judgment entered in this litigation if the settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the settlement.

2.   <u>No Solicitation of Settlement Objections or Exclusions</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or request exclusion from participating as a Settlement Class Member, or encourage any Settlement Class Member to appeal from the final judgment.

## X. RELEASE OF UNKNOWN CLAIMS

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable--notwithstanding that the Parties have chosen Florida law to govern this Agreement--Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

## XI. DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

This Agreement will be made an exhibit to the Joint Motion for Preliminary Approval in which the Parties will seek determination by the Circuit Court as to the Settlement's fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement, the Parties shall apply to the Circuit Court for the entry of a Preliminary Approval order substantially in the following form:

A.   Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Classes;

B.   Approving as to form and content the Class Notices;

C.   Directing and the method and frequency of Class Notices;

D.   Preliminarily approving the settlement;

E.      Preliminarily and conditionally certifying the Settlement Classes for settlement purposes;

F.      Staying all proceedings in the Action, and enjoining the prosecution of any other individual or Class claims.

G.      Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the Circuit Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Classes, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the Circuit Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.

## XII. COURT APPROVALS

1.      Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

A.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

B.      Approving Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative applications; and

C.      Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, and consultants, in regard to those matters released as set forth in Section VI above.

2.      The Debtors' Special Counsel shall promptly submit to the Bankruptcy Court a motion under Federal Rule of Bankruptcy Procedure 9019 for the Bankruptcy Court to approve this Settlement.

3.      The Settlement between the parties is contingent on the required Court approvals of all the terms set forth herein.

4.      In the event that the Settlement is approved by the Circuit Court but not approved by the Bankruptcy Court or approved by the Bankruptcy Court but not approved by the Circuit Court, the order approving the Settlement shall be voidable upon motion of any Party made within thirty days from entry of the order denying the Settlement.

## XIII.  DEFAULT ON PAYMENT

A**.**    If any Defendant fails to make an initial payment and/or any subsequent payment as described in Section IV of this Agreement, without notice or grace, Class Counsel and/or Debtors may accelerate all of the remaining installments against that defaulting Defendant, and each of them, and declare the entire unpaid balance immediately due and payable, and proceed to enforce all rights and remedies under law or equity under this Agreement against the defaulting Defendant, including the entry of a stipulated judgment against the defaulting Defendant for the entire unpaid balance. The late or non-conforming tender of any installment shall not act to revive, or reinstate, the defaulting Defendant's right to make periodic installments, or to defer payment of the total, and any payments received after the default shall be applied on account of the accrued interest and the balance to principal and without a waiver of the default herein or the right to collect the accelerated balance. The Releases and/or Bar Order shall not affect any claim for breach of this Settlement Agreement. If Class Counsel and/or Debtors are required to take any legal action as a consequence of a default by any Defendant, Class Counsel and/or Debtors shall be entitled to prevailing party attorneys' fees and costs against the defaulting Defendant.  The other Defendants (i.e., the non-defaulting Defendants) shall not have any additional liability due to the default of another Defendant.

B.    If any Defendant defaults on its obligations under this Agreement, that default shall not impact the rights and obligations of the other non-defaulting Defendants.  Specifically, the Releases and/or Bar Order shall not be nullified for any non-defaulting Defendants by reason of a default by another Defendant.  If a court, tribunal, arbitration panel, commission, agency, or any governmental and/or administrative body, or any other adjudicatory body finds, determines, or holds that the default of one Defendant nullifies the Releases and/or Bar Order for all other Defendants under this Agreement, the respective Settlement Funds shall be returned to the Defendants and the Parties shall cooperate in returning the respective Settlement Funds to the Defendants, including filing all necessary motions or pleadings with the Bankruptcy Court and the Circuit Court.

## XIV. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XV. MUTUAL FULL COOPERATION

A.    The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. Defendants shall cooperate with Plaintiffs' efforts to recover losses relating to Debtors. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement. Defendants agree that they will not challenge venue

of jurisdiction in Miami-Dade County Florida. Defendants will not oppose the Plaintiff's motion for certification of the Settlement Classes which will be filed in Miami-Dade County, Florida, based on the terms set forth herein.

## XVI. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or as an admission that class treatment in the Action is proper for any purpose other than settlement. Defendants deny all liability for claims asserted in the Action and deny that class treatment for the Action is proper for any purpose other than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVII. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Classes | For Defendants | For Debtors |
|---|---|---|
| Adam M. Moskowitz, Esq.<br>The Moskowitz Law Firm<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, FL 33134 | Joseph E. Sarachek, Esq.<br>The Sarachek Law Firm<br>101 Park Avenue – Suite 2700<br>New York, NY 10178<br><br>David W. Porteous, Esq.<br>Faegre Baker Daniels<br>311 S. Wacker Drive, Suite 4300<br>Chicago, Illinois 60606<br><br>John R. Humphrey, Esq.<br>Taft Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204-2023<br><br>Braden Perry, Esq.<br>Kennyhertz Perry | Paul J. Battista, Esq.<br>Genovese Joblove &<br>Battista, P.A.<br>100 Southeast Second<br>Street, 44th Floor<br>Miami, Florida 33131 |

| | 2000 Shawnee Mission Pkwy, Ste. 210<br>Mission Woods, Kansas 66205 | |

## XVIII. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XIX. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XX. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XXI. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Classes after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXII. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement, including the Debtors' Counsel, and (2) approved by the Court.

## XXIII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIV. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principals. The Parties shall jointly request that the Circuit Court and the Bankruptcy Court retain jurisdiction to enforce the provisions of this Agreement applicable to each of those Courts and to enforce the Agreement in the event of default.

## XXV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXVI. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Classes appear to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVII. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Classes. All parties must sign this Agreement for it to be binding.

## XXVIII. NON-DISPARAGEMENT

Plaintiffs and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of The Journey Wealth Defendants, The Nicholas Defendants, The Priority Financial Defendants, The AAI Defendants, The Goldstone Defendants, The Pinnacle Defendants, The Wieniewitz Defendants, The Wendel Companies, Wendel, Dantin, Dantin Financial, Denton, Denton Wealth, and their officers, executives, or employees regarding this matter. Defendants and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Plaintiffs regarding this matter.

