**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*, [1] | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |

**JOINT STATUS REPORT**

1 Global Capital LLC and 1 West Capital LLC, debtors and debtors-in-possession (collectively, the "**Debtors**"), and the Official Committee of Unsecured Creditors appointed pursuant to Section 1102(a) of the Bankruptcy Code as set forth in that certain Notice of Appointment of Committee of Unsecured Creditors [ECF No. 138] (the "**Creditors' Committee**"; together with the Debtors, the "**Plan Proponents**") hereby file this Joint Status Report (the "**Status Report**") pursuant to the *Order Setting Status Conference* [ECF No. 1391]. For their Status Report, the Plan Proponents respectfully state as follows:

**STATUS OF THE CHAPTER 11 CASES**

1.      On July 27, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Court**").

---

[1]     The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711). On February 19, 2019, the Debtors registered the fictitious names "1 GC Collections" and "1 West Collections" with the Florida Department of State.

2.      The Debtors continue in the management and operation of their business and property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**").

3.      On September 7, 2018, the Office of the United States Trustee for Region 11 appointed the Creditors Committee.

4.      On September 20, 2019, the Court entered an order [ECF No. 1197] confirming the *Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Ex. A, ECF No. 1197] (the "**Plan**").  Capitalized terms used but not defined in this Status Report having the meaning ascribed to them in the Plan.

5.      Attached as **Exhibit** "**A**" hereto is an excerpt from the Transcript of the Confirmation Hearing, which summarize the Debtors' corporate history and business operations, the events leading to the filing of the Chapter 11 Cases, the Plan, and significant events, litigation and settlements during the Chapter 11 Cases.

6.      On October 7, 2019, the Clerk of Court issued a *Notice of Reassignment* [ECF No. 1390] providing for the judicial reassignment of these Chapter 11 Cases to the Honorable Robert A. Mark.  Thereafter the Court entered the *Order Setting Status Conference* [ECF No. 1391] scheduling a status conference for October 23, 2019, at 11 a.m. (the "**Status Conference**"), and requiring the filing of this Status Report by October 18, 2019.

7.      As of the filing of this Status Report, the Plan's Effective Date has not occurred.

## THE COLLECTION MATTERS

8.     As of the date of filing this Status Report, the Debtors have filed 399 Collection Matters (as defined in the *Motion to Establish Uniform Mandatory Mediation Procedures for Certain Adversary Proceedings* [ECF No. 817]).[2]  Attached as **Exhibit "B"** is a list of the filed Collection Matters.

9.     The Debtors anticipate that after the date of this Status Report they or the Liquidating Trustee will file an additional approximately 100 Collection Matters.

10.     The Debtors recommend that the pretrial conferences in the Collection Matters be set no earlier than March 2020 for the following reasons:

      (a)     It is anticipated that a significant number of the Collection Matters will be resolved via default judgments and that this process should be complete by January 2020; and

      (b)     For those matters in which mediation does take place, the Debtors anticipate that mediations and documenting consensual resolutions will conclude by the end of February 2020.

## OTHER ADVERSARY PROCEEDINGS

11.     In addition to the Collection Matters, three other adversary proceedings are pending in the Chapter 11 Cases: (a) *1 Global Capital LLC et al. v. Momentum Automotive Management, LLC et al.*, No. 18-01495 (the "**Momentum Adversary Proceeding**"); (b) *1 Global Capital et al. v. Travis Portfolio LLC et al.*, No. 19-01072-RAM (the "**Travis Adversary Proceeding**"); and (c) *Foster v. Ledbetter, et al.*, No. 18.01438-RAM (the "**Foster Adversary Proceeding**").

12.     The Debtors are the plaintiffs, and Greenberg Traurig is plaintiffs' counsel, in the Momentum and Travis Adversary Proceedings.   The Debtors are not parties to the Foster Adversary Proceeding.

---

[2]     There are an additional 338 active civil actions pending in state court against merchants and/or guarantors.

A.       **Momentum Adversary Proceeding**

i.       <u>Nature and Status of the Proceeding</u>

13.      The Momentum Adversary Proceeding pleads a number of related claims seeking recovery of approximately $36 million in cash advances and related damages from seventeen defendants located in multiple states.

14.      *Claims Against Momentum Parties to Merchant Agreements*.  The Debtors assert claims for breaches of merchant agreements with various now-defunct automotive dealerships in northern California. These claims have been voluntarily stayed pending the outcome of a receivership case in a California state court. In the receivership case, a number of lenders and other creditors allege that they hold secured priority claims against the closed dealerships that are senior to the claims of the Debtors. The Debtors have intervened in the receivership on a limited basis to preserve their rights in the event that any distributions are made in that case.

15.      *Claims Against Rahim Hassanally*.  Rahim Hassanally was the principal owner of the defunct dealerships and is the guarantor of their merchant agreements with the Debtors. The Debtors have alleged that he is liable for the unpaid receivables of the dealerships. Hassanally moved for the abstention from the Bankruptcy Court, arguing that the guarantee claims are subject to mandatory and permissive abstention.  The Debtors opposed Hassanally's abstention motion and Bankruptcy Judge Ray denied abstention—mandatory and permissive—on the grounds that there is no pending arbitration. Hassanally moved to rehear the order denying his motion for abstention. This motion has been argued before Judge Ray. The parties agreed to stay the issuance of the order on rehearing pending settlement negotiations.  These negotiations appear to have broken down, and the Debtors will likely seek to have this Court determine Hassanally's rehearing motion.

16.    *Claims Against Other Cash-Advance Companies*.  The Debtors assert claims against other cash advance companies that purchased receivables from the Momentum entities (the "**Junior Creditors**"). These claims concern breaches of subordination agreements between the Debtors and the Junior Creditors.  The Junior Creditors agreed to subordinate their rights to be paid for their receivables to the Debtors, and in violation of their agreements, were paid receivables that should have been paid to the Debtors. Some of the Junior Creditors have answered the complaints and the parties are involved in discovery. Others, such as Wall Street, moved to dismiss the complaint alleging that the Debtors failed to send a notice of default prior to alleging a breach of its subordination agreement. The Bankruptcy Court denied Wall Street's motion to dismiss. Wall Street then moved for re-argument.  The Bankruptcy Court denied that motion and directed Wall Street to file an answer, which has been filed. The Court also stated that the issue of whether a term in the subordination agreement required notice could not be determined on a motion to dismiss and should be the subject of a motion for summary judgment.

ii.    Pending Motions that Need a Hearing

17.    In light of the potential breakdown in negotiations with Hassanally, a further hearing may be necessary on Hassanally's *Motion to Reconsider/Rehear Order Denying Defendant Rahim Majid Hassanally's Omnibus Motion to Quash Service and for Abstention of this Adversary Proceeding* [ECF No. 101] and the Debtors' *Response in Opposition* [ECF No. 117].

iii.    Recommended Month for Pretrial Conference

18.    Based on the Debtors' prior agreement with the Defendants in this adversary proceeding that the pretrial conference occur in mid-December, the Debtors recommend that a pretrial conference for the Momentum Adversary Proceeding be set for a date in December.

**B.        Travis Adversary Proceeding**

19.        The Travis Adversary Proceeding has been settled,[3] and the settlement has been approved by the Court.[4]   Under the terms of the court-approved settlement agreement, the Cash Settlement Payment[5] was due on October 15. 2017.   At the request of the Travis Parties, the Debtors consented to an extension of time until October 18, 2019.  [ECF No. 1445].  The Debtors still have not received the Cash Settlement Payment as of the filing of this Status Report.   In the event that the Cash Settlement Payment is not timely received, then the Debtors will promptly take appropriate legal action.

**C.        Foster Adversary Proceeding**

i.        <u>Nature and Status of the Proceeding</u>

20.        The Foster Adversary Proceeding arises from a class action complaint initially brought by plaintiff-Sarah Foster in the Circuit Court of the Eleventh Judicial Circuit, Case No. 2018-030906-CA-01, originally brought against Carl Ruderman, Kopelowitz Ostrow P.A. and Dale Ledbetter.   Through this action, plaintiff asserts claims for relief based upon (1) federal securities law violations based upon the sale of unregistered securities pursuant to 15 U.S.C. §§ 77e(a), 77e(c), and 77l(a)(1); and (2) violations of Fla. Stat. §§ 517.07 and 517.211 (the Florida Securities and Investor Protection Act) due to defendants' alleged involvement in the unlawful

---

[3]     *See Debtors' Motion for Approval of Settlement Agreement Executed by and Among the Debtors and Travis Portfolio, LLC, Oliphant Financial, LLC, and Collins Asset Group, LLC* [ECF No. 878] (the "**Travis 9019 Motion**").

[4]     *See Order Granting Debtors' Motion for Approval of Settlement Agreement Executed by and Among the Debtors and Travis Portfolio, LLC, Oliphant Financial, LLC, and Collins Asset Group, LLC* [ECF No. 1178].

[5]     As defined in Section 1 of the Settlement Agreement attached as Exhibit A to the Travis 9019 Motion.

offer and sale of unregistered securities issued by 1 Global.  The state court action was then removed to the Bankruptcy Court, commencing the Foster Adversary Proceeding.[6]

21.     On August 29, 2019, the Debtors and the Creditors Committee filed the *Joint Motion for (A) Approval of Settlement and Compromise and Request for Entry of Bar Order; (B) Approval of Payment of Earned Contingency Fee and Entry of Litigation Bar Order* [ECF No. 970] (the "**KO Settlement Motion**").  The KO Motion requested approval of a settlement agreement among the Debtors, the Creditors Committee, the American Alternative Insurance Corporation, KO, Dale Ledbetter, and Jan Atlas (the "**KO Settlement**").

22.     On September 18, 2019, the Court entered its Order granting the KO Settlement Motion.   [ECF No. 1177].  The KO Settlement permanently bars and enjoins parties from prosecuting any claims relating to the Debtors against KO, Mr. Ledbetter, Mr. Atlas, and AAIC.

