**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*, | Case No. 18-19121-RAM |
| Debtors. [1] | (Jointly Administered) |

**DEBTORS' MOTION FOR APPROVAL OF AMENDMENT**
**TO SETTLEMENT AGREEMENT EXECUTED BY AND AMONG**
**THE DEBTORS AND TRAVIS PORTFOLIO, LLC, OLIPHANT**
**FINANCIAL, LLC, AND COLLINS ASSET GROUP, LLC**

> **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") move (this "**Motion**"), pursuant to sections 105(a) and 1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9019-1(A) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**"), for an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the *Amendment to Settlement Agreement* (the "**Amendment**"), a copy of which is attached hereto as **Exhibit B**, made and entered into on November 4, 2019, by and among the Debtors and Travis

---

[1]  The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711).  On February 19, 2019, the Debtors registered the fictitious names "1 GC Collections" and "1 West Collections" with the Florida Department of State.

Portfolio, LLC ("**Travis**"), Oliphant Financial, LLC, and Collins Asset Group, LLC (collectively, the "**Travis Parties**").  In support of this Motion, the Debtors state:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Rule 9019-1(A).

## STATUS OF THE CHAPTER 11 CASES

4.      On July 27, 2018 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**").   A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, are set forth in the Debtors' *Chapter 11 Case Management Summary* [ECF No. 8].

5.      On July 22, 2019, the Debtors and the Committee filed the *First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (as it may be further amended, supplemented or modified from time to time, the "**Plan**") [ECF No. 805].

6.      On September 20, 2019, the Court entered the *Order Confirming First Amended Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of*

the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors [ECF No. 1197] (the "**Confirmation Order**"), confirming the Plan.  The Plan's effective date has not yet occurred.

## RELEVANT BACKGROUND

### A.    Disputes Among the Debtors and the Travis Parties

7.    Prior to the commencement of the Chapter 11 Cases, Travis and Debtor 1 Global Capital LLC ("**1GC**") entered into nineteen (19) Merchant Cash Advance Agreements on various dates and in various amounts (collectively, the "**Merchant Agreements**"), whereby 1GC advanced to Travis an aggregate amount of $62,514,229.  As of August 13, 2019, Travis remitted to 1GC an aggregate amount of $13,607,248 on account of the Merchant Agreements.

8.    Following the commencement of the Chapter 11 Cases, each of the Travis Parties filed proofs of claim, asserting secured and unsecured claims against the Debtors in an aggregate amount exceeding $150 million (the "**Travis, Collins and Oliphant Proofs of Claim**").

9.    On March 22, 2019, the Debtors filed the *Adversary Complaint for Damages, Declaratory Judgment, and Disallowance/Subordination of Proofs of Claim* against the Travis Parties, commencing case number 19-01072-RBR (the "**Adversary Proceeding**").  The Debtors asserted that the Travis Parties breached the Merchant Agreements by failing to make all payments when due and refusing to provide documentation as required by the Merchant Agreements.  As a result, the Debtors pursued, among other things, foreclosure of certain security interests and recovery of damages, together with interest, costs, and other relief.

10.    On July 9, 2019, the Debtors filed the *Motion to Dismiss Travis Portfolio, LLC's, Oliphant, LLC's, and Collins Asset Group, LLC's Proofs of Claim* [Case No. 19-01072-RAM,

ECF No. 31] (the "**Motion to Dismiss**"), seeking dismissal of the Travis, Collins and Oliphant Proofs of Claim.

**B.      Settlement with the Travis Parties**

11.      On August 13, 2019, Judge Erik P. Kimball conducted a successful settlement conference among the Travis Parties, the Debtors, and the Committee.  The parties then entered into a settlement agreement (the "**Settlement Agreement**"), subject to Bankruptcy Court approval, that resolved the Adversary Proceeding and the Travis, Collins and Oliphant Proofs of Claim.

12.      On September 19, 2019, the Bankruptcy Court entered the *Order Granting Debtors' Motion for Approval of Settlement Agreement Executed by and Among the Debtors and the Travis Parties* [ECF No. 1178], approving the Settlement Agreement.