24

## XXIX. NO OTHER FINANCIAL OBLIGATIONS ON DEFENDANTS

Defendants shall have no further obligations or liabilities to pay any fees, expenses, costs, or disbursements to Plaintiffs, Debtors, Class Counsel, Debtor's Special Counsel, any Settlement Administrator, any Liquidating Trustee, or the Settlement Classes, either directly or indirectly, in connection with the litigation or this Agreement once Defendants have provided the Settlement Consideration as set out herein.


BY: _____
      Adam Moskowitz, Esq., Co-Lead Class Counsel
      On Behalf of all named Class Representatives.


BY: _____
      Paul Battista, Esq., Special Counsel for the Debtors


BY: _____
      Joseph Sarachek, Esq.
      Counsel for Wieniewitz & The Wieniewitz Companies, Dantin & Dantin Financial, Denton & Denton Wealth, Wendel & The Wendel Companies.


BY: _____
      David Porteous, Esq.
      Counsel for Nicholas & Nicholas & Company, The Gagazas & The Journey Wealth Companies, The Goldstone Individual Defendants & The Goldstone Companies, Joseph Donti, and Priority Financial


BY: _____
      Braden Perry, Esq.
      Counsel for The Pinnacle Plus Control Persons & The Pinnacle Plus Companies


BY: _____
      John Humphrey, Esq.
      Counsel for the AAI Control Persons & AAI

## XXIX. NO OTHER FINANCIAL OBLIGATIONS ON DEFENDANTS

Defendants shall have no further obligations or liabilities to pay any fees, expenses, costs, or disbursements to Plaintiffs, Debtors, Class Counsel, Debtor's Special Counsel, any Settlement Administrator, any Liquidating Trustee, or the Settlement Classes, either directly or indirectly, in connection with the litigation or this Agreement once Defendants have provided the Settlement Consideration as set out herein.

BY:    _____  9/12/19
Adam Moskowitz, Esq., Co-Lead Class Counsel
On Behalf of all named Class Representatives.

BY:    _____
Paul Battista, Esq., Special Counsel for the Debtors

BY:    _____  9/12/19
Joseph Sarachek, Esq.
Counsel for Wieniewitz & The Wieniewitz Companies, Dantin & Dantin Financial, Denton & Denton Wealth, Wendel & The Wendel Companies.

BY:    _____
David Porteous, Esq.
Counsel for Nicholas & Nicholas & Company, The Gagazas & The Journey Wealth Companies, The Goldstone Individual Defendants & The Goldstone Companies, Joseph Donti, and Priority Financial

BY:    _____
Braden Perry, Esq.
Counsel for The Pinnacle Plus Control Persons & The Pinnacle Plus Companies

BY:    _____
John Humphrey, Esq.
Counsel for the AAI Control Persons & AAI

## XXIX. NO OTHER FINANCIAL OBLIGATIONS ON DEFENDANTS

Defendants shall have no further obligations or liabilities to pay any fees, expenses, costs, or disbursements to Plaintiffs, Debtors, Class Counsel, Debtor's Special Counsel, any Settlement Administrator, any Liquidating Trustee, or the Settlement Classes, either directly or indirectly, in connection with the litigation or this Agreement once Defendants have provided the Settlement Consideration as set out herein.

BY:     _____  9/12/19

Adam Moskowitz, Esq., Co-Lead Class Counsel
On Behalf of all named Class Representatives.


BY:     _____

Paul Battista, Esq., Special Counsel for the Debtors


BY:     _____

Joseph Sarachek, Esq.
Counsel for Wieniewitz & The Wieniewitz Companies, Dantin & Dantin Financial, Denton & Denton Wealth, Wendel & The Wendel Companies.


BY:     _____

David Porteous, Esq.
Counsel for Nicholas & Nicholas & Company, The Gagazas & The Journey Wealth Companies, The Goldstone Individual Defendants & The Goldstone Companies, Joseph Donti, and Priority Financial


BY:     _____

Braden Perry, Esq.
Counsel for The Pinnacle Plus Control Persons & The Pinnacle Plus Companies


BY:     _____

John Humphrey, Esq.
Counsel for the AAI Control Persons & AAI

## XXIX. NO OTHER FINANCIAL OBLIGATIONS ON DEFENDANTS

Defendants shall have no further obligations or liabilities to pay any fees, expenses, costs, or disbursements to Plaintiffs, Debtors, Class Counsel, Debtor's Special Counsel, any Settlement Administrator, any Liquidating Trustee, or the Settlement Classes, either directly or indirectly, in connection with the litigation or this Agreement once Defendants have provided the Settlement Consideration as set out herein.

BY: _____ 9/12/19
Adam Moskowitz, Esq. Co-Lead Class Counsel
On Behalf of all named Class Representatives.

BY: _____
Paul Battista, Esq., Special Counsel for the Debtors

BY: _____
Joseph Sarachek, Esq.
Counsel for Wieniewitz & The Wieniewitz Companies, Dantin & Dantin Financial, Denton & Denton Wealth, Wendel & The Wendel Companies.

BY: _____
David Porteous, Esq.
Counsel for Nicholas & Nicholas & Company, The Gagazas & The Journey Wealth Companies, The Goldstone Individual Defendants & The Goldstone Companies, Joseph Donti, and Priority Financial

BY: _____
Braden Perry, Esq.
Counsel for The Pinnacle Plus Control Persons & The Pinnacle Plus Companies

BY: _____
John Humphrey, Esq.
Counsel for the AAI Control Persons & AAI

## XXIX. NO OTHER FINANCIAL OBLIGATIONS ON DEFENDANTS

Defendants shall have no further obligations or liabilities to pay any fees, expenses, costs, or disbursements to Plaintiffs, Debtors, Class Counsel, Debtor's Special Counsel, any Settlement Administrator, any Liquidating Trustee, or the Settlement Classes, either directly or indirectly, in connection with the litigation or this Agreement once Defendants have provided the Settlement Consideration as set out herein.