23.     Consequently, Mr. Carl Ruderman, who participated in a mediation leading up to the KO Settlement but was not a party to that resolution, is the sole defendant in the Foster Adversary Proceeding.  The status of this proceeding is that, in part due to the various parties' efforts towards a consensual resolution, the plaintiff's prosecution of this adversary proceeding against Mr. Ruderman remains in its initial stages.  Mr. Ruderman's deadline to respond to the complaint is November 1, 2019.  Counsel for the Debtors in this matter, Genovese Joblove & Battista, P.A., has initiated settlement discussions with Mr. Ruderman's counsel.

ii.     Pending Motions that Need a Hearing

24.     Defendant-Mr. Ruderman's deadline to answer or otherwise respond to the complaint is November 1, 2019.  [ECF Nos. 70 & 71].

---

[6]     The substance of this portion of the Status Report has been provided by counsel for the plaintiff in the Foster Adversary Proceeding.

iii.    <u>Recommended Month for Pretrial Conference</u>

25.    The plaintiff respectfully requests that the Court schedule a pre-trial conference for

February 2020.

## **NEXT STEPS IN THE CHAPTER 11 CASES**

26.    The Debtors anticipate the following next steps in the Chapter 11 Cases between

the date of the Status Conference and December 31, 2019:

(a)    Occurrence of the Effective Date;

(b)    Continuing to operate and collect the merchant cash advances not in litigation, to the extent reasonably necessary to and consistent with the purposes of the Liquidating Trust;

(c)    Filing of retention applications for Liquidating Trust professionals, motion to apply compensation procedures, and potentially other administrative motions;

(d)    Consensually resolving or adjudicating remaining omnibus claim objections, which the Plan Proponents estimate are 13 in number;[7]

(e)    Filing objections to individual claims;

(f)    Funding the Disputed Claims Reserve and making the Initial Distribution;

(g)    Continuing prosecution of the Adversary Proceedings outlined above, including the Collection Matters; and

(h)    Continuing cooperation with the Securities and Exchange Commission and the U.S. Attorney's Office as requested.

---

[7]    Omnibus claim objections that require adjudication will be brought before the Court by the filing of a certificate of contested matter.

Dated:  October 18, 2019

GREENBERG TRAURIG, LLP


 /s/ John R. Dodd
Paul J. Keenan Jr.
Fla. Bar No. 0594687
keenanp@gtlaw.com
John R. Dodd
Fla. Bar No. 38091
doddj@gtlaw.com
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: 305-579-0500
Fax: (305) 579-0717

*Counsel for the Debtors*
*and Debtors-in-Possession*

STICHTER, RIEDEL,
BLAIN & POSTLER, P.A.

 /s/ Barbara A. Hart
Russell M. Blain
Fla. Bar No. 236314
rblain@srbp.com
Barbara A. Hart
Fla. Bar No. 512036
bhart@srbp.com
110 East Madison St., Suite 200
Tampa, FL 33602
Telephone: (813) 229-0144
Fax: (813) 229-1811

*Counsel for the Official Committee*
*of Unsecured Creditors*

Respectfully submitted,

PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.


  /s/ Jonathan S. Feldman
Jonathan S. Feldman
Florida Bar No. 12682
jfeldman@pbyalaw.com
283 Catalonia Avenue, Suite 200
Miami, Florida 33134
Telephone: 305.377.0086
Facsimile: 305.377.0781

*Special Litigation Counsel to the Debtors in*
*Possession*

# **EXHIBIT A**

<u>Excerpt of Confirmation Hearing Transcript</u>

(Attached)

Page 1

1                    UNITED STATES BANKRUPTCY COURT
                        SOUTHERN DISTRICT OF FLORIDA
2

3

4

  IN RE:                              CASE NO. 18-19121-RBR
5

6   1 GLOBAL CAPITAL, LLC,

7                Debtor.
   _____/
8

9                    ECF #805, 849, 850, 851, 869,
                        876, 878, 943, 951, 952,
10                          953, 954, 966, 970

11                        September 17, 2019

12                The above-entitled cause came on for hearing

13   before the Honorable RAYMOND B. RAY, one of the Judges in

14   the UNITED STATES BANKRUPTCY COURT, in and for the

15   SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd.,

16   Fort Lauderdale, Broward County, Florida on September 17,

17   2019, commencing at or about 1:30 p.m., and the following

18   proceedings were had.

19

20

21

22

23

24                Transcribed from a digital recording by:
                        Cheryl L. Jenkins, RPR, RMR
25                                `

1

2

APPEARANCES:

3

4                GREENBERG TRAURIG, by
              PAUL J. KEENAN, JR., Esquire
5                  JOHN DODD, Esquire
              REGINALD SAINVIL, Esquire
6              On behalf of the Debtor

7

                STICHTER RIEDEL BLAIN, by
8                  RUSSELL BLAIN, Esquire
            BARBARA HART, Esquire (via telephone)
9    On behalf of the Official Committee of Unsecured Creditors

10

                MELAND RUSSIN & BUDWICK, BY
11               MICHAEL BUDWICK, Esquire
              On behalf of Sarah Foster

12

13            GENOVESE JOBLOVE & BATTISTA, by
                  GLENN D. MOSES, Esquire
14          PAUL BATTISTA, Esquire (via telephone)
              Special Counsel to the Debtor

15

16            LAW OFFICES OF STEVEN FENDER, by
                  STEVEN FENDER, Esquire
17    On behalf of Travis Portfolio, Oliphant Financial, LLC and
                Collins Asset Group, LLC

18

19                DAVID BADDLEY, Esquire
                  BOB LEVENSON, Esquire
20                On behalf of the SEC

21

            RICE PUGATCH ROBINSON STORFER & COHEN, by
22                CHAD P. PUGATCH, Esquire
            On behalf of the Stolman Investor Creditors

23

24

25

1

2                        CONTINUED APPEARANCES

3

                         MATHEWS GIBERSON, by
4                       WALTER MATHEWS, Esquire
                        On behalf of Jan Atlas
5

6                      MELISSA MURRAY, Esquire
                   On behalf of Investor Creditors
7

8                        TRIPP SCOTT, by
                     CHARLES TATELBAUM, Esquire
9                     BRITTANY HEINZ, Esquire
                    On behalf of Dale Ledbetter
10

11                     JONES LAW OFFICE, by
                       JASON JONES, Esquire
12                  On behalf of Carl Ruderman

13

                      HINSHAW CULBERSON, by
14                     TOM LESTER, Esquire
                       ROY GERMAN, Esquire
15      On behalf of America Alternative Insurance Corporation

16

                     RICHARD KIBBE & ORBE, by
17                    GREGORY PLOTKO, Esquire
                     On behalf of Argo Partners
18

                        KAPLAN ZENNA, by
19                    JAMES KAPLAN, Esquire
                   On behalf of Kopelowitz Ostrow
20

21          DAMARIS D. ROSICH-SCHWARTZ, Trial Attorney
                   Office of the U.S. Trustee
22                   Department of Justice

23

24

25

1

                        **CONTINUED APPEARANCES**

2

3

                          **ALSO PRESENT**

4

                          **JAMES CASSEL**

5

                          **JOE LUZINSKI**

6

                        **HARRY TUCKER**

7

                    **ROBERT WAGSTAFF**

8

              **BRADLEY SHARP (via telephone)**

9

               **JOSEPH ARENA (via telephone)**

10

        **ECRO - Electronic Court Reporting Operator**

11

                       - - - - - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          Thank you.

2          THE COURT:  Confirmation of the first

3    amended plan.

4          MR. KEENAN:  Good afternoon again,

5    your Honor.  For the record, this is Paul Keenan.

6          What I'd like to do, your Honor, is -- as

7    you may have noticed, this case has been pending before

8    the Court now for almost 14 months.  We actually haven't

9    appeared before your Honor too many times during the

10   course of this case, and there have been very, very few

11   contested hearings in this case.  In fact, I think what we

12   just had was our only contested hearing, at least in the

13   main case.

14          So what I would like to do is just to create

15   a record of what the fiduciaries have accomplished in this

16   case.  I would like to review all of the work that's gone

17   into it up to this point so that you can understand why it

18   is that we felt that this was the appropriate time to file

19   the plan of liquidation.

20          Your Honor, before the petition date 1

21   Global Capital and 1 West Capital had been in business for

22   about five years.  The company had approximately 100

23   employees, and operated out of office space located in

24   Hallandale Beach, Florida.

25          1 Global was in the business of providing

1   merchant cash advances to small businesses around the

2   country.  1 Global used independent sales organizations

3   and agents to find merchants who were in need of quick

4   cash.  The cash advances were documented with a relatively

5   short and simple merchant agreement, under which the

6   merchants paid down the advances by allowing a daily ACH

7   sweep of its operating account.

8              With some notable exceptions, the majority

9   of the cash advances to merchants were between $50,000 and

10  $250,000.

11             As of the petition date there were

12  approximately 2,000 merchants with outstanding merchant

13  cash advances.

14             1 Global raised the funds that it used for

15  these cash advances with investments from individual

16  investors, residing in Florida and around the country.  In

17  many instances the investment actually came from an

18  individual retirement account.  An individual would

19  typically invest between $25,000 and $200,000, although

20  some invested much more.

21             For their investment the investors received

22  a memorandum of indebtedness, which indicated that the

23  investment should be repaid in nine months.  Investors

24  received a monthly statement that purportedly showed the

25  investor the amount of interest that accrued, and the

Page 28

1    types of merchants that received some of their investment

2    in the form of a cash advance.

3                    As of the petition date there were

4    approximately 3,600 investors of 1 Global, who were owed

5    approximately $287 million.

6                    Before the Chapter 11 case was filed, the

7    Securities and Exchange Commission opened an investigation

8    into 1 Global's activities related to alleged securities

9    law violations, including the offer and sale of

10   unregistered securities, the sale of securities by

11   unregistered brokers, and the commission of fraud in

12   connection with the offer, purchase and sale of

13   securities.

14                   In addition, the Office of the United States

15   Attorney for the Southern District of Florida, opened a

16   parallel investigation into these and other business

17   activities of 1 Global.

18                   As a result of these investigations the

19   company was not in a position to raise new capital, and

20   the management team decided to step down and allow

21   independent fiduciaries to manage the business for

22   investors.