13.      The Settlement Agreement provides that the Travis Parties shall cause the sum of $27,500,000.00 in cash (the "**Cash Settlement Payment**") to be paid to the Debtors by no later than October 15, 2019 (the "**Settlement Payment Deadline**"), or in the event that the Bankruptcy Court has not entered an Order approving the Settlement Agreement by October 15, 2019, then within seven (7) calendar days of entry of a Bankruptcy Court Order approving the Settlement Agreement.

**C.      Extension of the Settlement Payment Deadline**

14.      On October 15, 2019, the Travis Parties filed the *Motion of the Travis Portfolio, LLC, Oliphant Financial, LLC, and Collins Asset Group, LLC to Extend Time To Comply with Settlement Agreement Approved at ECF 1178* [ECF No. 1445], requesting entry of an order extending the Settlement Payment Deadline through and including October 18, 2019.  The Debtors consented to the extension of the Settlement Payment Deadline, and the Bankruptcy

Court entered the *Agreed Order on Motion to Extend Time to Comply with Settlement Agreement Approved at ECF 1178 [ECF 1445]* on October 23, 2019 [ECF 1458].

15.    On October 18, 2019, the Travis Parties failed to cause the payment of the Cash Settlement Payment to the Debtors.  The Debtors declared an event of default under the Settlement Agreement and served a notice of default and reservation of rights on the Travis Parties.  The Travis Parties have since filed two other motions [ECF Nos. 1449 and 1471] seeking further extensions of the Settlement Payment Deadline.

16.    The Debtors have agreed to extend the Settlement Payment Deadline through and including November 15, 2019, pursuant to the terms and conditions set forth in the Amendment.

## SUMMARY OF THE AMENDMENT TO THE SETTLEMENT AGREEMENT[2]

17.    The Amendment provides that the deadline for the Travis Parties to cause the Cash Settlement Payment to be paid to the Debtors is November 15, 2019.  In consideration for the extension of the Settlement Payment Deadline, the Travis Parties agreed to certain terms that are summarized as follows:

   a.    Interest shall accrue on the Cash Settlement Payment at ten percent (10%) per annum commencing from October 15, 2019, and is payable in full on November 15, 2019;

   b.    in the event that the Travis Parties do not pay the Cash Settlement Payment to the Debtors by November 15, 2018, then interest shall accrue on the amount of the Cash Settlement Payment less any payments made by the Travis Parties since August 14, 2019 at a default rate of thirteen percent (13%) per annum commencing on November 16, 2019;

   c.    the Travis Parties stipulate and agree that the Cash Settlement Payment, less any payments remitted to the Debtors by the Travis Parties since August 14, 2019, is due and payable as of November 15, 2019; each Travis Party waives every present and future defense, cause of action, counterclaim or setoff which any Travis Party may have as to any action

---

[2]    This summary is not a complete statement of all settlement terms contained in the Amendment.  In the event of any discrepancy between the terms summarized in this Motion and the terms set forth in the Amendment, the Amendment controls.

by the Debtors in enforcing the Settlement Agreement; and in the event of a further default by the Travis Parties, the Travis Parties agree, without a prior notice of default or notice to cure, the Debtors may file a motion for the entry of a final judgment with the Bankruptcy Court or the United States District Court for the Southern District of Florida;

d.    in the event that the Debtors institute any legal suit, action, or proceeding against any or all of the Travis Parties to enforce the terms contained in the Settlement Agreement, including but not limited to, for failure to timely pay the Cash Settlement Payment to the Debtors, then the Debtors shall be entitled to receive, in addition to all other damages to which it may be entitled, the costs incurred by the Debtors in conducting the suit, action, or proceeding, including reasonable attorneys' fees and expenses and court costs; and

e.    the Travis Parties shall provide a weekly substantive update on their efforts to make the Cash Settlement Payment by the close of business on Friday of each week until the Cash Settlement Payment is paid to the Debtors.

18.    The Debtors believe that the Amendment is fair and equitable and in the best interests of their estates, and it will result in the Cash Settlement Payment being paid by the Travis Parties to the Debtors or, if such payment is not made, minimize the costs and risks associated with commencing litigation to enforce the Settlement Agreement or otherwise seeking to enforce remedies in connection with the payment default on the Settlement Agreement.

## RELIEF REQUESTED

19.    By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the Amendment.

## BASIS FOR RELIEF REQUESTED

20.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the rights and powers afforded to a trustee serving in a chapter 11 case. *See* 11 U.S.C. § 1107(a). Furthermore, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a).