BY: _____  9/12/19

Adam Moskowitz, Esq., Co-Lead Class Counsel
On Behalf of all named Class Representatives.

BY: _____

Paul Battista, Esq., Special Counsel for the Debtors

BY: _____

Joseph Sarachek, Esq.
Counsel for Wieniewitz & The Wieniewitz Companies, Dantin & Dantin Financial, Denton & Denton Wealth, Wendel & The Wendel Companies.

BY: _____  9/12/19

David Porteous, Esq.
Counsel for Nicholas & Nicholas & Company, The Gagazas & The Journey Wealth Companies, The Goldstone Individual Defendants & The Goldstone Companies, Joseph Donti, and Priority Financial

BY: _____

Braden Perry, Esq.
Counsel for The Pinnacle Plus Control Persons & The Pinnacle Plus Companies

BY: _____

John Humphrey, Esq.
Counsel for the AAI Control Persons & AAI

25

## XXIX. NO OTHER FINANCIAL OBLIGATIONS ON DEFENDANTS

Defendants shall have no further obligations or liabilities to pay any fees, expenses, costs, or disbursements to Plaintiffs, Debtors, Class Counsel, Debtor's Special Counsel, any Settlement Administrator, any Liquidating Trustee, or the Settlement Classes, either directly or indirectly, in connection with the litigation or this Agreement once Defendants have provided the Settlement Consideration as set out herein.

BY: _____ 9/12/19

Adam Moskowitz, Esq., Co-Lead Class Counsel
On Behalf of all named Class Representatives.

BY: _____

Paul Battista, Esq., Special Counsel for the Debtors

BY: _____

Joseph Sarachek, Esq.
Counsel for Wieniewitz & The Wieniewitz Companies, Dantin & Dantin Financial, Denton & Denton Wealth, Wendel & The Wendel Companies.

BY: _____

David Porteous, Esq.
Counsel for Nicholas & Nicholas & Company, The Gagazas & The Journey Wealth Companies, The Goldstone Individual Defendants & The Goldstone Companies, Joseph Donti, and Priority Financial

BY: _____

Braden Perry, Esq.
Counsel for The Pinnacle Plus Control Persons & The Pinnacle Plus Companies

BY: _____

John Humphrey, Esq.
Counsel for the AAI Control Persons & AAI

# EXHIBIT A

IN THE CIRCUIT COURT IN THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

TERRENCE P. WRIGHT, as trustee for the
TERRENCE WRIGHT LIVING TRUST AS
AMENDED 02/23/2018, SARAH FOSTER,
BARBARA E. SHORE, individually and
FBO BARBARA SHORE IRA, MAURICE
R. SHORE, FBO MAURICE R. SHORE IRA
and as trustee on behalf of MAURICE
SHORE REVOCABLE TRUST, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

PINNACLE PLUS CAPITAL LLC, a Kansas
limited liability company, PINNACLE
WEALTH MANAGEMENT LLC, A Kansas
limited liability company, PINNACLE PLUS
FINANCIAL, LLC, a Kansas limited liability
company, PINNACLE PLUS HOLDINGS
LLC, a Kansas limited liability company,
MATTHEW LYNN WALKER, an
individual, TRAVIS ALLEN HORN, an
individual, and GEORGE GILLE, an
individual, AMERICAN ALTERNATIVE
INVESTMENTS, LLC a/k/a AMERICAN
ALTERNATIVE INVESTMENTS CORP.,
an Indiana corporation, ROB WHITLOW, an
individual, THOMAS BOESEN, an
individual, HENRY J. WIENIEWITZ a/k/a
TRAE WIENIEWITZ, WIENIEWITZ
FINANCIAL LLC, a Tennessee limited
liability company, WIENIEWITZ WEALTH
MANAGEMENT, a Tennessee corporation,
BLUEPATH CAPITAL LLC d/b/a
NICHOLAS WEALTH MANAGEMENT, a
Georgia limited liability company,
NICHOLAS & COMPANY, INC., a Georgia
corporation, DAVID NICHOLAS, an
individual, JOURNEY WEALTH
MANAGEMENT, a California limited
liability company, JOURNEY WEALTH
MANAGEMENT ADVISORS LLC, a

**COMPLEX BUSINESS DIVISION**

CASE   NO.   2019-018039-CA-01
Section:  CA 44

**CLASS REPRESENTATION**

California limited liability company, ROY A. GAGAZA, an individual, PRIORITY FINANCIAL & INSURANCE SOLUTIONS, a California corporation, JOSEPH DONTI, an individual, GOLDSTONE FINANICAL GROUP LLC, an Illinois limited liability company, PELL CORP. BROTHERS INC., an Illinois corporation, STONE TRUST CAPITAL MANAGEMENT, INC., an Illinois corporation, ANTHONY PELLEGRINO, an individual, and MICHAEL PELLEGRINO, an individual, JUSTIN J. REPPY, an individual, BRIAN R. KORIENEK, an individual, WENDEL FINANCIAL NETWORK, LLC d/b/a WENDEL RETIREMENT PLANNING, an Ohio limited liability company, J.J.C.C., INC., an Ohio corporation, JEFF WENDEL, an individual, CHRIS DANTIN FINANCIAL SERVICES, LLC, a Louisiana limited liability company, CHRIS D. DANTIN, an individual, DENTON WEALTH STRATEGIES, LLC, a Louisiana limited liability company, and SAMUEL DENTON, an individual,

      Defendants.