23                   The Chapter 11 case, as you may recall, was

24   filed on a Friday evening, July 27th, 2018, and effective

25   immediately Mr. James Cassel became the independent

1    manager, and Mr. Brad Sharp the Chief Restructuring

2    Officer, and Mr. Joseph Luzinski, the Deputy Chief

3    Restructuring Officer, and their appointments were soon

4    approved by the Bankruptcy Court.

5              None of the prepetition managers, officers

6    or shareholders had any further control over the company

7    whatsoever.

8              The very next day after the petition was

9    filed, on Saturday morning, Mr. Cassel and Mr Luzinski

10   were at the company's offices to immediately take control

11   and stabilize the business.  They took many actions

12   immediately, the most important of which was to cease

13   accepting any new investments, and the Court may recall

14   that we got the Court's permission to return investments

15   that had been sent and not yet cashed by the company.

16             During the course of the next thirteen and a

17   half months the sole focus of Mr. Cassel and Mr Luzinski

18   was to manage 1 Global's business so as to maximize the

19   recovery for investors.

20             And I'll just take a few moments to explain

21   and summarize those efforts, and how we were able to reach

22   the distribution that we're on the verge of making.

23             In terms of the MCA portfolio itself, DSI,

24   which is the firm of Mr. Sharp and Mr Luzinski, completed

25   a static pool analysis of nearly 2,000 merchant cash

Page 30

1    advances, with an aggregate right to return of

2    $309 million.  This allowed DSI to stratify the cash

3    advances into pools for purposes of assessing collections

4    and timing.

5              After an extensive assessment, and review of

6    the business practices, most importantly the underwriting

7    and collection histories of the debtors, the fiduciaries

8    quickly determined that the company was not making a

9    profit on the MCA portfolio, and decided to discontinue

10   making further cash advances in order to protect 1

11   Global's investors from any further losses.

12             The fiduciaries then performed an assessment

13   of the potential for outsourcing the servicing of the MCA

14   portfolio, or the outright sale of the portfolio itself.

15             The debtors did receive significant interest

16   from industry players, and had discussions with at least

17   six parties, and received offers from three other parties.

18   However, the fiduciary's own analysis determined that

19   continued in-house servicing would be the best way to

20   maximize value for investors.  Simply put, the parties

21   that were interested in servicing or purchasing the MCA

22   portfolio were looking for too steep a discount.

23   Therefore, the fiduciaries determined that the investors

24   would be better served if 1 Global retained ownership of

25   in MCA portfolio, and continued to manage collection

Page 31

1    themselves.

2                    Postpetition, under the management of the

3    fiduciaries, 1 Global has collected over $84 million from

4    operations and collections on the MCA portfolio, bringing

5    the current cash balance to approximately $90 million as

6    of today.

7                    The current cash balance does not include

8    cash to be received from the settlements that were

9    approved by the Court today, such as the twenty seven and

10   a half million dollars that's expected from Travis by

11   October 15th, and the settlement with Kopelowitz Ostrow

12   and other parties, which should net the estate

13   approximately $2.2 million.

14                   So I'll describe in a moment there are other

15   settlements that are currently being negotiated that will

16   bring additional funds into the estate and increase the

17   return to investors.

18                   Due to the poor underwriting many of the

19   remaining merchant cash advances are in default.  The

20   fiduciaries ran a competitive process to identify a law

21   firm to take those matters on a contingency fee basis.

22                   As the Court may recall, the firm of Perlman

23   Bajandas Yevoli & Albright was selected, and is now

24   managing over 850 collection matters for 1 Global, half of

25   which are already in the courts.

1              Although the marketing materials provided to

2    investors provided that the cash advances would be widely

3    disbursed in order to diversify the MCA portfolio, and

4    minimize risk to investors, there were several merchants

5    that received abnormally large cash advances, and some

6    cash advances were to recipients who weren't merchants at

7    all.

8              The largest recipient of these

9    non-traditional advances was Travis.  As we discussed

10   earlier this afternoon, Travis received approximately

11   sixty two and a half million dollars in aggregate cash

12   advances from 1 Global, and the estate should ultimately

13   recover more than $42 million from Travis.

14             The second largest recipient of these

15   non-traditional advances was Momentum, which was a chain

16   of car dealerships in California.  Momentum and its

17   affiliates received a total of $34 million in cash

18   advances.

19             Last December the fiduciaries directed the

20   filing of an adversary proceeding against the Momentum car

21   dealerships, their affiliates, the principal and guarantor

22   of Momentum, and four subordinated cash advance providers

23   who were paid about one and a half million dollars ahead

24   of 1 Global.

25             Unfortunately the Momentum dealerships

1   themselves were already in severe financial distress when

2   the advances were made, and those dealerships are now a

3   state court receivership in northern California.

4          Initially the receiver refused to cooperate

5   with 1 Global.  So we formally intervened in the

6   receivership case.  The dealership assets have been sold,

7   and it appears that there may not be any significant sale

8   proceeds remaining after the bank lenders are paid.

9   Regardless, we're continuing to negotiate with the

10  receiver to reach an agreement on the amount, validity and

11  priority of the estate's claims against Momentum before

12  any distributions are made from the receivership.

13         In addition, we're close to a settlement

14  with the principal and guarantor of Momentum, as well as

15  with two of the four subordinated cash advance providers.

16         In addition, there were numerous other

17  unusually large cash advances that were made.  The

18  fiduciaries have examined these cash advances and

19  merchants, and they are attempting to negotiate a

20  settlement where it appears reasonable to do so, and the

21  other side is cooperative, but also commencing a suit

22  where necessary.

23         So far we have filed four lawsuits in

24  Florida state courts against the merchants, East Coast

25  Jewelry, Dart Seasonal, Vero Logistics, and Elwood Medical

1    Center for cash advances totalling almost $12 million.

2                 We're engaged in substantive settlement

3    discussions with two of those defendants.  In addition,

4    we're receiving -- we're reviewing two more potential

5    cases with claims totalling $3.3 million.  In one of those

6    cases we're already engaged on pre-suit settlement talks,

7    and we have another meeting scheduled for next week.

8                 Your Honor, besides the non-traditional

9    MCAs, there were also prepetition substantial transfers

10   that were made to non-debtor affiliates, and I'll just

11   briefly review those now, and those are the subject of the

12   receivership that were referred to from time to time here.

13                There are seven non-debtor affiliates that

14   received approximately $20 million in prepetition

15   transfers.  In August 2018 the SEC filed complaints in the

16   Southern District of Florida seeking and obtaining the

17   appointment of a receiver for these non-debtor affiliates.

18                When the receiver was appointed, one of the

19   receivership entities had two and a half million dollars

20   in a cash deposit account.  According to the receiver's

21   most recent report, which is dated June 30th, the receiver

22   has collected an additional three and a half million, but

23   has consumed approximately $1 million in fees and other

24   expenses.  So that leave a total cash balance of

25   approximately $5 million in the receivership estate.

1              According to the receiver and the debtors'

2    records, the receiver entities have very few creditors,

3    and the bankruptcy estate is by far the largest single

4    creditor of the receivership estates.  As a result

5    investors of 1 Global are effectively the creditors of the

6    receivership estate.

7              The receiver has agreed in principle that it

8    will eventually make a distribution to the bankruptcy

9    estate on account of the $20 million claim that the

10   bankruptcy estate has against the receivership entities.

11             The 1 Global fiduciaries have done the best

12   to push the receiver into making a distribution, but it

13   does not appear that there will be a distribution made

14   from the receivership in time for the initial distribution

15   to be made here in November.

16             As your Honor is aware, the SEC and the U.S.

17   Attorney's Office have had a keen interest in this case

18   from the very beginning.  I'll just briefly review some of

19   their activity so the Court and others are aware of it.

20             The SEC and the U.S. Attorney's Office have

21   made numerous requests of the debtors during the course of

22   their investigations, and the debtors have always fully

23   cooperated with those requests.  Both the SEC and the U.S.

24   Attorney have taken significant action during the course

25   of the Chapter 11 case.

1              In August 2018, as the Court may recall, the

2     SEC filed suit against the debtors and Carl Ruderman, the

3     former chairman of 1 Global.  In November 2018 the SEC and

4     1 Global entered into a settlement approved by this Court,

5     and in August 2019 the SEC settled with Carl Ruderman,

6     resulting in a permanent injunction against him,

7     disgorgement of thirty two and a half million, and a civil

8     penalty of $15 million.

9              In addition, in July 2019 the SEC brought a

10    civil enforcement action against Henry Trey Wieniewitz and

11    Wieniewitz Financial, who is one of the agents of the

12    debtors prepetition, for the sale of unlicensed

13    securities.  In August Trey Wieniewitz and Wieniewitz

14    Financial settled with the SEC, and agreed to disgorgement

15    and civil penalties in the amount of $3.9 million.

16             Just this past August the SEC filed suit

17    against Alan Hyde, who was the former prepetition chief

18    financial officer of 1 Global.  In that same month the

19    U.S. Attorney's Office also charged Alan Hyde with

20    conspiracy to commit securities fraud, and Mr. Hyde pled

21    guilty to that charge.  Just yesterday the U.S. Attorney's

22    Office also charged one of the companies' prepetition

23    outside counsel with securities fraud as well.

24             It's the debtors' understanding that the

25    investigations of the SEC and the U.S. Attorney's Office

1    will continue even post-confirmation, and the fiduciaries

2    who will also be involved in the liquidating trust, as the

3    liquidating trustee, they will, of course, cooperate with

4    the SEC and the U.S. Attorney in any requests that they

5    may have.

6              Your Honor, in terms of the plan itself and

7    the voting, as we've reported to the Court in previous

8    hearings, the debtors and the committee have worked

9    cooperatively with one another throughout the entire

10   process.  Given that the creditor body is overwhelmingly

11   made up of individual investors, the members of the

12   committee are individual investors who had the largest

13   investments in 1 Global.  The debtors and the committee

14   worked closely with one another through the case to

15   develop legal strategy, and the terms of the plan of

16   liquidation that's before the Court today.

17             The plan of liquidation is very

18   straightforward.  All of the assets of the debtors will

19   vest in the liquidating trust.  For the most part the

20   assets consist of cash, settlement payments that should be

21   collected in the near future, collections on the remainder

22   of the MCA portfolio, causes of action against merchants,

23   insiders, prepetition professionals, and the claim against

24   the receivership estates.