21.    When considering whether to approve a compromise or settlement under Rule 9019, a bankruptcy court must determine if the proposed compromise or settlement is fair, equitable, reasonable and in the best interests of the debtor's estate. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (holding a bankruptcy court considers whether a settlement is "fair and equitable").  A bankruptcy court is not required to decide the merits of claims, but is to assess the probability of succeeding on those claims.  *See In re Vazquez*, 325 B.R. 30, 35 (Bankr. S.D. Fla. 2005).

22.    Approval of a settlement or compromise in a bankruptcy proceeding is within the sound discretion of a bankruptcy court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *See In re Chira*, 367 B.R. 888, 896 n.10 (S.D. Fla. 2007) (citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005)); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "fall[s] below the lowest point in the range of reasonableness."  *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1274-75 (11th Cir. 2007); *In re Arrow Air, Inc.*, 85 B.R. at 891.

23.    The Eleventh Circuit established four factors to be considered as additional guidance when determining whether a settlement or compromise should be approved:

  (i)      The probability of success in litigation;

  (ii)     The difficulties, if any, to be encountered in the matter of collection;

  (iii)    The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(iv)    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallace v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F.2d 1544, 1459 (11th Cir. 1990).

24.    The *Justice Oaks* factors weigh in favor of the Court's authorization and approval of the Amendment.  Considering the interests of creditors, the relative probabilities of success, the complex nature and the inherent and uncertain risks of litigation, and the cost, expense, inconvenience, and delay associated with the same, execution of the Amendment is prudent, reasonable, fair and equitable, and reflects the sound and reasonable business judgment of the Debtors.

25.    The Debtors believe that the Amendment will allow the Debtors to avoid costly and lengthy litigation to enforce the terms of the Settlement Agreement.  Taking any such action against the Travis Parties could reduce the value of the estates and the recovery of creditors.

26.    Pursuing litigation is inherently complicated, and the expense, inconvenience, and delay associated with taking legal action to enforce the terms of the Settlement Agreement weigh heavily in favor of resolving to extend the Settlement Payment Deadline as set forth in the Amendment.  In addition, the Amendment is in the best interests of creditors because it ensures a meaningful recovery from the Travis Parties in a timely manner.

27.    The agreed-upon terms of the Amendment are the product of arm's-length negotiations between the Debtors and the Travis Parties.

28.    In light of the foregoing, the Debtors submit that the terms of the Amendment are fair and reasonable and entry of the proposed order will be in the best interests of the Debtors' estates and creditors.  Accordingly, the Debtors respectfully request the Bankruptcy Court approve the Amendment.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Bankruptcy Court enter an order substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion, (ii) authorizing and approving the Amendment; and (iii) granting such other and further relief as may be just and proper.

Dated:  November 14, 2019                    GREENBERG TRAURIG, LLP

                                             */s/ John R. Dodd*
                                             Paul J. Keenan Jr.
                                             Fla. Bar No. 0594687
                                             keenanp@gtlaw.com

                                             John R. Dodd
                                             Fla. Bar No. 38091
                                             doddj@gtlaw.com

                                             333 S.E. 2nd Avenue, Suite 4400
                                             Miami, Florida 33131
                                             Tel: 305-579-0500
                                             Fax: (305) 579-0717

                                             *Counsel for the Debtors*
                                             *and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

<u>Proposed Order</u>

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*, | Case No. 18-19121-RAM |
| Debtors. [1] | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR APPROVAL**
**OF AMENDMENT TO SETTLEMENT AGREEMENT EXECUTED BY AND**
**AMONG THE DEBTORS AND TRAVIS PORTFOLIO, LLC, OLIPHANT**
**FINANCIAL, LLC, AND COLLINS ASSET GROUP, LLC**

THIS MATTER came before the Bankruptcy Court upon the *Debtors' Motion for*

*Approval of Amendment to Settlement Agreement Executed By and Among the Debtors and*

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711). On February 19, 2019, the Debtors registered the fictitious names "1GC Collections" and "1 West Collections" with the Florida Department of State.

*Travis Portfolio, LLC, Oliphant Financial, LLC, and Collins Asset Group, LLC* [ECF No. [_____] (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**").  By the Motion, the Debtors seek an order, pursuant to sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule 9019-1(A), authorizing and approving the Amendment.