## NOTICE OF PROCEEDINGS TO APPROVE
## CLASS ACTION SETTLEMENT

PLEASE TAKE NOTICE that The Moskowitz Law Firm and Bonnett, Fairbourn, Friedman & Balint, PC, as the Court-appointed representatives of the Settlement Classes ("Class Counsel") in the above-captioned action (the "Investor Class Action"), and Debtors-in-Possession Global Capital LLC and 1 West Capital LLC (the "Debtors") in the chapter 11 bankruptcy, *In re 1 Global Capital LLC, et al.*, No. 18-19121-RBR (Bankr. S.D. Fla.), have entered into a Settlement Agreement with Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, and Pinnacle Plus Holdings, LLC, (together, the "Pinnacle Plus Companies"); Matthew Lynn Walker ("Walker"), Travis Allen Horn ("Horn"), and George Gille ("Gille") (together, the "Pinnacle Plus Control Persons"); American Alternative Investments, LLC a/k/a American Alternative Investments Corp. ("AAI"); Rob Whitlow and Thomas Bosen (the "AAI Control Persons"); Henry J. Wieniewitz a/k/a Trae Wieniewitz ("Wieniewitz"); Wieniewitz Financial LLC, and Wieniewitz Wealth Management (together, "The Wieniewitz Companies"); Nicholas & Company, Inc. ("Nicholas & Company"); David Nicholas ("Nicholas"); Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade

name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG (together, "The Journey Wealth Companies"); Roy Y. & Patricia Y. Gagaza ("The Gagazas"); Priority Financial & Insurance Solutions; Joseph Donti; Goldstone Financial Group, Pell Corp. Brothers Inc., and Stone Trust Capital Management, Inc. (together, "The Goldstone Companies"); Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, and Brian R. Korienek (together, "The Goldstone Individual Defendants"), Wendel Financial Network, LLC d/b/a Wendel Retirement Planning ("Wendel Financial"), J.J.C.C., Inc. ("J.J.C.C.") (together, "The Wendel Companies"), Jeff Wendel ("Wendel"), Chris Dantin Financial Services, LLC ("Dantin Financial"), Chris D. Dantin ("Dantin"), Denton Wealth Strategies, LLC ("Denton Wealth"), and Samuel Denton (collectively, "Defendants"), (collectively, "Defendants"), to settle all claims that were and could have been asserted against Defendants by the Debtors and the Settlement Classes, including but not limited to the actions brought in the Investor Class Action.

PLEASE TAKE FURTHER NOTICE that the Settlement Classes include all persons who, beginning September 11, 2016, invested in a 1st Global MOI sold by any Defendant, whether initial or by reinvestment.

PLEASE TAKE FURTHER NOTICE that the Debtors and Class Counsel have requested that the Bankruptcy Court approve the Settlement Agreement and include in the order approving such Agreement a provision permanently barring, restraining and enjoining any person or entity from pursuing claims, **including claims you may possess**, against any of the Defendants, including but not limited to claims set forth in the Investor Class Action (the "Bar Order").

PLEASE TAKE FURTHER NOTICE that the material terms of the Settlement Agreement are that Defendants have separately agreed that they will pay the Debtors the following sums of money in exchange for a broad release from the Debtors and Settlement Classes and the Bar Order:

The Pinnacle Defendants: $500,000.00
The AAI Defendants: $50,000.00
The Wieniewitz Defendants: $625,000.00
The Goldstone Defendants: $100,000.00
Nicholas Wealth Management: $25,000.00
Journey Wealth Management: $250,000.00
Priority Financial & Insurance Solutions: $20,000.00
Jeff Wendel and The Wendel Companies: $175,000.00
Chris D. Dantin and Dantin Financial: $127,500.00
Samuel Denton and Denton Wealth: $40,000.00

PLEASE TAKE FURTHER NOTICE that Class Counsel and special litigation counsel to the Debtors, Genovese Joblove & Battista, P.A. ("Special Counsel"), are entitled to seek approval of an award of attorneys' fees and costs from this Court as to counsel to the Plaintiffs and the Bankruptcy Court as to the Debtors' special counsel, and the payment of any such fees and costs will be paid from the Settlement Fund. The attorneys' fees and costs to be sought by Class Counsel and Special Counsel shall be no less than 27.5% and no more than 30% of the Settlement Fund.

29

PLEASE TAKE FURTHER NOTICE that copies of the relevant Complaint, the Settlement Agreement and the Motion for Approval of Settlement between the Trustee, Interim Class Counsel, and Defendants (the "Class Action Approval Motion"), the Motion for Approval of Form, Content and Manner of Notice of Settlement and Bar Order, Motion for Entry of Bar Order, together with the proposed Bar Order (together, the "Bankruptcy Motions"), may be obtained www.themoskowitzlawfirm.com/FirstGlobal.

PLEASE TAKE FURTHER NOTICE that the final hearing on the Bankruptcy Motions, at which time the Bankruptcy Court will consider approval of the Settlement Agreement including grant of the Bar Order, will take place at the U.S. Courthouse, 299 E. Broward Blvd Room 308 (RBR), Fort Lauderdale, FL at ___:___, on _____, 2019 (the "Bankruptcy Approval Hearing").

Any objection to the Settlement Agreement or the Motion for Approval or any related matter, must be filed, in writing, with the Circuit Court in the Investor Class Action, and served by email or regular mail, on Class Counsel, Adam M. Moskowitz, The Moskowitz Law Firm, 2 Alhambra Plaza, Suite 601, Coral Gables, FL 33134, and Debtors' Special Counsel, Paul J. Battista, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, 44th Floor, Miami, Florida 33131 , **no later than _____ ____, 2019 (the "Objection Deadline"),** and such objection must be made in accordance with the Miami-Dade County Court's Preliminary Approval Order.