25             The creditors of the bankruptcy estates will

Page 38

1    receive beneficial interests in the liquidating trust on

2    account of their claims.

3                    Once the debtors have substantially

4    completed the claims reconciliation process and determined

5    the appropriate amount of reserves, the debtors will give

6    notice of the effective date to the Court, which is

7    estimated to be mid-October.

8                    The debtors anticipate that the initial

9    distribution will then be made in early November.

10   Distributions, of course, will be made on a pro rata

11   basis, according to the net principal claim of each

12   investor, and will not account for any interest that may

13   have been provided to an investor on a monthly statement.

14                   After a close analysis of the interest

15   reporting, the fiduciaries determined that the interest

16   calculations that were provided to investors on their

17   monthly statement were wholly unreliable and could not be

18   used for any purposes in terms of distribution.

19                   So, your Honor, assuming that the Travis

20   payment comes in, and the Kopelowitz Ostrow payments come

21   in from the insurer, we estimate that the initial

22   distribution in early November should be about

23   $104 million.

24                   As I mentioned earlier, the debtors and the

25   committee have always worked very cooperatively with one

1    another during the case, and by doing so the 1 Global

2    fiduciaries and the committee members have been able to

3    minimize costs that might otherwise arise from unnecessary

4    litigation.

5              With the exception of two objections to the

6    disclosure statement, both of which contained wholly

7    unsubstantiated allegations, and were hastily withdrawn, I

8    don't believe there has been a single objection, except

9    for the one we just heard earlier, during the thirteen and

10   a half months of this Chapter 11 bankruptcy case.

11             The cooperation between the debtors and the

12   committee also ensured that the debtors -- excuse me, that

13   the investors had visibility into the debtors' financial

14   performance, and the decisionmaking of the fiduciaries.

15             The debtors and the committee set up a

16   website that provided timely and substantive updates to

17   the investors, and just recently held an investor call,

18   similar to an investor call for a public company, to

19   explain the plan of liquidation, and hundreds of investors

20   participated in that call.

21             I think that the result of this cooperation

22   and transparency can be seen in the high voter turnout,

23   and the overwhelming acceptance of the plan.

24   Approximately 2,425 of the 3,600 investors actually

25   returned a ballot, and an incredible 99.7 percent voted to

Page 40

1    accept the plan.  As for the non-investor creditors,

2    99.9 percent voted to accept the plan.

3                     Your Honor, at this point what I would do is

4    I would move into evidence two declarations, the

5    declaration of Joseph Luzinski, the Deputy Chief

6    Restructuring Officer.

7                     THE COURT:  Docket Entry 1082.

8                     MR. KEENAN:  1082.

9                     THE COURT:  And 1083.

10                    MR. KEENAN:  And 1083, which is the

11   declaration of Joseph Arena, who is the claims agent for

12   this case.

13                    THE COURT:  They're admitted subject to

14   anyone having cross.  Anyone care to cross?

15                    (No verbal response.)

16                    THE COURT:  They are accepted.

17                    MR. KEENAN:  All right.  Your Honor, at this

18   point John Dodd is happy to walk you through the 1129

19   standards if you feel it's necessary --

20                    THE COURT:  I don't think it's necessary.

21                    MR. KEENAN:  -- otherwise I'm available for

22   any questions that you may have about, not just the plan

23   itself, but the conduct of the case.

24                    THE COURT:  No, I'm familiar with the case,

25   and I prepared for today's hearing by reading the

1   materials.

2                   MR. KEENAN:  Excellent.

3                   THE COURT:  So, the first amended plan, any

4   objection to it being confirmed?

5                   MR. LEVENSON:  No objection, your Honor, but

6   (inaudible) -- thank you for the Court's indulgence.

Tom Levenson with the Securities and Exchange Commission.

8                   If anyone else had just delivered the facts

9   we just heard under any different circumstances, I would,

10  you know, say it was tooting his own horn, but in this

11  case I would call it understated.

12                  The amount -- I just wanted to, you know,

13  inform the Court that the amount of cooperation that the

14  debtors have shown, not just with the SEC, but between the

15  debtors and the creditors' committee, and the debtors and

16  the receivership, has been outstanding, and it saved

17  investors, in addition to the -- in addition to the

18  amounts you just heard Mr. Keenan go through, in terms of

19  what the debtors have been able to achieve and collect

20  from various sources.  Their willingness to, you know,

21  work cooperatively with the committee, with us, you

22  noticed at the beginning of the case that the debtor and

23  Mr. Keenan's firm agreed to heavily discount their rates,

24  which probably saved close to a million dollars, I think

25  the number is.

1              THE COURT:  We're going to get into that

2    next.

3              MR. LEVENSON:  I understand that, and I

4    thought I would do it one time, your Honor, and do it in

5    connection with the plan --

6              THE COURT:  Okay.

7              MR. LEVENSON:  -- if that's all right.

8              THE COURT:  That's fine.

9              MR. LEVENSON:  I appreciate it.

10             You know, but in addition to that, you heard

11   that, you know, the company, you know, declared for

12   bankruptcy on Friday the 27th.  That Monday the 30th we

13   were on the phone to Mr. Keenan's firm saying, you know,

14   can we meet with you, and on Wednesday the 1st, they were

15   -- Mr. Cassel and Mr. -- and several members of that firm

16   were in our office saying, how can we help you?  And they

17   made available a large number of documents in a very short

18   amount of time that were of great assistance in our

19   investigation, and helped enable us to bring the case that

20   we brought.

21             I did want to say one thing, and I think

22   your Honor is familiar with the fact that we're here

23   because of one person, and one person only, and that's

24   Carl Ruderman, and the way he ran the company, and the

25   $32 million that he took out, and you heard Mr. Keenan

Page 43

1    describe, some twenty plus million dollars of that was

2    sent to non-debtor -- companies who were affiliated both

3    with himself, with his relatives, and he simply, you know,

4    took money out to use for his own personal expenses, and

5    the documentation that we received from the debtors

6    post-bankruptcy, a lot of it has been filed in our case in

7    District Court, and it showed the scope and breadth of the

8    fraud in this case.

9                You heard that when Mr. Cassel and his firm

10   took over, there was about 6 to $7 million in cash, and

11   $275 million owed to investors.  Through the efforts of

12   the debtor, with the great assistance of the creditors'

13   committee, that number, as you heard today, is

14   substantially higher.

15               Our settlement with Mr. Ruderman, you know,

16   we anticipate that there is going to be real money out of

17   that settlement.  We've already collected some of it.  We

18   anticipate collecting more.  We anticipate that money

19   coming into the estate in the near future.  We also

20   anticipate that the receiver will have additional

21   collections, hopefully close to $10 million, most of which

22   hopefully will be returned to the estate, and I don't

23   think a lot of that -- there were a lot of moving parts to

24   this case, you had the debtor, you had the creditors'

25   committee, you had the receivership entities, and

1    everybody's willingness to work together, the lines of

2    communication were always open.

3             I don't know if it was a good thing or a bad

4    thing for Mr. Cassel, but his office was two floors above

5    mine and, you know, thank you to Mr. Keenan for allowing

6    me to go speak to him, you know, when I needed to, and

7    there were a number of times where I walked upstairs and

8    said can we figure this out?

9             And the committee, the debtors were always

10   willing to, you know, speak with us.  They included us in

11   virtually every major step along the way, which I think

12   hopefully helped achieve not only with this plan, but with

13   other steps along the way, helped achieve, and it was one

14   of the reasons that there were not a lot of objections to

15   things that the debtors proposed.

16            I also want to thank Mr. Battista and his

17   firm, not only did they agree at the outset of this case

18   to reduce -- or when they took over, to reduce the

19   contingency fee arrangements, but when there was some

20   discussions between those and the Foster class claims, he

21   agreed to take some further reductions in order to make

22   that work and, you know, he's done an outstanding -- he

23   and his firm have done an outstanding job in negotiating

24   the settlements they have.

25            So, again, I think total, when you add it

1   up, the amount of -- and lastly, and then I'll stop, but

2   you'll see in the fee applications today, both the debtor,

3   both the Greenberg firm, and the two financial advisors,

4   and the Stichter Riedel firm agreed voluntarily -- they

5   had already taken some discounts, they agreed to discount

6   their rates even further.  In the final fee application I

7   think we're probably looking at somewhere between a

8   million and a half to $2 million, and that money directly

9   benefits investors.

10                  And I guess the thought that I wanted to

11  leave you with is that, you know, this group, particularly

12  the committee, the debtors, and everybody working in

13  conjunction with them, Mr. Cassel also I want to thank,

14  had one goal in mind here, and that was to maximize

15  recovery to the investors, and having done this for close

16  to 20 years, I'm sad to say that isn't always the case,

17  but it most certainly was in this case.  I think this is

18  an excellent plan, and I think that they have all done an

19  outstanding job in maximizing the returns.

20                  Thank you.

21                  THE COURT:  Thank you.

22                  All right.  The Court will confirm the first

23  amended plan.

24                  Now let's deal with the fee applications.

25                  MR. KEENAN:  Thank you, your Honor.

Page 51

1

2

3                          CERTIFICATION

4

5    STATE OF FLORIDA       :

6    COUNTY OF MIAMI-DADE   :

7

8              I, Cheryl L. Jenkins, RPR, RMR, Shorthand

9    Reporter and Notary Public in and for the State of Florida

10   at Large, do hereby certify that the foregoing proceedings

11   were transcribed by me from a digital recording held on

12   the date and from the place as stated in the caption

13   hereto on Page 1 to the best of my ability.