The Bankruptcy Court, having reviewed the Motion and the Amendment, finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Bankruptcy Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; (vi) the Debtors have represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the Debtors, a response to the Motion, and that the form of order was attached as an exhibit to the Motion; and (vii) upon review of the record before the Bankruptcy Court, including the legal and factual bases set forth in the Motion, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are **AUTHORIZED** to execute and enter into the Amendment, and the Amendment is **APPROVED** in its entirety.

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to it in the Motion.

3.    The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4.    This Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

#        #        #

Submitted by:

John R. Dodd, Esq.
Fla. Bar. No. 38091
doddj@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*Counsel for the Debtors*
*and Debtors-in-Possession*

(*Epiq Corporate Restructuring, LLC is directed to serve copies of this Order upon all interested parties and to file a Certificate of Service with the Bankruptcy Court.*)

## **EXHIBIT B**

<u>Amendment</u>

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, et al., | Case No. 18-19121-RAM |
| Debtors. | (Jointly Administered) |
| 1 GLOBAL CAPITAL LLC d/b/a 1 GC COLLECTIONS; and 1 WEST CAPITAL LLC d/b/a 1 WEST COLLECTIONS, | Adv. Proc. No. 19-01072-RAM |
| Plaintiffs, | |
| v. | |
| TRAVIS PORTFOLIO, LLC; OLIPHANT FINANCIAL, LLC; and COLLINS ASSET GROUP, LLC, | |
| Defendants. | |

## AMENDMENT TO SETTLEMENT AGREEMENT

**THIS AMENDMENT TO SETTLEMENT AGREEMENT** (this "Amendment") is made and entered into on November 4, 2019, by and among TRAVIS PORTFOLIO, LLC, a Delaware limited liability company ("Travis"), OLIPHANT FINANCIAL, LLC, a Florida limited liability company ("Oliphant"), and COLLINS ASSET GROUP, LLC, a Delaware limited liability company ("Collins", and collectively with Travis and Oliphant, the "Defendants", and each, a "Defendant"); and 1 GLOBAL CAPITAL LLC, a Florida limited liability company ("1 Global") and 1 WEST CAPITAL LLC, a Florida limited liability company ("1 West", and together with 1 Global, the "Debtors", and each, a "Debtor"). The Defendants and Debtors shall also be referred to herein collectively as the "Parties", and individually as a "Party".

## RECITALS

**WHEREAS,** between September 28, 2017 and July 17, 2018, Travis and 1 Global entered into nineteen (19) Merchant Cash Advance Agreements on various dates and in various amounts (collectively, the "Merchant Agreements"), whereby 1 Global advanced to Travis an aggregate amount of $62,514,229;

**WHEREAS,** on July 27, 2018, each of 1 Global and 1 West filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing case number 18-19121-RAM (Jointly Administered) (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

**WHEREAS,** on September 19, 2019, the Bankruptcy Court entered its *Order Granting Debtors' Motion for Approval of Settlement Agreement Executed by and Among the Debtors and Travis Portfolio, LLC, Oliphant Financial, LLC and Collins Asset Group, LLC* [ECF 1178], by which the Bankruptcy Court approved the Settlement Agreement by and among the Parties dated as of August 20, 2019 (as amended by this Amendment, the "Settlement Agreement");

**WHEREAS,** since August 14, 2019, Travis has remitted to 1 Global $2,147,801.42 on account of the Merchant Agreements;

**WHEREAS,** paragraph 1 of the Settlement Agreement provides that "[t]he Defendants shall cause the sum of $27,500,000.00 in cash (the "Cash Settlement Payment") to be paid to the Debtors by no later than October 15, 2019, or in the event that the Bankruptcy Court has not entered an Order approving this Agreement by October 15, 2019, then within seven (7) calendar days of entry of a Bankruptcy Court Order approving this Agreement", and that "[e]ach of the Defendants are joint and severally liable for the Cash Settlement Payment"; and

**WHEREAS,** the Defendants requested an extension of the October 15, 2019 deadline through October 18, 2019, the Debtors agreed to such request, and the Bankruptcy Court entered its *Agreed Order on Motion to Extend Time to Comply with Settlement Agreement Approved at ECF 1178 [ECF 1445]* on October 23, 2019 [ECF 1458];