PLEASE TAKE FURTHER NOTICE that any person or entity failing to file an objection on or before the Objection Deadline and in the manner required by the Settlement Order shall not be heard by the Circuit Court. Those wishing to appear and present objections at the Final Approval Hearing must include a request to appear in their written objection. **If no objections are timely filed, the Court may cancel the Final Approval Hearing without further notice.**

**This matter may affect your rights. You may wish to consult an attorney.**

30

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                          Chapter 11

1 Global Capital LLC, *et al.*,                  Case No. 18-19121-RBR

       Debtors.                              (Jointly Administered)

_____/

## NOTICE OF PROCEEDINGS TO APPROVE SETTLEMENT
## WITH SALES AGENTS AND BAR ORDER

      PLEASE TAKE NOTICE that Debtors-in-Possession Global Capital LLC and 1 West Capital LLC (the "Debtors") in the above-captioned action, and The Moskowitz Law Firm and Bonnett, Fairbourn, Friedman & Balint, PC, as the Court-appointed representatives of the Settlement Classes ("Class Counsel") in *Wright, et al. v. Pinnacle Plus, et al.*, No. 2019-018039-CA-01 (Fla. 11th Jud. Cir.) (the "Investor Class Action"), have entered into a Settlement Agreement with Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, and Pinnacle Plus Holdings, LLC, (together, the "Pinnacle Plus Companies"); Matthew Lynn Walker ("Walker"), Travis Allen Horn ("Horn"), and George Gille ("Gille") (together, the "Pinnacle Plus Control Persons"); American Alternative Investments, LLC a/k/a American Alternative Investments Corp. ("AAI"); Rob Whitlow and Thomas Bosen (the "AAI Control Persons"); Henry J. Wieniewitz a/k/a Trae Wieniewitz ("Wieniewitz"); Wieniewitz Financial LLC, and Wieniewitz Wealth Management (together, "The Wieniewitz Companies"); Nicholas & Company, Inc. ("Nicholas & Company"); David Nicholas ("Nicholas"); Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG (together, "The Journey Wealth Companies"); Roy Y. & Patricia Y. Gagaza ("The Gagazas"); Priority Financial & Insurance Solutions; Joseph Donti; Goldstone Financial Group, Pell Corp. Brothers Inc., and Stone Trust Capital Management, Inc. (together, "The Goldstone Companies"); Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, and Brian R. Korienek (together, "The Goldstone Individual Defendants"), Wendel Financial Network, LLC d/b/a Wendel Retirement Planning ("Wendel Financial"), J.J.C.C., Inc. ("J.J.C.C.") (together, "The Wendel Companies"), Jeff Wendel ("Wendel"), Chris Dantin Financial Services, LLC ("Dantin Financial"), Chris D. Dantin ("Dantin"), Denton Wealth Strategies, LLC ("Denton Wealth"), and Samuel Denton (collectively, "Defendants"), to settle all claims that were and could have been asserted against Defendants by the Debtors and the Settlement Classes, including but not limited to the actions brought in the Investor Class Action.

      PLEASE TAKE FURTHER NOTICE that the Settlement Classes include all persons who, beginning September 11, 2016, invested in a 1st Global MOI sold by any Defendant, whether initial or by reinvestment.

PLEASE TAKE FURTHER NOTICE that the Debtors and Class Counsel have requested that the Bankruptcy Court approve the Settlement Agreement and include in the order approving such Agreement a provision permanently barring, restraining and enjoining any person or entity from pursuing claims, **including claims you may possess**, against any of the Defendants, including but not limited to claims set forth in the Investor Class Action (the "Bar Order").

PLEASE TAKE FURTHER NOTICE that the material terms of the Settlement Agreement are that Defendants have separately agreed that they will pay the Debtors the following sums of money in exchange for a broad release from the Debtors and Settlement Classes and the Bar Order:

The Pinnacle Defendants: $500,000.00
The AAI Defendants: $50,000.00
The Wieniewitz Defendants: $625,000.00
The Goldstone Defendants: $100,000.00
Nicholas Wealth Management: $25,000.00
Journey Wealth Management: $250,000.00
Priority Financial & Insurance Solutions: $20,000.00
The Wendel Companies and Jeff Wendel: $175,000.00
Chris D. Dantin and Dentin Financial: $127,500.00
Samuel Denton and Denton Wealth: $40,000.00

PLEASE TAKE FURTHER NOTICE that Class Counsel and special litigation counsel to the Debtors, Genovese Joblove & Battista, P.A. ("Special Counsel"), are entitled to seek approval of an award of attorneys' fees and costs from the Circuit Court as to counsel to the Plaintiffs and the Bankruptcy Court as to the Debtors' special counsel, and the payment of any such fees and costs will be paid from the Settlement Fund. The attorneys' fees and costs to be sought by Class Counsel and Special Counsel shall be no less than 27.5% and no more than 30% of the Settlement Fund.

PLEASE TAKE FURTHER NOTICE that copies of the relevant Complaint, the Settlement Agreement and the Motion for Approval of Settlement between the Trustee, Interim Class Counsel, and Defendants (the "Class Action Approval Motion"), the Motion for Approval of Form, Content and Manner of Notice of Settlement and Bar Order, Motion for Entry of Bar Order, together with the proposed Bar Order, may be obtained www.themoskowitzlawfirm.com/FirstGlobal.

PLEASE TAKE FURTHER NOTICE that the final hearing on the Class Action Approval Motion, at which time the Court will consider approval of the Settlement Agreement including grant of the releases, will take place at the Miami-Dade County Courthouse, 73 West Flagler Street, Miami, FL 33130, in Courtroom 1307, at ___:___, on _____, 2019 (the "Final Approval Hearing").

Any objection to the Settlement Agreement or the Bar Order or any related matter, must be filed, in writing, with the Bankruptcy Court in the above-captioned action, and served by email or regular mail, on Class Counsel, Adam M. Moskowitz, The Moskowitz Law Firm, 2 Alhambra Plaza Suite 601, Coral Gables, FL 33154, and Debtors' Special Counsel, Paul J. Battista, Genovese

Joblove & Battista, P.A., 100 Southeast Second Street, 44th Floor, Miami, Florida 33131, **no later than two days prior to the hearing regarding the Settlement (the "Objection Deadline").**

      PLEASE TAKE FURTHER NOTICE that any person or entity failing to file an objection on or before the Objection Deadline and in the manner required by the Settlement Order may not be heard by the Bankruptcy Court.