14              WITNESS my hand this 14th day of

15   October, 2019.

16

17

18              _____

19              CHERYL L. JENKINS, RPR, RMR

20              Court Reporter and Notary Public
              in and for the State of Florida at Large
21                   Commission #GG 138863
                     December 27, 2021

22

23

24

25

# **EXHIBIT B**

## List of Collection Matters

(Attached)

List of Collection Matters

| Adv. Case No. | Case Styling |
|---|---|
| 19-01342-RAM | 1 Global Capital LLC v. Hernandez Rivera et al |
| 19-01343-RAM | 1 Global Capital LLC v. Soymet 101, LLC et al |
| 19-01344-RAM | 1 West Capital LLC v. Clark's Corner Investments, LLC et al |
| 19-01345-RAM | 1 West Capital LLC v. Carry on Express Logistics Inc. et al |
| 19-01346-RAM | 1 Global Capital LLC v. Alex Logistics, Inc et al |
| 19-01348-RAM | 1 Global Capital LLC v. Howard et al |
| 19-01349-RAM | 1 Global Capital LLC v. Mezzetta et al |
| 19-01350-RAM | 1 Global Capital LLC v. Powers et al |
| 19-01351-RAM | 1 Global Capital LLC v. Pugliese et al |
| 19-01352-RAM | 1 Global Capital LLC v. Jones et al |
| 19-01353-RAM | 1 Global Capital LLC v. MAHFOUZ et al |
| 19-01354-RAM | 1 Global Capital LLC v. VANNIER et al |
| 19-01356-RAM | 1 Global Capital LLC v. RYZA et al |
| 19-01357-RAM | 1 Global Capital LLC v. IACOBACCI et al |
| 19-01358-RAM | 1 Global Capital LLC v. BAKHTIARI et al |
| 19-01359-RAM | 1 West Capital LLC v. TAYEBI et al |
| 19-01360-RAM | 1 Global Capital LLC v. SMARR et al |
| 19-01361-RAM | 1 Global Capital LLC v. FIGUEROA DE JESUS et al |
| 19-01362-RAM | 1 Global Capital LLC v. FIGUEROA DE JESUS et al |
| 19-01363-RAM | 1 West Capital LLC v. ZABARSKY et al |
| 19-01364-RAM | 1 Global Capital LLC v. BURNETT et al |
| 19-01365-RAM | 1 Global Capital LLC v. Lopez et al |
| 19-01366-RAM | 1 West Capital LLC v. Yimlamai et al |
| 19-01367-RAM | 1 Global Capital LLC v. Houchens et al |
| 19-01368-RAM | 1 Global Capital LLC v. Siebring et al |
| 19-01369-RAM | 1 Global Capital LLC v. Vath et al |
| 19-01370-RAM | 1 Global Capital LLC v. Rivera et al |
| 19-01371-RAM | 1 Global Capital LLC v. Menotti et al |
| 19-01372-RAM | 1 Global Capital LLC v. Bramlett et al |
| 19-01374-RAM | 1 West Capital LLC v. All American Hardwood Inc et al |
| 19-01375-RAM | 1 Global Capital LLC v. Depot Trucking Inc. et al |
| 19-01376-RAM | 1 Global Capital LLC v. Precision Painting & Remodeling Inc et al |
| 19-01377-RAM | 1 Global Capital LLC v. Neveah Limited et al |
| 19-01378-RAM | 1 Global Capital LLC v. C.F. International Enterprises Inc. et al |

**List of Collection Matters**

| Adv. Case No. | Case Styling |
|---|---|
| 19-01379-RAM | 1 Global Capital LLC v. Joe Rangel Contracting LLC et al |
| 19-01380-RAM | 1 Global Capital LLC v. Hot Water Supplies, LLC et al |
| 19-01381-RAM | 1 West Capital LLC v. Redrhino: The Epoxy Flooring Company, Inc. et al |
| 19-01382-RAM | 1 Global Capital LLC v. Balone Properties, LLC d/b/a Butch & Loveland Comp |
| 19-01383-RAM | 1 West Capital LLC v. Namr 2617, LLC et al |
| 19-01384-RAM | 1 Global Capital LLC v. Nannies for Grannies Inc. et al |
| 19-01385-RAM | 1 Global Capital LLC v. Office Reworks Inc. |
| 19-01386-RAM | 1 West Capital LLC v. Dynamic Software Design Inc. et al |
| 19-01387-RAM | 1 Global Capital LLC v. Diamond Express, Inc. et al |
| 19-01388-RAM | 1 West Capital LLC v. Agoupi |
| 19-01389-RAM | 1 Global Capital LLC v. Cool Hand Entertainment LLC et al |
| 19-01390-RAM | 1 West Capital LLC v. Parra |
| 19-01391-RAM | 1 West Capital LLC v. Medina |
| 19-01392-RAM | 1 Global Capital LLC v. Hollopeter et al |
| 19-01393-RAM | 1 Global Capital LLC v. Rae Construction LLC et al |
| 19-01394-RAM | 1 Global Capital LLC v. RTST Express Inc. et al |
| 19-01395-RAM | 1 Global Capital LLC v. GTW Construction, LLC et al |
| 19-01396-RAM | 1 West Capital LLC v. Darbinayn |
| 19-01397-RAM | 1 Global Capital LLC v. Herrmann Construction of South Florida Corp. et al |
| 19-01401-RAM | 1 Global Capital, LLC v. The JB Group LLC et al |
| 19-01402-RAM | 1 Global Capital LLC v. Elite Status Group LLC et al |
| 19-01403-RAM | 1 Global Capital LLC v. KPI & Company, Inc. et al |
| 19-01404-RAM | 1 Global Capital LLC v. Texas Mills, LLC et al |
| 19-01405-RAM | 1 West Capital LLC v. Anush Harutyunian |
| 19-01406-RAM | 1 Global Capital LLC v. Echt Electronics, Inc. et al |
| 19-01407-RAM | 1 Global Capital LLC v. Easy Auto Sales, Inc. et al |
| 19-01408-RAM | 1 Global Capital LLC v. BCSFM, LLC et al |
| 19-01409-RAM | 1 Global Capital LLC v. Blue Nile Trucking L.L.C. et al |
| 19-01410-RAM | 1 Global Capital LLC v. Stop's Services, LLC et al |
| 19-01411-RAM | 1 Global Capital LLC v. HR Global Logistics, LLC et al |
| 19-01412-RAM | 1 Global Capital LLC v. Installation Services & Delivery Inc. et al |
| 19-01413-RAM | 1 Global Capital LLC v. The Homeschool Buyers Club et al |
| 19-01414-RAM | 1 Global Capital LLC v. John Streng |
| 19-01415-RAM | 1 West Capital LLC v. Mobile Nurses, Inc. et al |

List of Collection Matters

| Adv. Case No. | Case Styling |
|---|---|
| 19-01416-RAM | 1 Global Capital LLC v. Machuca, L.L.C. et al |
| 19-01417-RAM | 1 Global Capital LLC v. LS Ranches, Inc. et al |
| 19-01418-RAM | 1 West Capital LLC v. Hwani Global, Inc. et al |
| 19-01419-RAM | 1 Global Capital LLC v. Woodfolk Trucking Inc. et al |
| 19-01420-RAM | 1 Global Capital LLC v. Illuminex Technologies Inc. et al |
| 19-01421-RAM | 1 Global Capital LLC v. Midas Development Group, LLC et al |
| 19-01422-RAM | 1 Global Capital LLC v. WBC Services, Inc. et al |
| 19-01423-RAM | 1 West Capital LLC v. Lashtec, Inc. et al |
| 19-01424-RAM | 1 Global Capital LLC v. Ocean Transport L.L.C. et al |
| 19-01425-RAM | 1 Global Capital LLC v. M&W Transportation Limited Liability Company et al |
| 19-01426-RAM | 1 Global Capital LLC v. BIR Transport, Inc. et al |
| 19-01427-RAM | 1 Global Capital LLC v. Miles Fabrication Inc. et al |
| 19-01428-RAM | 1 Global Capital LLC v. Black Diamond International Forest Group, LLC et a |
| 19-01429-RAM | 1 Global Capital LLC v. Erath Iron & Metal, Inc. et al |
| 19-01430-RAM | 1 Global Capital LLC v. Vet Trans Express LLC et al |
| 19-01431-RAM | 1 Global Capital LLC v. Sctienda USA LLC et al |
| 19-01432-RAM | 1 Global Capital LLC v. Airbell Travel L.L.C. et al |
| 19-01433-RAM | 1 West Capital LLC v. Imperial Valley Multi-Specialty Medical Group, Inc |
| 19-01434-RAM | 1 Global Capital LLC v. Summer, Inc. et al |
| 19-01439-RAM | 1 Global Capital LLC v. D & J Contractors Realty LLC et al |
| 19-01440-RAM | 1 West Capital LLC v. Eldon E. Blasco, Inc. et al |
| 19-01441-RAM | 1 Global Capital LLC v. K & Y Logistics Inc. et al |
| 19-01442-RAM | 1 West Capital LLC v. South Gate Development Inc. et al |
| 19-01443-RAM | 1 Global Capital LLC v. Caterwaiters, Inc. et al |
| 19-01444-RAM | 1 Global Capital LLC v. Kents Electric Solutions, Inc. et al |
| 19-01445-RAM | 1 West Capital LLC v. ADMI California, Inc. et al |
| 19-01446-RAM | 1 Global Capital LLC v. Quallis Brands LLC et al |
| 19-01447-RAM | 1 Global Capital LLC v. Primary Care Ambulance Inc. et al |
| 19-01448-RAM | 1 Global Capital LLC v. Western Fuel Corporation et al |
| 19-01449-RAM | 1 Global Capital LLC v. DHS Entertainment Inc. et al |
| 19-01450-RAM | 1 Global Capital LLC v. Mountain Medical Injury Clinic et al |
| 19-01451-RAM | 1 Global Capital LLC v. MaureenTom, LLC et al |
| 19-01452-RAM | 1 Global Capital LLC v. LC Distributors Inc. et al |
| 19-01453-RAM | 1 West Capital LLC v. ITechnology Inc. et al |