**WHEREAS,** the Defendants did not pay to the Debtors the Cash Settlement Payment on or before October 18, 2019, and the Defendants have not paid the Cash Settlement Payment as of the date of this Amendment;

**WHEREAS,** the Debtors declared an event of default under the Settlement Agreement for failure of the Defendants to make the Cash Settlement Payment and properly served a notice of default and reservation of rights on the Defendants dated as of October 23, 2019; and

**WHEREAS,** the Defendants have requested an additional extension of the deadline to pay the Cash Settlement Payment to the Debtors through November 15, 2019, and the Debtors have agreed to such extension, subject to the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the premises and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is hereby agreed by and among the Parties as follows:

1.    **Acknowledgement.**  Each of the Parties hereby agrees that the recitals set forth above are accurate and true.

2.    **Extension of Deadline.**  The Debtors hereby agree that the deadline for the Defendants to cause the Cash Settlement Payment to be paid to the Debtors is November 15, 2019.  Each of the Defendants remain joint and severally liable for the Cash Settlement Payment.

Travis shall continue to make payments to the Debtors in the ordinary course of business as the Defendants have been so doing in the course of the Bankruptcy Case pursuant to the Merchant Agreements until the Cash Settlement Payment is paid to the Debtors, and any such ordinary course payments made on or after August 14, 2019 shall be credited against the Cash Settlement Payment.  The failure of the Defendants to timely pay the Cash Settlement Payment in its entirety, net of credits as provided in the previous sentence, shall be an event of default under the Settlement Agreement, and the Debtors and any successor, such as a liquidating trust, shall have the right to enforce this Amendment in the event of such default or to exercise any other available remedy at law or in equity arising under this Amendment.

**3.**　　**Consideration for Extension.**  In consideration for the extension of the payment deadline, the Defendants agree as follows:

（a）　　Interest shall accrue on the Cash Settlement Payment at ten percent (10%) per annum commencing from October 15, 2019, and is payable in full on November 15, 2019;

（b）　　in the event that the Defendants do not pay the Cash Settlement Payment to the Debtors by November 15, 2018, then interest shall accrue on the amount of the Cash Settlement Payment less any payments made by Travis since August 14, 2019 at a default rate of thirteen percent (13%) per annum commencing on November 16, 2019;

（c）　　the Defendants hereby stipulate and agree that the Cash Settlement Payment, less any payments remitted to the Debtors by Travis since August 14, 2019, is due and payable as of November 15, 2019; each Defendant waives every present and future defense, cause of action, counterclaim or setoff which any Defendant may have as to any action by the Debtors in enforcing the Settlement Agreement; and in the event of a further default by the Defendants, the Defendants agree, without a prior notice of default or notice to cure, the Debtors may file a motion for the entry of a final judgment with the Bankruptcy Court or the United States District Court for the Southern District of Florida;

（d）　　in the event that the Debtors institute any legal suit, action, or proceeding against any or all of the Defendants to enforce the terms contained in the Settlement Agreement, including but not limited to, for failure to timely pay the Cash Settlement Payment to the Debtors, then the Debtors shall be entitled to receive, in addition to all other damages to which it may be entitled, the costs incurred by the Debtors in conducting the suit, action, or proceeding, including reasonable attorneys' fees and expenses and court costs; and

（e）　　the Defendants shall provide a weekly substantive update on their efforts to make the Cash Settlement Payment by the close of business on Friday of each week until the Cash Settlement is paid.

Each of the foregoing is a material inducement for the Debtors to grant the extension set forth herein.

4.    <u>**Amendment Binding on Defendants When Executed**</u>.  This Amendment and the terms set forth herein shall be binding upon each of the Defendants immediately upon execution by all of the Parties.

5.    <u>**Amendment Binding on Debtors Subject to Bankruptcy Court Approval**</u>. This Amendment and the terms set forth herein are binding upon each of the Debtors subject to approval by the Bankruptcy Court.  The Debtors shall promptly seek Bankruptcy Court approval of this Amendment.

6.    <u>**Representations and Warranties**</u>.  Each Party hereby represents and warrants to the other Parties that:

(a)    It has the full right, corporate power and authority to enter into this Amendment, to grant the waivers and releases contained herein and to perform its obligations hereunder (subject to approval of the Bankruptcy Court in the case of the Debtors);

(b)    the execution of this Amendment by the individual whose signature is set forth at the end of this Amendment on behalf of such Party, and the delivery of this Amendment by such Party, have been duly authorized by all necessary corporate action on the part of such Party; and

(c)    this Amendment has been executed and delivered by such Party and (assuming due authorization, execution and delivery by the other Party hereto) constitutes the legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms.