      **This matter may affect your rights. You may wish to consult an attorney.**

# EXHIBIT C

IN THE CIRCUIT COURT IN THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

TERRENCE P. WRIGHT, as trustee for the
TERRENCE WRIGHT LIVING TRUST AS
AMENDED 02/23/2018, SARAH FOSTER,
BARBARA E. SHORE, individually and
FBO BARBARA SHORE IRA, MAURICE
R. SHORE, FBO MAURICE R. SHORE IRA
and as trustee on behalf of MAURICE
SHORE REVOCABLE TRUST, individually
and on behalf of all others similarly situated,

       Plaintiff,

v.

PINNACLE PLUS CAPITAL LLC, a Kansas
limited liability company, PINNACLE
WEALTH MANAGEMENT LLC, A Kansas
limited liability company, PINNACLE PLUS
FINANCIAL, LLC, a Kansas limited liability
company, PINNACLE PLUS HOLDINGS
LLC, a Kansas limited liability company,
MATTHEW LYNN WALKER, an
individual, TRAVIS ALLEN HORN, an
individual, and GEORGE GILLE, an
individual, AMERICAN ALTERNATIVE
INVESTMENTS, LLC a/k/a AMERICAN
ALTERNATIVE INVESTMENTS CORP.,
an Indiana corporation, ROB WHITLOW, an
individual, THOMAS BOESEN, an
individual, HENRY J. WIENIEWITZ a/k/a
TRAE WIENIEWITZ, WIENIEWITZ
FINANCIAL LLC, a Tennessee limited
liability company, WIENIEWITZ WEALTH
MANAGEMENT, a Tennessee corporation,
BLUEPATH CAPITAL LLC d/b/a
NICHOLAS WEALTH MANAGEMENT, a
Georgia limited liability company,
NICHOLAS & COMPANY, INC., a Georgia
corporation, DAVID NICHOLAS, an
individual, JOURNEY WEALTH
MANAGEMENT, a California limited
liability company, JOURNEY WEALTH
MANAGEMENT ADVISORS LLC, a

**COMPLEX BUSINESS DIVISION**

CASE  NO.  2019-018039-CA-01
Section:  CA 44

**CLASS REPRESENTATION**

California limited liability company, ROY A. GAGAZA, an individual, PRIORITY FINANCIAL & INSURANCE SOLUTIONS, a California corporation, JOSEPH DONTI, an individual, GOLDSTONE FINANICAL GROUP LLC, an Illinois limited liability company, PELL CORP. BROTHERS INC., an Illinois corporation, STONE TRUST CAPITAL MANAGEMENT, INC., an Illinois corporation, ANTHONY PELLEGRINO, an individual, and MICHAEL PELLEGRINO, an individual, JUSTIN J. REPPY, an individual, BRIAN R. KORIENEK, an individual, WENDEL FINANCIAL NETWORK, LLC d/b/a WENDEL RETIREMENT PLANNING, an Ohio limited liability company, J.J.C.C., INC., an Ohio corporation, JEFF WENDEL, an individual, CHRIS DANTIN FINANCIAL SERVICES, LLC, a Louisiana limited liability company, CHRIS D. DANTIN, an individual, DENTON WEALTH STRATEGIES, LLC, a Louisiana limited liability company, and SAMUEL DENTON, an individual,

     Defendants.

## [PROPOSED] FINAL ORDER AND JUDGMENT

On [date], this Court granted preliminary approval of the proposed class action settlement

agreement set forth in the Settlement Agreement and Release ("Agreement") between Plaintiffs

Terrence P. Wright, as trustee on behalf of Terrence Wright Living Trust As Amended 02/23/2018

("Wright"), Sarah Foster ("Foster"), Barbara E. Shore, individually and FBO the Barbara E. Shore

IRA, Maurice R. Shore, FBO Maurice R. Shore IRA, and as trustee on behalf of Maurice Shore

37

Revocable Trust ("the Shore Plaintiffs"), on behalf of themselves and the Settlement Classes,[1] and Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, and Pinnacle Plus Holdings, LLC, (together, the "Pinnacle Plus Companies"); Matthew Lynn Walker ("Walker"), Travis Allen Horn ("Horn"), and George Gille ("Gille") (together, the "Pinnacle Plus Control Persons"); American Alternative Investments, LLC a/k/a American Alternative Investments Corp. ("AAI"); Rob Whitlow and Thomas Bosen (the "AAI Control Persons"); Henry J. Wieniewitz a/k/a Trae Wieniewitz ("Wieniewitz"); Wieniewitz Financial LLC, and Wieniewitz Wealth Management (together, "The Wieniewitz Companies"); Nicholas & Company, Inc. ("Nicholas & Company"); David Nicholas ("Nicholas"); Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG (together, "The Journey Wealth Companies"); Roy Y. & Patricia Y. Gagaza ("The Gagazas"); Priority Financial & Insurance Solutions; Joseph Donti; Goldstone Financial Group, Pell Corp. Brothers Inc., and Stone Trust Capital Management, Inc. (together, "The Goldstone Companies"); Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, and Brian R. Korienek (together, "The Goldstone Individual Defendants"), Wendel Financial Network, LLC d/b/a Wendel Retirement Planning ("Wendel Financial"), J.J.C.C., Inc. ("J.J.C.C.") (together, "The Wendel Companies"), Jeff Wendel ("Wendel"), Chris Dantin Financial Services, LLC ("Dantin Financial"), Chris D. Dantin ("Dantin"), Denton Wealth Strategies, LLC ("Denton Wealth"), and Samuel Denton (collectively, "Defendants"). The Court also provisionally certified the Settlement Class for settlement purposes,

---

[1] Unless otherwise defined, capitalized terms in this Final Order and Judgment have the definitions found in the Settlement Agreement.

approved the procedure for giving Class Notice to the members of the Settlement Class, and set a final approval hearing to take place on [          ].

On [ ], the Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the Defendants and all their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, and consultants,  (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative applications.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement

Agreement, including all exhibits thereto, and to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2.    The Court finds that Class Notice was given in the manner ordered by the Court; constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Florida Rule of Civil Procedure 1.220.