List of Collection Matters

| Adv. Case No. | Case Styling |
|---|---|
| 19-01454-RAM | 1 Global Capital LLC v. Prime Trucking, LLC et al |
| 19-01455-RAM | 1 Global Capital LLC v. Astoria Fish Depot, Inc. et al |
| 19-01456-RAM | 1 Global Capital LLC v. MC Roofing Enterprises, LLC et al |
| 19-01457-RAM | 1 Global Capital LLC v. Step Up Construction, LLC et al |
| 19-01458-RAM | 1 West Capital LLC v. V - A Trading et al |
| 19-01459-RAM | 1 West Capital LLC v. Black Label Couture et al |
| 19-01460-RAM | 1 Global Capital LLC v. Urban Development Partners, LLC et al |
| 19-01461-RAM | 1 Global Capital LLC v. MLH Transportation, Inc. et al |
| 19-01462-RAM | 1 West Capital LLC v. Estelles, LLC et al |
| 19-01463-RAM | 1 West Capital LLC v. Edgar Ishkhanyan |
| 19-01464-RAM | 1 West Capital LLC v. Amerinow, Inc. et al |
| 19-01465-RAM | 1 West Capital LLC v. M & A Logistics Services, LLC et al |
| 19-01466-RAM | 1 Global Capital LLC v. Manpreet K. Mangat |
| 19-01467-RAM | 1 Global Capital LLC v. Superior Transportation Services, L.L.C. et al |
| 19-01468-RAM | 1 Global Capital LLC v. J&D Service Solutions Corp. et al |
| 19-01469-RAM | 1 West Capital LLC v. Auto Strap Transport LLC et al |
| 19-01470-RAM | 1 West Capital LLC v. Lilit Safaryan |
| 19-01471-RAM | 1 West Capital LLC v. Vardan Sarkisyan |
| 19-01472-RAM | 1 Global Capital LLC v. Cognitive Concepts, Inc. et al |
| 19-01473-RAM | 1 Global Capital LLC v. Central Florida Renovations, LLC et al |
| 19-01474-RAM | 1 Global Capital LLC v. Tasty Grill L.L.C. et al |
| 19-01475-RAM | 1 Global Capital LLC v. J.V. Fleet Management LLC et al |
| 19-01476-RAM | 1 West Capital LLC v. JSI Sweeping, LLC et al |
| 19-01477-RAM | 1 Global Capital LLC v. Anacapri Miami Lakes LLC et al |
| 19-01478-RAM | 1 Global Capital LLC v. Dakota Exploration, LLC et al |
| 19-01479-RAM | 1 Global Capital LLC v. Escue Wood Treated Products, LLC et al |
| 19-01480-RAM | 1 Global Capital LLC v. Bella Electrical Services, LLC et al |
| 19-01481-RAM | 1 Global Capital LLC v. Robert G. McCormick |
| 19-01482-RAM | 1 Global Capital LLC v. TSLL & Group, LLC et al |
| 19-01483-RAM | 1 Global Capital LLC v. Robby Mcknight |
| 19-01484-RAM | 1 Global Capital LLC v. Pablo Rijos |
| 19-01485-RAM | 1 Global Capital LLC v. P. Sanchez Construction Limited Liability Company |
| 19-01492-RAM | 1 Global Capital LLC v. Paul Bauder Construction Inc. et al |
| 19-01493-RAM | 1 Global Capital LLC v. Terry Buckley |

List of Collection Matters

| Adv. Case No. | Case Styling |
|---|---|
| 19-01494-RAM | 1 Global Capital LLC v. El Barrio Pizzeria Corp. et al |
| 19-01495-RAM | 1 Global Capital LLC v. GTR Group Inc. et al |
| 19-01496-RAM | 1 Global Capital LLC v. Galloway Construction of Lafayette, L.L.C. et al |
| 19-01497-RAM | 1 Global Capital LLC v. American Forklift Rental & Supply LLC et al |
| 19-01498-RAM | 1 Global Capital LLC v. Setko Concrete, LLC et al |
| 19-01499-RAM | 1 Global Capital LLC v. A & I Trash Disposal et al |
| 19-01500-RAM | 1 Global Capital LLC v. Express Stucco & Construction, LLC et al |
| 19-01501-RAM | 1 Global Capital LLC v. Gonzalez Drywall, Limited Liability Company et al |
| 19-01502-RAM | 1 West Capital LLC v. Globalworks Towing & Services, LLC et al |
| 19-01503-RAM | 1 Global Capital LLC v. JAG Interior Solutions, L.L.C. et al |
| 19-01504-RAM | 1 Global Capital LLC v. Maurino Gonzalez |
| 19-01505-RAM | 1 Global Capital LLC v. Williams And Sons Paint Co. Inc. et al |
| 19-01506-RAM | 1 Global Capital LLC v. Trinity Carrier Services L.L.C. et al |
| 19-01507-RAM | 1 Global Capital LLC v. Suit Warehouse Inc. et al |
| 19-01508-RAM | 1 Global Capital LLC v. Crown Marketing Group LLC et al |
| 19-01509-RAM | 1 Global Capital LLC v. BlueStar Construction Group LLC et al |
| 19-01510-RAM | 1 West Capital LLC v. Elite Sublimation, Inc. et al |
| 19-01511-RAM | 1 Global Capital LLC v. Hi-Tek Rations, Inc. et al |
| 19-01512-RAM | 1 Global Capital LLC v. Empire Tire Corporation et al |
| 19-01513-RAM | 1 Global Capital LLC v. Adolfo Lopez |
| 19-01514-RAM | 1 Global Capital LLC v. K & M Trucking, LLC et al |
| 19-01515-RAM | 1 Global Capital LLC v. Winegar Construction, Inc. et al |
| 19-01516-RAM | 1 Global Capital LLC v. Lang and Company, LLC et al |
| 19-01517-RAM | 1 Global Capital LLC v. DMV ASAP LLC et al |
| 19-01518-RAM | 1 Global Capital LLC v. Majic Motors, LLC et al |
| 19-01519-RAM | 1 Global Capital LLC v. Construction Technologies of Texas, Inc. et al |
| 19-01520-RAM | 1 Global Capital LLC v. SMU Excavating, Inc. et al |
| 19-01521-RAM | 1 Global Capital LLC v. A to Z Home Remodeling, LLC et al |
| 19-01522-RAM | 1 Global Capital LLC v. Strategic Support Unit Corporation et al |
| 19-01523-RAM | 1 Global Capital LLC v. Christopher E. Turner |
| 19-01524-RAM | 1 Global Capital LLC v. Annointed Construction LLC et al |
| 19-01525-RAM | 1 Global Capital LLC v. All Development, Renovation & Restoration Co. LLC |
| 19-01526-RAM | 1 Global Capital LLC v. J.E.M. Home Improvements, LLC et al |
| 19-01527-RAM | 1 Global Capital LLC v. Florida Sliding Glass & Garage Door Repair LLC et |

List of Collection Matters

| Adv. Case No. | Case Styling |
|---|---|
| 19-01528-RAM | 1 Global Capital LLC v. Eastern Financial Services, Inc. et al |
| 19-01529-RAM | 1 Global Capital LLC v. McVay Construction Company, Inc. et al |
| 19-01530-RAM | 1 West Capital LLC v. CWP Construction Wear Parts, Inc. et al |
| 19-01531-RAM | 1 Global Capital LLC v. Newmark Solutions Corp. et al |
| 19-01532-RAM | 1 Global Capital LLC v. Roman Zanoni |
| 19-01533-RAM | 1 Global Capital LLC v. South Florida Cooling Systems Inc. et al |
| 19-01534-RAM | 1 Global Capital LLC v. Encender Interactive, L.L.C. et al |
| 19-01535-RAM | 1 Global Capital LLC v. Hugo Alfonso Santana Reyes |
| 19-01536-RAM | 1 Global Capital LLC v. Quality Assured Concrete Contractor Inc. et al |
| 19-01537-RAM | 1 Global Capital LLC v. Willie's Hot Oil Service, Inc. et al |
| 19-01538-RAM | 1 Global Capital LLC v. VA Heating and Electrical Services, LLC et al |
| 19-01539-RAM | 1 Global Capital LLC v. Global Blue Sky Consulting, Inc. et al |
| 19-01540-RAM | 1 Global Capital LLC v. Bottego Enterprises, Inc. et al |
| 19-01541-RAM | 1 West Capital LLC v. Infinite Foods LLC et al |
| 19-01542-RAM | 1 Global Capital LLC v. Thompson Transportation, Inc. et al |
| 19-01543-RAM | 1 Global Capital LLC v. TC Nails S-Corp Corporation et al |
| 19-01544-RAM | 1 Global Capital LLC v. Agustin Garcia |
| 19-01545-RAM | 1 Global Capital LLC v. M.K.Deaton, LLC et al |
| 19-01546-RAM | 1 Global Capital LLC v. Zeromax Transport LLC et al |
| 19-01547-RAM | 1 Global Capital LLC v. Temozon, LLC et al |
| 19-01548-RAM | 1 Global Capital LLC v. Pro Site Builders, LLC. LLC et al |
| 19-01549-RAM | 1 Global Capital LLC v. ER Homes LLC et al |
| 19-01550-RAM | 1 Global Capital LLC v. Ultra Fresh, LLC et al |
| 19-01551-RAM | 1 Global Capital LLC v. Washington EMP, LLC et al |
| 19-01557-RAM | 1 Global Capital LLC v. Isa Abuska |
| 19-01558-RAM | 1 Global Capital LLC v. Mohammad Jo Incorporated et al |
| 19-01559-RAM | 1 Global Capital LLC v. New Faith Chiropractic of Valley Stream, P.C. et a |
| 19-01560-RAM | 1 West Capital LLC v. Jaxen Enterprise, Inc. et al |
| 19-01561-RAM | 1 Global Capital LLC v. BC Design & Interior, Inc. et al |
| 19-01562-RAM | 1 Global Capital LLC v. Juan M. Banda d/b/a Rodeo |
| 19-01563-RAM | 1 Global Capital LLC v. Best Friends Enterprises LLC et al |
| 19-01564-RAM | 1 Global Capital LLC v. GWB Coatings, LLC et al |
| 19-01565-RAM | 1 Global Capital LLC v. Romanico's Corporation et al |
| 19-01566-RAM | 1 Global Capital LLC v. David Bill d/b/a Hard Hitta's Hotshot |