7.    <u>**Miscellaneous**</u>.

(a)    All notices, requests, demands, claims and other communications hereunder shall be in writing in English and shall be (i) transmitted by hand delivery, or (ii) mailed by first class, registered or certified mail, postage prepaid, or (iii) transmitted by overnight courier, or (iv) by an attachment to electronic mail, and in each case, at the address set forth below:

Debtors:

Paul J. Keenan Jr., Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida  33131
E-mail:  keenanp@gtlaw.com

Defendants:

Steven Fender, Esq.
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, Florida  33301
E-mail:  steven.fender@fender-law.com

(b)    This Amendment and all matters arising out of or relating to this Amendment are governed by, and construed in accordance with, the laws of the State of Florida, without regard to the conflict of laws provisions of such State that would cause the laws of another State to be applied.

(c)    The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Amendment; provided, however, if the Bankruptcy Court does not exercise jurisdiction, then any legal suit, action or proceeding arising out of or relating to this Amendment must be instituted in the federal courts of the United States of America or the courts of the State of Florida, in each case located in or for the City of Miami and County of Miami-Dade, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

(d)    This Amendment, and each of the terms and provisions hereof, may only be amended, modified, waived or supplemented by an agreement in writing signed by each Party.

(e)    This Amendment may be executed in counterparts, each of which is deemed an original, but all of which constitutes one and the same agreement. Delivery of an executed counterpart of this Amendment electronically or in PDF format shall be effective as delivery of an original executed counterpart of this Amendment.

(f)    Upon the entry of an Order by the Bankruptcy Court approving this Amendment, this Amendment constitutes the sole and entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, with respect to such subject matter, including but not limited to the Terms of Settlement (August 13, 2019) executed by the Parties.

(g)    The recitals set forth above are incorporated herein by reference.

*[Signature pages to follow.]*

**IN WITNESS WHEREOF,** the Parties have executed this Amendment as of the date first written above.

**TRAVIS PORTFOLIO, LLC**

_____

By:
Its:


**1 GLOBAL CAPITAL LLC**

_____

By: _Joseph J. Wuzinski_
Its: _Deputy Chief Restructing Office_


**OLIPHANT FINANCIAL, LLC**

_____

By:
Its:


**1 WEST CAPITAL LLC**

_____

By: _Joseph J. Wuzinski_
Its: _Deputy Chief Restructing Office_


**COLLINS ASSET GROUP, LLC**

_____

By:
Its:

**IN WITNESS WHEREOF,** the Parties have executed this Amendment as of the date first written above.

**TRAVIS PORTFOLIO, LLC**                    **1 GLOBAL CAPITAL LLC**

By: Walt Collins                             By:
Its: Manager                                 Its:

**OLIPHANT FINANCIAL, LLC**                  **1 WEST CAPITAL LLC**

By: ROBERT A. MORRIS                                                        By:
Its: CEO                                     Its:

**COLLINS ASSET GROUP, LLC**

By:
Its:

6

**IN WITNESS WHEREOF,** the Parties have executed this Amendment as of the date first written above.

**TRAVIS PORTFOLIO, LLC**                    **1 GLOBAL CAPITAL LLC**

_____                      _____

By:                                          By:
Its:                                         Its:

**OLIPHANT FINANCIAL, LLC**                   **1 WEST CAPITAL LLC**

_____                      _____
By: ROBERT A. MORRIS                                                By:
Its: CEO                                     Its:

**COLLINS ASSET GROUP, LLC**

_____

By:
Its:

6

**IN WITNESS WHEREOF,** the Parties have executed this Amendment as of the date first written above.

**TRAVIS PORTFOLIO, LLC**                    **1 GLOBAL CAPITAL LLC**

_____            _____
By:                                        By:
Its:                                       Its:

**OLIPHANT FINANCIAL, LLC**                  **1 WEST CAPITAL LLC**

_____            _____
By: Robert Morris                          By:
Its: CEO                                    Its:

**COLLINS ASSET GROUP, LLC**

_____
By: Michael Crossan
Its: COO

6