3.    The Court finds that the prerequisites for a class action under Florida Rule of Civil Procedure 1.220(a) and Florida Rule of Civil Procedure 1.220(b) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) Defendants have acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole appropriate; and (g) a class

action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Florida Rule of Civil Procedure 1.220, this Court hereby finally certifies the Settlement Classes, as identified in the Settlement Agreement, defined as follows:

The Pinnacle Plus Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, Pinnacle Plus Holdings, LLC, Matthew Lynn Walker, or George Gille, whether initial or by reinvestment.

The AAI Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by American Alternative Investments, LLC a/k/a American Alternative Investments Corp., Rob Whitlow, or Thomas Bosen, whether initial or by reinvestment.

The Wieniewitz Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Henry J. Wieniewitz a/k/a Trae Wieniewitz, Wieniewitz Financial LLC, or Wieniewitz Wealth Management, whether initial or by reinvestment.

The Nicholas Wealth Management Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Nicholas & Company Inc., or David Nicholas, whether initial or by reinvestment.

The Journey Wealth Management Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG, Roy Y. or Patricia Y. Gagaza, whether initial or by reinvestment.

The Priority Financial Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Priority Financial & Insurance Solutions or Joseph Donti, whether initial or by reinvestment.

The Goldstone Financial Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Goldstone Financial Group LLC, Pell Corp. Brothers Inc., Stone Trust Capital Management, Inc., Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy, or Brian R. Korienek, whether initial or by reinvestment.

The Wendel Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Wendel Financial Network, LLC d/b/a Wendel Retirement Planning, J.J.C.C., Inc., and Jeff Wendel, whether initial or by reinvestment.

The Dantin Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Chris Dantin Financial Services, LLC, or Chris D. Dantin, whether initial or by reinvestment.

The Denton Class

All persons who, within the Class Period, invested in a 1st Global MOI sold by Denton Wealth Strategies, LLC or Samuel Denton, whether initial or by reinvestment.

The Class Period shall span from September 11, 2016 through the date of entry of this Order.

Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely

manner (for purposes of damages claims only)[2]; counsel of record (and their respective law firms)

for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of its respective

employees, officers, and directors; and the presiding judge in the Action or judicial officer

presiding over the matter, and all of their immediate families and judicial staff.

    5.    Pursuant to Florida Rule of Civil Procedure 1.220 the Court hereby awards Class

Counsel Attorneys' Fees and Expenses in the amount of \$_____ payable pursuant to the

terms of the Settlement Agreement. The Court also awards a case contribution award in the amount

of \$5,000.00 to Plaintiff Terrence P. Wright. The Court also awards a case contribution award in

---

[2] All "opt outs" are attached as Composite Exhibit _____.

the amount of $5,000.00 to Plaintiff Sarah Foster. The Court also awards a case contribution award in the amount of $5,000.00 to Barbara E. Shore. The Court also awards a case contribution award in the amount of $5,000.00 to Maurice R. Shore.

6.      The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7.      The Releases, which are set forth in Section VI of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Discharged Parties (as that term is defined below in the Settlement Agreement) are forever released, relinquished, and discharged by the releasing persons from all released claims:

**VI. RELEASES**

A.      Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge Defendants, Journey Wealth Management, Nicholas Wealth Management, Priority Financial & Insurance Solutions Priority Financial & Insurance Solutions, The AAI Defendants, The Goldstone Defendants, The Pinnacle Defendants, The Wieniewitz Defendants, Wendel Financial, J.J.C.C., Wendel, Dantin Financial, Dantin, Denton Wealth, and Denton, and all their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter

43

can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action.

B.     The Discharged Parties, upon the Effective Date, also release and discharge all other Discharged Parties from all claims, demands, actions, and causes of action in the nature of contribution, indemnification or any other means of seeking third-party relief among the Discharged Parties related to their payment obligations under this Agreement or for failing to uphold any obligations under this Agreement.

8.     This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10.     This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

11.     The Court retains jurisdiction over this matter for the purpose of enforcing the provisions of the Settlement Agreement and for the purpose enforcing the Agreement in the event of default by any Defendant. In the event that this Settlement is not approved by the Bankruptcy Court, this order is voidable upon motion of any Party made within thirty days from entry of the order denying the Settlement in the Bankruptcy Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of ____, 2019.

_____
Honorable William Thomas
Circuit Court Judge

44

Copies furnished to all counsel of record

# EXHIBIT "B"
**(Notice of Settlement Agreement)**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                                 Chapter 11

1 Global Capital LLC, *et al.*,                        Case No. 18-19121-RBR

      Debtors.                                     (Jointly Administered)

_____/

### NOTICE OF PROCEEDINGS TO APPROVE SETTLEMENT WITH CERTAIN INVESTMENT ADVISORS/AGENTS AND REQUEST FOR ENTRY OF BAR ORDER

**Please be advised that if the Court approves the Settlement Agreement including the Bar Order, then your rights may be affected. In particular, the Bar Order will permanently bar, prohibit, enjoin and restrain the filing, commencing, prosecuting, conducting, asserting or continuing in any manner of any claims relating to 1 Global Capital LLC or 1 West Capital LLC against the Settling Defendants (defined below). If you object to the relief requested herein, including the entry of the Approval Order containing the Bar Order, you must either file an objection with the Clerk of the Bankruptcy Court at 299 E. Broward Boulevard, Fort Lauderdale, FL 33301 no later than 2 business days before the hearing on the Motion or appear at the hearing on the Motion. If you do not object to the Settlement Agreement and the Bar Order, there is no action you need to take.**