List of Collection Matters

| Adv. Case No. | Case Styling |
|---|---|
| 19-01567-RAM | 1 Global Capital LLC v. Absolute Restoration & Sealant Solutions LLC et al |
| 19-01568-RAM | 1 Global Capital LLC v. Bonnet School of Tennis & Pro Shop Inc. et al |
| 19-01569-RAM | 1 Global Capital LLC v. Acutech Motors, Inc. et al |
| 19-01570-RAM | 1 Global Capital LLC v. Complete Music and Video Tyler LLC et al |
| 19-01571-RAM | 1 Global Capital LLC v. Patriot Solar Energy Inc. et al |
| 19-01572-RAM | 1 Global Capital LLC v. Monkey Grass Farms LLC et al |
| 19-01573-RAM | 1 Global Capital LLC v. J&Y Construction, LLC et al |
| 19-01574-RAM | 1 Global Capital LLC v. UZU Media, LLC et al |
| 19-01575-RAM | 1 Global Capital LLC v. Kasra Restaurant Inc. et al |
| 19-01576-RAM | 1 Global Capital LLC v. Cycle Boss Motor Sports, LLC et al |
| 19-01577-RAM | 1 Global Capital LLC v. Network Hardware Supply Distribution, LLC et al |
| 19-01578-RAM | 1 Global Capital LLC v. Buka Catering Services, LLC et al |
| 19-01579-RAM | 1 West Capital LLC v. Felix G. Garcia |
| 19-01580-RAM | 1 Global Capital LLC v. In & Out Corp. et al |
| 19-01581-RAM | 1 Global Capital LLC v. JFH Construction LLC et al |
| 19-01582-RAM | 1 Global Capital LLC v. Tractors On The Creek LLC et al |
| 19-01583-RAM | 1 Global Capital LLC v. Taaza Fresh Global Food, Inc. et al |
| 19-01584-RAM | 1 Global Capital LLC v. Level 3 Homes & Design, LLC et al |
| 19-01585-RAM | 1 Global Capital LLC v. Kentucky Metal Erectors, LLC et al |
| 19-01586-RAM | 1 Global Capital LLC v. Tosmo America, Inc. et al |
| 19-01587-RAM | 1 Global Capital LLC v. Assistance Unlimited Real Estate Holdings Corp. et |
| 19-01588-RAM | 1 Global Capital LLC v. Voltz A.I. Inc. et al |
| 19-01589-RAM | 1 Global Capital LLC v. Digital Reprographic Center II LLC et al |
| 19-01590-RAM | 1 Global Capital LLC v. Pure Periodontics And Implant Specialists, PLLC et |
| 19-01591-RAM | 1 Global Capital LLC v. Ashley Stone, LLC et al |
| 19-01592-RAM | 1 Global Capital LLC v. C Phase Electric Inc. et al |
| 19-01593-RAM | 1 Global Capital LLC v. Nanji Ventures Inc. et al |
| 19-01594-RAM | 1 Global Capital LLC v. Tibari Ouakar |
| 19-01595-RAM | 1 Global Capital LLC v. Middlebury Development LLC et al |
| 19-01596-RAM | 1 Global Capital LLC v. Stella Line LLC et al |
| 19-01597-RAM | 1 Global Capital LLC v. North Tampa MHP, LP et al |
| 19-01598-RAM | 1 Global Capital LLC v. ASAP Transport Inc. et al |
| 19-01599-RAM | 1 Global Capital LLC v. JBR Tile and Stone L.L.C. et al |
| 19-01600-RAM | 1 West Capital LLC v. F.A.S.T. Service, Inc. et al |

**List of Collection Matters**

| Adv. Case No. | Case Styling |
|---|---|
| 19-01601-RAM | 1 Global Capital LLC v. VLS Carriers, Inc. et al |
| 19-01602-RAM | 1 Global Capital LLC v. Big G Toyz, LLC et al |
| 19-01603-RAM | 1 Global Capital LLC v. Peter J. Senatore, Jr. |
| 19-01604-RAM | 1 West Capital LLC v. Polar Solar, Inc. et al |
| 19-01605-RAM | 1 Global Capital LLC v. General Flooring Services Inc. et al |
| 19-01606-RAM | 1 Global Capital LLC v. Off the Vine Productions, L.L.C. et al |
| 19-01607-RAM | 1 Global Capital LLC v. Father & Son Security Corp. et al |
| 19-01608-RAM | 1 Global Capital LLC v. Kristen Unger |
| 19-01609-RAM | 1 West Capital LLC v. JoJo Limo Service, LLC et al |
| 19-01610-RAM | 1 Global Capital LLC v. Blue Sky Quality Painting Inc. et al |
| 19-01611-RAM | 1 Global Capital LLC v. Comfort Care Resource Group Inc. et al |
| 19-01612-RAM | 1 Global Capital LLC v. Pinnacle Towing & Transport, LTD. et al |
| 19-01613-RAM | 1 Global Capital LLC v. Fena Installations, Inc. et al |
| 19-01614-RAM | 1 Global Capital LLC v. Gilbert Oil Company LLC et al |
| 19-01615-RAM | 1 West Capital LLC v. Henwood Enterprises, Inc. et al |
| 19-01616-RAM | 1 West Capital LLC v. James Bell, Jr. |
| 19-01623-RAM | 1 Global Capital LLC v. Buy Wholesale, Inc. et al |
| 19-01624-RAM | 1 Global Capital LLC v. The Slice of Middletown LLC et al |
| 19-01625-RAM | 1 Global Capital LLC v. Harbor Park Realty, LLC et al |
| 19-01626-RAM | 1 Global Capital LLC v. J.C. Development, LLC et al |
| 19-01627-RAM | 1 Global Capital LLC v. Cherished Relaxation LLC et al |
| 19-01628-RAM | 1 Global Capital LLC v. Derrial Inc. et al |
| 19-01629-RAM | 1 West Capital LLC v. Caltec Ag Inc. et al |
| 19-01630-RAM | 1 Global Capital LLC v. S&S Motor Sports LLC et al |
| 19-01631-RAM | 1 Global Capital LLC v. MRM Repair and Services Corp. et al |
| 19-01632-RAM | 1 Global Capital LLC v. Xzeal Technologies, Inc. et al |
| 19-01633-RAM | 1 Global Capital LLC v. Ruberson T. Oliveira |
| 19-01634-RAM | 1 Global Capital LLC v. Quality Homes Renewed Inc. et al |
| 19-01635-RAM | 1 Global Capital LLC v. Dsorce, LLC et al |
| 19-01636-RAM | 1 Global Capital LLC v. Hillsborough River Pharmacy, Inc. et al |
| 19-01637-RAM | 1 Global Capital LLC v. Investment Group, Inc. et al |
| 19-01638-RAM | 1 Global Capital LLC v. Corals 4 Cheap, LLC et al |
| 19-01639-RAM | 1 Global Capital LLC v. Anthony Levette Darden |
| 19-01640-RAM | 1 Global Capital LLC v. Reina Marroquin |

List of Collection Matters

| Adv. Case No. | Case Styling |
|---|---|
| 19-01641-RAM | 1 Global Capital LLC v. Betancourt Insurance, Inc. et al |
| 19-01642-RAM | 1 Global Capital LLC v. Bayside Gatherings L.L.C. et al |
| 19-01643-RAM | 1 Global Capital LLC v. Fashion Avenue Salon & Boutique Limited Liability |
| 19-01644-RAM | 1 West Capital LLC v. Pramjit Singh |
| 19-01645-RAM | 1 Global Capital LLC v. JR Construction and Consultant, Inc. et al |
| 19-01646-RAM | 1 West Capital LLC v. KLS Air Express Inc. et al |
| 19-01647-RAM | 1 Global Capital LLC v. Pro Star Freight Systems Inc. et al |
| 19-01648-RAM | 1 Global Capital LLC v. P&D Auto L.L.C. et al |
| 19-01649-RAM | 1 Global Capital LLC v. Flash Moving Service LLC et al |
| 19-01650-RAM | 1 Global Capital LLC v. William Furner |
| 19-01651-RAM | 1 Global Capital LLC v. Raymond Delmas |
| 19-01652-RAM | 1 Global Capital LLC v. DPAC Holdings, LLC et al |
| 19-01653-RAM | 1 Global Capital LLC v. Hillcorp LLC et al |
| 19-01654-RAM | 1 Global Capital LLC v. Drac Construction, LLC et al |
| 19-01655-RAM | 1 Global Capital LLC v. Beach Side Care, LLC et al |
| 19-01656-RAM | 1 Global Capital LLC v. Ryan Foultz |
| 19-01657-RAM | 1 Global Capital LLC v. I.D. Janitorial Services, Inc. et al |
| 19-01658-RAM | 1 Global Capital LLC v. Patsin Trucking Inc. et al |
| 19-01659-RAM | 1 Global Capital LLC v. James Chandler |
| 19-01660-RAM | 1 Global Capital LLC v. JDML Corp. et al |
| 19-01661-RAM | 1 Global Capital LLC v. Jetset Express Inc. et al |
| 19-01662-RAM | 1 Global Capital LLC v. DeJohn Construction, Inc. et al |
| 19-01663-RAM | 1 West Capital LLC v. Swaraj Sharma Trans Inc. et al |
| 19-01664-RAM | 1 Global Capital LLC v. Alberto J. Castaneda |
| 19-01665-RAM | 1 Global Capital LLC v. Media Leasing and Consulting Inc. et al |
| 19-01666-RAM | 1 Global Capital LLC v. Readers Legacy, Inc. et al |
| 19-01667-RAM | 1 Global Capital LLC v. Top Shelf Casino, LLC et al |
| 19-01668-RAM | 1 Global Capital LLC v. Ronald Kans |
| 19-01669-RAM | 1 Global Capital LLC v. Raising Homecare LLC et al |
| 19-01670-RAM | 1 Global Capital LLC v. St. Luke Missionary Hospice of South Carolina, LLC |
| 19-01671-RAM | 1 Global Capital LLC v. Nonstop Transportation Inc. et al |
| 19-01672-RAM | 1 Global Capital LLC v. Princess Transport, LLC et al |
| 19-01679-RAM | 1 Global Capital LLC v. Tigger Transport, LLC et al |
| 19-01680-RAM | 1 Global Capital LLC v. Top One Maintenance Corp. et al |