PLEASE TAKE NOTICE that Debtors-in-Possession Global Capital LLC and 1 West Capital LLC (the "Debtors") in the above-captioned action, and The Moskowitz Law Firm and Bonnett, Fairbourn, Friedman & Balint, PC, as the Court-appointed representatives of the Settlement Classes ("Class Counsel") in *Wright, et al. v. Pinnacle Plus, et al.*, No. 2019-018039-CA-01 (Fla. 11th Jud. Cir.) (the "Investor Class Action"), have entered into a Settlement Agreement (the "Settlement Agreement") with each of Pinnacle Plus Capital LLC, Pinnacle Wealth Management LLC, Pinnacle Plus Financial LLC, Pinnacle Plus Holdings, LLC, Matthew Lynn Walker, Travis Allen Horn, and George Gille (the "Pinnacle Parties"); American Alternative Investments, LLC a/k/a American Alternative Investments Corp., Rob Whitlow and Thomas Bosen (the "AAI Parties"); Henry J. Wieniewitz a/k/a Trae Wieniewitz, Wieniewitz Financial LLC and Wieniewitz Wealth Management (the "Wieniewitz Parties"); Nicholas & Company, Inc. and David Nicholas (the "Nicolas Parties"); Journey Wealth Management, Journey Wealth Management Advisors LLC, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division CJ, P & R Marketing as the trade name with the true name as TLS Management and Marketing Services LLC Division AG, Roy Y. or Patricia Y. Gagaza (the "Journey Wealth Parties"); Priority Financial & Insurance Solutions and Joseph Donti (the "Priority Financial Parties"); Goldstone Financial Group, Pell Corp. Brothers Inc., Stone Trust Capital Management, Inc., Anthony Pellegrino, Michael Pellegrino, Justin J. Reppy and Brian R. Korienek (the "Goldstone Parties"), Wendel Financial

Network, LLC d/b/a Wendel Retirement Planning, J.J.C.C., Inc. and Jeff Wendel (the "Wendel Parties"); Chris Dantin Financial Services, LLC and Chris D. Dantin (the "Dantin Financial Parties"); Denton Wealth Strategies, LLC and Samuel Denton (the "Denton Wealth Parties") (collectively, the Pinnacle Parties, the AAI Parties, the Wieniewitz Parties, the Nicholas Parties, the Journey Wealth Parties, the Priority Financial Parties, the Goldstone Parties, the Wendel Parties, the Dantin Financial Parties, and the Denton Wealth Parties are referred to herein as the "Settling Defendants"), to settle all claims that were and could have been asserted against the Settling Defendants by the Debtors and the Settlement Classes (as defined in the Settlement Agreement), including but not limited to the actions brought in the Investor Class Action.

PLEASE TAKE FURTHER NOTICE that the Settlement Classes include all persons who, beginning September 11, 2016, invested in a 1st Global MOI sold by any Settling Defendant, whether initial or by reinvestment.

PLEASE TAKE FURTHER NOTICE that the Debtors have filed with the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") a Motion to approve the Settlement Agreement (the "Motion").

PLEASE TAKE FURTHER NOTICE that as part of the Motion, the Debtors and Class Counsel have requested that the Bankruptcy Court approve the Settlement Agreement and include in the order approving the Settlement Agreement a provision permanently barring, restraining and enjoining any person or entity from pursuing claims, **including claims you may possess**, against any of the Settling Defendants, including but not limited to claims set forth in the Investor Class Action (the "Bar Order").

PLEASE TAKE FURTHER NOTICE that the material terms of the Settlement Agreement are that Defendants have separately agreed that they will pay the Debtors the following sums of money in exchange for a broad release from the Debtors and Settlement Classes and the Bar Order:

The Pinnacle Parties: $500,000.00
The AAI Parties: $50,000.00
The Wieniewitz Parties: $625,000.00
The Goldstone Parties: $100,000.00
The Nicholas Parties: $25,000.00
The Journey Wealth Parties: $250,000.00
The Priority Financial Parties: $20,000.00
The Wendel Parties: $175,000.00
The Dantin Financial Parties: $127,500.00
The Denton Wealth Parties: $40,000.00

PLEASE TAKE FURTHER NOTICE that these funds (the "Settlement Funds") will be paid to the Debtors' bankruptcy estates for distribution to holders of allowed unsecured claims in accordance with the terms of the *First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed by the*

*Debtors and the Official Committee of Unsecured Creditors* as confirmed by the Bankruptcy Court by Order dated September 20, 2019.

PLEASE TAKE FURTHER NOTICE that as part of the Motion, Class Counsel and special litigation counsel to the Debtors, Genovese Joblove & Battista, P.A. ("Special Counsel"), are seeking approval of an award of attorneys' fees and costs from the Bankruptcy Court, and the payment of any such fees and costs will be paid from the Settlement Fund. The attorneys' fee sought by Class Counsel and Special Counsel is 27.5% of the Settlement Fund plus the value of the claims being waived by the Settling Defendants.

PLEASE TAKE FURTHER NOTICE that copies of the Motion, the Settlement Agreement and the proposed Bar Order, may be obtained from either www.themoskowitzlawfirm.com/FirstGlobal or www.dm.epiq11.com/case/OGC/info.

PLEASE TAKE FURTHER NOTICE that the hearing on the Motion, at which time the Bankruptcy Court will consider approval of the Settlement Agreement including grant of the releases and the entry of the Bar Order, will take place at the United States Bankruptcy Court, United States Courthouse, 299 E. Broward Blvd, Courtroom 308, Fort Lauderdale, FL 33301, at ___:___, on _____, 2019 (the "Final Approval Hearing").

**PLEASE TAKE FURTHER NOTICE that if you object to the relief requested in the Motion, including the approval of the Settlement Agreement and entry of the Bar Order, you must either file an objection with the Clerk of the Bankruptcy Court at 299 E. Broward Boulevard, Fort Lauderdale, FL 33301, and serve a copy by email or U.S. Mail on Class Counsel, Adam M. Moskowitz, The Moskowitz Law Firm, 2 Alhambra Plaza Suite 601, Coral Gables, FL 33154, and Debtors' Special Counsel, Paul J. Battista, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, 44th Floor, Miami, Florida 33131, no later than 2 business days before the Final Approval Hearing or appear at the hearing on the Motion. If you do not object to the Motion, the Settlement Agreement or the Bar Order, there is no action you need to take.**

**This matter may affect your rights. You may wish to consult an attorney.**