**List of Collection Matters**

| Adv. Case No. | Case Styling |
|---|---|
| 19-01681-RAM | 1 Global Capital LLC v. AJ Truck Repair, Inc. et al |
| 19-01682-RAM | 1 Global Capital LLC v. Damascus Edge, Inc. et al |
| 19-01683-RAM | 1 Global Capital LLC v. NWTP Corp. et al |
| 19-01684-RAM | 1 Global Capital LLC v. New Generation Foods LLC et al |
| 19-01685-RAM | 1 Global Capital LLC v. Michael J. Daniels d/b/a Michaels Maintenance Serv |
| 19-01686-RAM | 1 Global Capital LLC v. Gustavo Valin Delgadilo |
| 19-01687-RAM | 1 Global Capital LLC v. Otto Distributors LLC et al |
| 19-01688-RAM | 1 Global Capital LLC v. Luis O. Gonzalez d/b/a Las Palmas Cuban Restaurant |
| 19-01689-RAM | 1 Global Capital LLC v. Hastie's Express, LLC et al |
| 19-01690-RAM | 1 Global Capital LLC v. RB Auto Corp. d/b/a Xtreme Motors et al |
| 19-01691-RAM | 1 Global Capital LLC v. Hiligh Trucking & Hauling LLC d/b/a HTH et al |
| 19-01692-RAM | 1 Global Capital LLC v. Caledonia Landscaping & Lawn Care LLC et al |
| 19-01693-RAM | 1 Global Capital LLC v. Ateres Tzipora, Inc. et al |
| 19-01694-RAM | 1 Global Capital LLC v. Fidelity Funding LLC d/ba 3 Tier Trucking et al |
| 19-01695-RAM | 1 Global Capital LLC v. James Darrel Labillois d/b/a Jimmys Construction S |
| 19-01696-RAM | 1 Global Capital LLC v. SDC Builders, Inc. et al |
| 19-01697-RAM | 1 Global Capital LLC v. RD International Forwarder Corp. et al |
| 19-01698-RAM | 1 West Capital LLC v. Ivo Mikulasek d/b/a Socal Property Preservation Se |
| 19-01699-RAM | 1 Global Capital LLC v. Perelly Transport and Logistics, Corp. et al |
| 19-01700-RAM | 1 West Capital LLC v. Harwinder Randhawa d/b/a Bay Links |
| 19-01701-RAM | 1 Global Capital LLC v. Requejo Construction Services, LLC et al |
| 19-01702-RAM | 1 West Capital LLC v. Delsal Framing Inc. et al |
| 19-01703-RAM | 1 Global Capital LLC v. Riah Nolas, Inc. et al |
| 19-01704-RAM | 1 West Capital LLC v. Theraex Rehab Services, Inc. d/b/a Theraex Staffin |
| 19-01705-RAM | 1 West Capital LLC v. DMA Commercial Doors Inc. et al |
| 19-01706-RAM | 1 Global Capital LLC v. Savannah Pools, LLC et al |
| 19-01707-RAM | 1 Global Capital LLC v. Angela R. Saunders d/b/a Load Lifters Cleaning Ser |
| 19-01708-RAM | 1 Global Capital LLC v. Southeast Air Systems, LLC et al |
| 19-01709-RAM | 1 Global Capital LLC v. Card Carrier Games LLC et al |
| 19-01710-RAM | 1 West Capital LLC v. National FC, Corp. et al |
| 19-01711-RAM | 1 West Capital LLC v. Adam R Tallabas d/b/a Phoenix Floors |
| 19-01712-RAM | 1 Global Capital LLC v. Lorenzo Trucking, Inc. et al |
| 19-01713-RAM | 1 Global Capital LLC v. Warehouse 94 LLC et al |
| 19-01714-RAM | 1 Global Capital LLC v. BCS Construction, LLC d/b/a Billy Smith Constructi |

**List of Collection Matters**

| Adv. Case No. | Case Styling |
| --- | --- |
| 19-01715-RAM | 1 Global Capital LLC v. T P Transportation LLC et al |
| 19-01716-RAM | 1 Global Capital LLC v. C & D Contracting Services, Inc. et al |
| 19-01717-RAM | 1 Global Capital LLC v. Ikonic Dance Atlanta Inc. et al |
| 19-01718-RAM | 1 Global Capital LLC v. Off Road Centers, LLC et al |
| 19-01719-RAM | 1 Global Capital LLC v. Anything Construction Services & Consulting LLC d/ |
| 19-01720-RAM | 1 Global Capital LLC v. Platinum Elite Distribution LLC d/b/a Kirby Servic |
| 19-01721-RAM | 1 Global Capital LLC v. Per-4-mance Off Road, LLC et al |
| 19-01722-RAM | 1 Global Capital LLC v. Bennett Better Built Homes, LLC et al |
| 19-01723-RAM | 1 Global Capital LLC v. Metro Concrete Creations LLC et al |
| 19-01724-RAM | 1 Global Capital LLC v. Golden Jemz Assisted Living LLC et al |
| 19-01725-RAM | 1 Global Capital LLC v. Integrity Senior Care LLC et al |
| 19-01726-RAM | 1 Global Capital LLC v. KJC Construction LLC et al |
| 19-01727-RAM | 1 Global Capital LLC v. Carefully Chosen Hair Boutique Inc. et al |
| 19-01728-RAM | 1 Global Capital LLC v. Game Loot, LLC d/b/a Game Loot Network et al |
| 19-01729-RAM | 1 Global Capital LLC v. Mark R. O'Donnell, Inc. et al |
| 19-01730-RAM | 1 West Capital LLC v. Mele Shavers d/b/a GOLD Standard Concrete and Cons |
| 19-01731-RAM | 1 Global Capital LLC v. CCI Builders & Developers, Inc. et al |
| 19-01732-RAM | 1 West Capital LLC v. Care More Home Care, Inc. et al |
| 19-01733-RAM | 1 Global Capital LLC v. One Stand United LLC et al |
| 19-01734-RAM | 1 West Capital LLC v. Sandra Ruiz d/b/a West Coast Trucking LLC |
| 19-01735-RAM | 1 Global Capital LLC v. Gagoil Corporation et al |
| 19-01736-RAM | 1 Global Capital LLC v. BuildTrend Construction LLC et al |
| 19-01737-RAM | 1 Global Capital LLC v. Thor Communications, LLC et al |
| 19-01738-RAM | 1 Global Capital LLC v. 808 Property Services Inc. et al |
| 19-01739-RAM | 1 West Capital LLC v. K & K Clothing, Inc. d/b/a Sketch Apparel et al |
| 19-01744-RAM | 1 Global Capital LLC v. N'Awlins Mardi Gras Cafe L.L.C. et al |
| 19-01745-RAM | 1 Global Capital LLC v. Express Logistics USA Inc. et al |
| 19-01746-RAM | 1 Global Capital LLC v. LPR Drywall & Plaster, Inc. et al |
| 19-01747-RAM | 1 Global Capital LLC v. LMC 1 Holdings LLC d/b/a Palm Beach Luxury Motors |
| 19-01748-RAM | 1 Global Capital LLC v. Sacred Acres Estates Inc. d/b/a Cherished Acres Es |
| 19-01749-RAM | 1 Global Capital LLC v. Sunbelt Drilling Services Inc. et al |
| 19-01750-RAM | 1 Global Capital LLC v. 4 H Litter Service LLC et al |
| 19-01751-RAM | 1 West Capital LLC v. Shamrock Group d/b/a Shamrock Paving et al |
| 19-01752-RAM | 1 Global Capital LLC v. Hettick Contractors LLC d/b/a Aurora Colorado Roof |

List of Collection Matters

| Adv. Case No. | Case Styling |
| --- | --- |
| 19-01753-RAM | 1 Global Capital LLC v. Air On Time LLC et al |
| 19-01754-RAM | 1 Global Capital LLC v. VSV Construction, Inc. et al |
| 19-01755-RAM | 1 Global Capital LLC v. Las Palmas Mount Dora LLC d/b/a Las Palmas Cuban R |
| 19-01756-RAM | 1 Global Capital LLC v. GJK Building & Remodeling LLC et al |
| 19-01757-RAM | 1 Global Capital LLC v. EB2 Gourmet, Inc. d/b/a Turkiss et al |
| 19-01758-RAM | 1 Global Capital LLC v. Morris Mack d/b/a Morris Mack Construction |
| 19-01759-RAM | 1 Global Capital LLC v. Value Rooter Corporation et al |
| 19-01760-RAM | 1 Global Capital LLC v. City Feed and Garden Center of LA, LLC et al |
| 19-01761-RAM | 1 Global Capital LLC v. Wheeless & Associates, Inc. d/b/a Lubrication Engi |
| 19-01762-RAM | 1 Global Capital LLC v. Guard Force International - Inc. et al |
| 19-01763-RAM | 1 Global Capital LLC v. Callahan Plumbing, Inc. et al |
| 19-01764-RAM | 1 Global Capital LLC v. Casablanca Custom Design, Inc. et al |
| 19-01765-RAM | 1 Global Capital LLC v. Nexgen Medical Solutions, LLC d/b/a Careconnext et |
| 19-01766-RAM | 1 Global Capital LLC v. Innovative Quality Consulting LLC et al |
| 19-01767-RAM | 1 Global Capital LLC v. Navin Enterprises, Inc. d/b/a South Pine Shell et |
| 19-01768-RAM | 1 Global Capital LLC v. Avante Productions Inc. et al |
| 19-01769-RAM | 1 West Capital LLC v. ATA Development et al |
| 19-01770-RAM | 1 Global Capital LLC v. Crawdaddy's Cajun Grill, Inc. et al |
| 19-01771-RAM | 1 Global Capital LLC v. Surface Quest, LLC et al |
| 19-01772-RAM | 1 Global Capital LLC v. Funland RV, LLC d/b/a Country/Lee's RV Countr |
| 19-01773-RAM | 1 Global Capital LLC v. Oppong Ventures Inc. et al |
| 19-01774-RAM | 1 West Capital LLC v. New Beginnings Staffing Corp. et al |
| 19-01775-RAM | 1 West Capital LLC v. European Wholesale Countertops & Cabinets, Inc. et |
| 19-01776-RAM | 1 Global Capital LLC v. ESCO Services, LLC et al |
| 19-01777-RAM | 1 Global Capital LLC v. LNN Transport Services L.L.C. et al |